UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> JAMES H. BILLINGTON, ) <br> Librarian of Congress, ) <br> ) <br> Defendant. ) | Civil Action No. 05-1921 (HHK) |

### **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant James Billington, Librarian, Library of Congress respectfully moves to dismiss this matter. As set forth in the accompanying Memorandum of Points and Authorities, Plaintiff's allegations in this case should be dismissed because they fail to state a claim as a matter of law. Specifically, Plaintiff failed to timely exhaust her administrative remedies and she cannot meet her burden of proving equitable tolling of the limitations period. Furthermore, Plaintiff cannot establish her *prima facie* case of retaliation. Therefore, this matter should be dismissed in its entirety and with prejudice. A proposed Order consistent with this Motion is attached hereto.

Date: April 18, 2006            Respectfully Submitted,


                                /s/ Kenneth L. Wainstein /dvh
                                _____
                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell

Of Counsel:                    _____
Julia Douds, Esq.              BEVERLY M. RUSSELL, D.C. Bar #454257
Library of Congress            Assistant United States Attorney
                               U.S. Attorney's Office for the District
                                of Columbia, Civil Division
                               555 4th Street, N.W., Rm. E-4915
                               Washington, D.C. 20530
                               Ph:  (202) 307-0492
                               Fax: (202) 514-8780
                               E-Mail: beverly.russell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
GISELA VON MUHLENBROCK,            )
                                   )
    Plaintiff                      )
                                   )
v.                                 )   Civil Action No. 05-1921 (HHK)
                                   )
JAMES H. BILLINGTON,               )
    Librarian of Congress,         )
                                   )
    Defendant.                     )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS**

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, James Billington, Librarian of Congress, submits this memorandum in support of his Motion to Dismiss.  Dismissal of this case is appropriate because Plaintiff failed to timely exhaust her administrative remedies and she cannot meet her burden of proving equitable tolling of the limitations period.  Second, even assuming Plaintiff did exhaust her administrative remedies, Plaintiff cannot establish a causal connection between her protected activity and the alleged adverse action (non-selection) because Plaintiff engaged in the protected activity nearly twenty years prior to her non-selection.  Accordingly, for the reasons that follow, Plaintiff's complaint should be dismissed in its entirety.

**FACTUAL BACKGROUND**

    Plaintiff, Gisela Von Muhlenbrock, began her employment at the Library of Congress ("the Library") as a Foreign Law Specialist in the Law Library in 1981.  See Ex. A, Von Muhlenbrock EEO Affidavit at ¶ 1.  In 1985, Plaintiff filed a complaint against the Library in the

United States District Court[1] in which she alleged that she and two female colleagues were discriminated against on the basis of sex as well as subjected to sexual harassment. Id. at ¶ 2. In order to resolve the matters arising from the lawsuit, the Library settled all of Plaintiff's and her colleague's claims in a January 1986 Settlement Agreement. Id.; see also Plaintiff's Complaint at ¶ 1. In 1989, Plaintiff voluntarily resigned from the Library. Ex. A, Von Muhlenbrock EEO Affidavit at ¶ 1.

In January 2003, in accordance with its Merit Selection and Promotion Plan, the Library posted a vacancy announcement for the position of Foreign Law Specialist, Law Library. Id. at ¶ 3. On January 23, 2003, Plaintiff applied for the Foreign Law Specialist position using the Library's automated on-line system, AVUE. Id. A list of the top ten candidates was automatically generated by the AVUE system and the list of candidates was forwarded to the selecting official to conduct interviews. Id. Plaintiff was not one of the top ten candidates and, therefore, her name was never forwarded to the selecting official. Id.

On May 5, 2003, Plaintiff learned that she was not selected for the Foreign Law Specialist Position. Id. On July 17, 2003, three months after she learned of her non-selection, Plaintiff filed an informal allegation of discrimination with the Library's Equal Employment Opportunity Complaints Office ("EEOCO"). Ex. B, Informal EEO Complaint. During the EEO counseling, Plaintiff claimed that she was retaliated against as a result of filing the sex discrimination lawsuit against the Library in 1985. Ex. C, EEO Counselor's Report. On February 19, 2004, Plaintiff filed a formal EEO Complaint of discrimination again alleging that she was not hired for the Foreign Law Specialist Position in retaliation for "filing an EEO complaint and a lawsuit based

---

[1] This case is captioned Nguyen et. al. v. Boorstin, Civil Action No. 85-1786 (D.D.C.)

on sex discrimination and sex harassment." Ex. D, Formal EEO Complaint.  On September 29, 2005, Plaintiff filed this instant action.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  Dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Browning v. Clinton, 292 F. 3d 235, 241 (D.C. Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. U.S., 617 F. 2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inference drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."  Akintomide v. U.S., 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D. C. Oct. 31, 2000), (citing to National Treasury Employees Union v. U.S., 101 F. 3d 1423, 1430 (D.C. Cir. 1996) and Kowal v. MCI Communication Corp., 16 F. 3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

A.   Plaintiff Failed to Timely Exhaust Her Administrative Remedies

By statute, the Librarian of Congress is required to exercise the authority granted to the Equal Employment Opportunity Commission.  See 42 U.S.C. § 2000e-16(b).  In accordance with that statute, the Librarian of Congress has promulgated Library of Congress Regulation ("LCR") 2010-3.1, entitled Resolution of Problems, Complaints and Charges of Discrimination in Library

Employment and Staff Relations Under the Equal Employment Opportunity Program (attached hereto as Exhibit E).

Under Section 4A of LCR 2010-3.1, one who believes that she is being discriminated against must contact the agency's EEOCO "not later than 20 workdays after the date of the alleged discriminatory matter." LCR 2010-3.1 § 4A. Id. Significantly, this regulation requires the complainant to complain within 20 working days of that event, not within 20 days of when she "knew or reasonably should have known" of the event. Section 4B permits the time be extended only by the Assistant Chief, and then only if "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." LCR 2010-3.1 § 4B. See id. As such, a complaint that the Library engaged in discrimination is untimely unless the complainant consults with an EEO counselor at the Library within the 20-day period. Cf. Howard v. Evans, 193 F. Supp. 2d 221, 228 (D.D.C. 2002) citing Brown v. Gen. Serv. Admin., 425 U.S. 820, 833-35 (1976) ("a federal employee may assert a Title VII complaint in court only after a timely complaint has been presented administratively to the agency involved.").

The record demonstrates that Plaintiff did not consult an EEO counselor at the Library within the 20-day period. In fact, Plaintiff missed the deadline for timely filing an EEO complaint with the Library's EEOCO by three months. Specifically, Plaintiff concedes that she learned of her non-selection via e-mail on May 5, 2003. However, Plaintiff did not contact the Library's EEOCO until July 17, 2003. She therefore failed to timely exhaust her administrative remedies and this case should be dismissed.

B.   Plaintiff Cannot Meet Her Burden of Showing That Her Failure to Timely Exhaust Her Administrative Remedies Should Be Equitably Tolled

To cure the fact that she failed to timely exhaust her administrative remedies, Plaintiff may attempt to argue that the twenty day time limit should be waived. However, because this case does not involve the type of extraordinary circumstances in which a waiver has been permitted, Defendant's motion to dismiss should be granted.

Under D.C. Circuit case law, the administrative filing requirement is not a jurisdictional prerequisite to a suit in federal court, and is, therefore subject to equitable tolling. Washington v. Washington Metropolitan Area Transit Authority, 160 F. 3d 750, 752 (D.C. Cir. 1998). Equitable tolling is only available in "extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F. 3d 575, 579-80 (D.C. Cir. 1998); Mondy v. Secretary of the Army, 845 F. 2d 1051, 1057 (D.C. Cir. 1988). A plaintiff will not be afforded extra time to file an administrative claim without exercising due diligence, and any excuse presented by the plaintiff must generally be more than a "garden variety claim of excusable neglect." Irwin v. Department of Veteran Affairs, the Supreme Court noted:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. 89, 96 (1990) (footnotes omitted). Thus, equitable principles favor tolling where, for example, a defendant engaged in "affirmative misconduct," Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984), or "misled [a plaintiff] about the running of a limitations period." Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997).

Plaintiff bears the burden of pleading and proving equitable reasons for tolling the limitations period. Bayer v. United States Department of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992) (holding that Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling). See Saltz v. Lehman, 672 F. 2d 207, 209 (D.C. Cir. 1982); Baker v. Henderson. 150 F. Supp. 2d 17, 21 (D.D.C. 2001).

Plaintiff does not allege, not can she demonstrate, that the Library engaged in misconduct or misled her about the running of the statutory period within which she was allotted to perfect her claim of discrimination. Plaintiff's failure to timely contact the EEOCO is due solely to her failure to exercise due diligence here. She waited more than three months before she elected to contact the Library's EEOCO knowing full well during the three month period that she had not been selected for the Foreign Law Specialist position. Plaintiff offers no explanation for the three month delay in contacting the EEOCO at the Library. She makes no effort to demonstrate that she diligently pursued the matter, and nothing suggests- - much less establishes - - that her failure to timely initiate her claim was due to "circumstances beyond [her] control." LCR 2010-3.1 4B. In short, Plaintiff is incapable of marshaling facts to demonstrate that this case is one of the few extraordinary cases warranting tolling of the twenty-day requirement. She cannot meet her burden of proving equitable reasons for tolling the limitations period. Bayer, 956 F. 2d at 333.

To allow equitable tolling under the facts of this case would eviscerate the requirement that an alleged victim of discrimination timely contact the EEO. In sum, because Plaintiff failed to timely exhaust her administrative remedies, and because this case does not present

extraordinary circumstances justifying Plaintiff's three month delay in contacting the Library's EEOCO, Defendant's motion should be granted.

C.     Plaintiff Cannot Establish a *Prima Facie* Case of Retaliation

Even assuming Plaintiff did timely exhaust her administrative remedies, Plaintiff cannot establish her *prima facie* case of retaliation. Title VII provides, in pertinent part, that it is unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). A *prima facie* case alleging retaliation or reprisal under Title VII is established when the plaintiff demonstrates that (1) she engaged in protected behavior; (2) she was subject to an adverse action by her employer; and (3) there is a causal link between the adverse action and the protected activity. Mitchell v. Baldridge, 759 F. 2d 80, 86 (D.C. Cir. 1985). If the plaintiff is able to establish a *prima facie* case of retaliation, the analysis then follows as that for a discrimination claim, i.e., plaintiff has the burden or proving that defendant's actions were not taken for the reasons offered, but instead, for a retaliatory purpose. See e.g., Freedman v. MCI Telecommunications Corp., 255 F. 3d 840, 844-845 (D.C. Cir. 2001).

In the instant matter, Plaintiff alleges that she was subject to retaliation by the Law Librarian because of her participation in a discrimination suit against the Library that was settled in 1986. Plaintiff's non-selection for the position of Foreign Law Specialist occurred nearly twenty years later in May 2003.

In this instance, the considerable - almost twenty year - time lapse between Plaintiff's 1985 protected activity and the 2003 non-selection decision is insufficient as a matter of law to establish a causal connection between the protected activity and the adverse action. As this Court stated in <u>Brodetski v. Duffey</u> 199 F.R.D. 14, 19-20 (D.D.C. 2001):

> A causal connection may be inferred "by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." <u>Mitchell</u>, 759 F.2d [60, 86 (D.C. Cir. 1985)]. By showing both knowledge and proximity in time, plaintiff may establish the causal connection needed to make a prima facie case of retaliation.
>
> Although courts have not established the maximum time lapse between protected Title VII activity and alleged retaliatory actions for establishing a causal connection, courts generally have accepted time periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length.

Shortly after <u>Brodetski</u>, the Supreme Court had the opportunity to review the connection between a complainant's "protected activity" and actionable conduct by the complainant's employer, and how the two activities must be close temporally to permit an inference of retaliation. The Court stated that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'...[a]ction taken (as here) 20 months later suggests, by itself, no causality at all." <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001)(citations omitted).

Consistent with <u>Breeden</u>, the considerable lapse in time between Plaintiff's participation in the civil action culminating in settlement in 1985 and the 2003 selection determination are simply insufficient as a matter of law to establish a retaliation claim. See <u>Clark County School District v. Breeden</u>, 532 U.S. 268, 274-275 (2001) (without more, twenty months suggests "no

causality at all."); see also, e.g., Richmond v. Oneok, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (three months insufficient); Hughes v. Derwinski, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (four months insufficient); Mitchell v. Baldridge, 759 F. 2d 80, 86 (D.C. Cir. 1985) (adverse action must take place "shortly" after protected activity); Sullivan v. Powell, 300 F. Supp. 2d 85, 92-93 (D.D.C. 2004) (over three months and fifteen months both insufficient); Ball v. Tanoue, 133 F. Supp. 84, 91-92 (D.D.C. 2002) (sixteen months insufficient); Devera v. Adams, 874 F. Supp. 17, 21 (D.D.C. 1995) (eight months not strongly suggestive of causal link); Garrett v. Lujan, 799 F. Supp. 198, 202 (D.D.C. 1992) (one year too long); Parrott v. Cheney, 748 F. Supp. 312, 318-319 (D. Md. 1989) (four months too long); Juarez v. Ameritech Mobile Communications, Inc., 746 F. Supp. 798 (N.D. Ill. 1990) (almost 6 months insufficient), aff'd per curiam, 911 F. 2d 731 (6th Cir. 1990).

## CONCLUSION

For reasons stated herein, Defendant respectfully requests that this case be dismissed in its entirety and with prejudice.

Date: April 18, 2006               Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

|  |  |
|---|---|
| Of Counsel: | /s/ Beverly M. Russell |
| Julia Douds, Esq. | _____ |
| Library of Congress | BEVERLY M. RUSSELL, D.C. Bar #454257 |
|  | Assistant United States Attorney |
|  | U.S. Attorney's Office for the District |
|  |  of Columbia, Civil Division |
|  | 555 4th Street, N.W., Rm. E-4915 |
|  | Washington, D.C. 20530 |
|  | Ph:  (202) 307-0492 |
|  | Fax: (202) 514-8780 |
|  | E-Mail: beverly.russell@usdoj.gov |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion to Dismiss, the memorandum in support thereof, and the proposed order were sent by the Court's Electronic Case Filing System, and first class, postage prepaid mail, this 18th day of April, 2006 to:

Gisela Von Muhlenbrock
15301 Pine Orchard Drive, #1.J
Silver Spring, Maryland 20906

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney