UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Civil Action No. 05-1921 (HHK) |
| ) | |
| JAMES H. BILLINGTON, ) | |
| ) | |
| DEFENDANT ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, James Billington, Librarian, Library of Congress, by and through undersigned counsel, respectfully submits this Reply in Support of Defendant's Motion to Dismiss.

## INTRODUCTION

Plaintiff Gisela Von Muhlenbrock, brought the above-captioned action alleging that Defendant did not select her for the position of Foreign Law Specialist, Law Library in May 2003, in retaliation for her prior participation in EEO protected activity.

On April 18, 2006, Defendant moved to dismiss Plaintiff's claims and Plaintiff has responded to this motion. However, nothing in Plaintiff's response remedies Plaintiff's failure to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below and in his Motion to Dismiss, Defendant respectfully requests that Plaintiff's claims be dismissed.

## ARGUMENT

**I.     <u>Plaintiff Failed to Properly Exhaust Her Claims Concerning Her Non-Selection</u>**

As set forth in Defendant's Motion, pursuant to 42 U.S.C. § 2000e-16(b) and LCR 2010-3.1 § 4A, a complainant who believes that she is being discriminated against must contact the Library's Equal Employment Opportunity Complaints Office ("EEOCO") within 20 working days of the alleged discriminatory matter. In her opposition, Plaintiff argues that the Library's Motion to Dismiss should be denied because the "facts supporting the petition cannot be proven or are erroneous." <u>See</u> Plaintiff's Opp. at 1. However, the face of Plaintiff's Complaint demonstrates that she did not consult an EEO counselor at the Library within 20 working days of the alleged discriminatory matter as required by Library regulations. In her complaint, Plaintiff admits that she learned of her non-selection on May 5, 2003. Plaintiff's Compl. ¶ 18. Plaintiff further admits that she did not contact the Library's EEOCO until July 17, 2003. <u>Id</u>. at ¶ 19. Moreover, Plaintiff concedes in her Opposition that she did not contact an EEO counselor within 20 days after learning of her non-selection. Specifically, Plaintiff again admits that she did not contact the Library's EEOCO until July 17, 2003 - more than three months after she learned of her non-selection. <u>See</u> Plaintiff's Opp. at 1. Therefore, Plaintiff was well outside the twenty day time limit and she clearly failed to exhaust her administrative remedies.

Plaintiff also argues that the Library's Motion to Dismiss should be denied because "[d]uring all this time the EEOCO never raised the issue of compliance of Section 4A of LC 2010-3.1." <u>See</u> Plaintiff's Opp. at 2. To the extent that Plaintiff is attempting to argue that the Library waived the administrative time limits, this argument is likewise without merit and should be rejected. Agencies do not waive the defense of untimely exhaustion merely be accepting and

investigating a discrimination complaint. Brown v. Marsh, 777 F. 2d 18, 13 (D.C. Cir. 1985). However, this Circuit has also suggested that an agency may waive the defense if the agency accepts, investigates and renders a decision on the merits of the case without ever mentioning timeliness. See Bowden v. United States, 106 F. 3d 433 (D.C. Cir. 1997). In the instant matter, the Library's EEOCO accepted and investigated Plaintiff's EEO complaint. The Chief of the Library's EEOCO also issued a "decision letter" finding no discrimination and giving Plaintiff the right to request an administrative hearing, or file a complaint in District Court. The Chief's decision letter did not mention timeliness. However, this case is factually distinct from Bowden. In Bowden, the Defendant did not raise the issue of timeliness until the "third round in court" and "prolonged the litigation for years by shifting its legal positions." Bowden at 439. The Defendant in this matter has not been negligent or dilatory in raising this argument with the Court - - unlike the Defendant in Bowden, the Defendant in this action raised the issue of timeliness immediately upon the filing of Plaintiff's action with this Court. Accordingly, for the reasons set-forth above, Plaintiff failed to exhaust her administrative remedies and this case should be dismissed.

**II.     Plaintiff Cannot Establish Her *Prima Facie* Case of Retaliation**

Even assuming Plaintiff exhausted her administrative remedies, Plaintiff cannot establish her *prima facie* case of discrimination. As discussed in Defendant's Motion, a *prima facie* case alleging retaliation or reprisal under Title VII is established when the plaintiff demonstrates that (1) she engaged in protected behavior; (2) she was subject to an adverse action by her employer; and (3) there is a causal link between the adverse action and the protected activity. Mitchell v. Baldridge, 759 F. 2d 80, 86 (D.C. Cir. 1985). Here, Plaintiff cannot demonstrate that there is a

causal link between the adverse action (her non-selection) and the protected activity she engaged in (filing and subsequently settling a Title VII case in 1986). In her opposition, Plaintiff first argues that she has established a causal connection between the adverse action and the protected activity because "the Civil Rights Act of 1964 does not establish a statute of limitations for civil rights." See Plaintiff's Opp. at 2. Plaintiff's assertion regarding a statute of limitations on Title VII claims is irrelevant to the issue of whether or not nexus exists. Plaintiff next argues that she has established a causal connection because the two Defendants in her 1985 civil action (identified by Plaintiff as Rubens Medina and Tao-Tia Hsia) either presently work in the Law Library, or were involved in the 2003 selection of the Foreign Law Specialist. See Plaintiff's Opp. at 2. Here, Plaintiff claims that she was subjected to retaliation for protected activity which occurred approximately 17 years before the alleged retaliatory act. On its face and in light of the case law, even assuming that Rubens Medina and Tao-Tia Hsia had knowledge of Plaintiff's 1985 civil action, the considerable lapse in time between Plaintiff's participation in the civil action culminating in a settlement in 1986 and the 2003 selection determination are insufficient as a matter of law to establish a cognizable retaliation claim.[1] See Clark County School District v. Breeden, 532 U.S. 268, 274-275 (2001) (without more, twenty months suggests "no causality at all."); see also, e.g., Richmond v. Oneok, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (three months insufficient); Hughes v. Derwinski, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (four

---

[1] Moreover, neither Rubens Medina nor Tao-Tia Hsia were involved in selecting the top ten candidates for referral to the selecting official. Rather, a list of the top ten candidates was automatically generated by the AVUE system (the Library's automated on-line application system). Ex. A, Library's Motion, Von Muhlenbrock EEO Affidavit at ¶ 3. Plaintiff was excluded from consideration for the Foreign Law Specialist position by the Library's automated application system, AVUE. Id.

months insufficient); Mitchell v. Baldridge, 759 F. 2d 80, 86 (D.C. Cir. 1985) (adverse action must take place "shortly" after protected activity); Sullivan v. Powell, 300 F. Supp. 2d 85, 92-93 (D.D.C. 2004) (over three months and fifteen months both insufficient); Ball v. Tanoue, 133 F. Supp. 84, 91-92 (D.D.C. 2002) (sixteen months insufficient); Devera v. Adams, 874 F. Supp. 17, 21 (D.D.C. 1995) (eight months not strongly suggestive of causal link); Garrett v. Lujan, 799 F. Supp. 198, 202 (D.D.C. 1992) (one year too long); Parrott v. Cheney, 748 F. Supp. 312, 318-319 (D. Md. 1989) (four months too long); Juarez v. Ameritech Mobile Communications, Inc., 746 F. Supp. 798 (N.D. Ill. 1990) (almost 6 months insufficient), aff'd per curiam, 911 F. 2d 731 (6th Cir. 1990).

## CONCLUSION

Based on the foregoing reasons, and the reasons set-forth in Defendant's Motion To Dismiss, Defendant's Motion should be granted and this matter should be dismissed with prejudice.

May 8, 2006.                                    Respectfully Submitted,

/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

|  |  |
|---|---|
| Of Counsel:<br>Julia Douds, Esq.<br>Library of Congress | /s/ Beverly M. Russell<br>_____<br>BEVERLY M. RUSSELL, D.C. Bar #454257<br>Assistant United States Attorney<br>U.S. Attorney's Office for the District of Columbia, Civil Division<br>555 4th Street, N.W., Rm. E-4915<br>Washington, D.C.  20530<br>Ph:  (202) 307-0492<br>Fax: (202) 514-8780<br>E-mail: beverly.russell@usdoj.gov |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Reply in Support of Its Motion to Dismiss was sent by the Court's Electronic Case Filing System, and first class, postage prepaid mail, this 8th day of May, 2006 to:

Gisela Von Muhlenbrock
15301 Pine Orchard Drive, #1.J
Silver Spring, Maryland 20906

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney