*Leave to file GRANTED*

*Henry H. Kennedy* /s/
Henry H. Kennedy, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK<br>   Plaintiff | )<br>)<br>) |
| v. | )    Civil Action No. 05-1921 (HKK) |
| JAMES BILLINGTON<br>  Librarian of Congress<br>      Defendant | )<br>)<br>)<br>) |

*A sur reply is not authorized without leave of Court. See LCvR. 7*
*6/5/06*

## PLAINTIFF'S REJOINDER TO DEFENDANT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS

**Exhaustion of claims concerning Plaintiff's non selection**

The motion to dismiss filed by denies plaintiff's right to a fair trial. To that effect Defendant's counsel has raised the issue of timeliness. Plaintiff, from Santiago, Chile, filed complaint, granted powers and payed an attorney ($ 8,799.78), traveled to Washington ($1,800.00) and in good faith followed procedures for almost three years . Plaintiff should not be punished with a dismissal because the EEOCO did not exercise its own authority and complied with its own regulations, nor should the EEOCO. Plaintiff assumes that EEOCO considered as "extraordinary circumstances" that complainant was outside the country and that the "decision letter" was not a false representation.

A technicality has been invoked by Defense counsel to have her case dismissed after almost three years of investigations by the EEOCO of the Library of Congress that did have the authority to dismiss from the moment the complaint was filed July 17, 2003. Defense counsel uses loads of case law to obscure facts and avoid dealing with these facts stated in complaint filed and face evidence of the case in a trial. Evidence has been collected and provided by the Library of Congress during the investigation of the EEO complaint for non selection.

JUDGE'S COPY     JUDGE'S COPY
MAY 2 2 2006     MAY 2 2 2006
NANCY MAYER WHITTINGTON, CLERK     NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT     U.S. DISTRICT COURT

**Establishing a *Prima Facie* case of Retaliation**

Plaintiff argues that retaliation took place based on the following:

1) Two Defendants were involved in the 1985 law suit and also were involved in the 2003 selection process.

2) The rules and procedures of The Library of Congress Merit Selection and Promotion Plan of June 19, 2001 (LCMSAPP) were violated during the selection process. The fact is that the LCMSAPP provides in D. RATING AND RANKING PHASE, 1, d. "The automated system generates the **top seven** candidates **plus tied scores** and in ii) "**The list of applicants referred shall be in alphabetical order with no reference to the automated system results**". In the Applicant Scoring Breakdown for Vacancy # 020307 prepared by Billie Nichols of LC Human Resources on January 30, 2003 the 7th top score is 94 with the tied up scores included (clusters). The plaintiff's score was 96. The LCMSAPP does not contain any rule that allows to establish cutoff scores to reduce the pool of applicants to be interviewed who have qualified within the seven higher scores including the tied scores. The seven top ratings required to interview 34 qualified candidates because of the inclusion of the tied scores but the unlawful cutoff score was 97, to be able to interview only ten applicants and exclude Gisela von Muhlenbrock arbitrarily.

3.) During the investigation the Selecting Officer lied in an affidavit stating that the panel had never seen Gisela von Muhlenbrock's name. The members of the Selection Panel had seen Gisela von Muhlenbrock's name in the first list generated by the automated system. Kersi Shroff lied about it.

4.) The LCMSAPP establishes in B. Job Analysis Phase, a. Final Applicant Questionnaire, I) that the Panel review the OPM Qualification Standards for the series to determine any licensing

or certification requirements and any positive education requirements. Also in C. Announcement Phase, 9. Method of Applying, I ) it is required that " All scanned material will be checked by Human Resources for its accuracy". In the Vacancy Announcement No. 020307 it is stated in the section "Notes"that "For applicants certified to practice law in any of these countries, evidence of certification is to be provided at the interview". Additionally, in the section "How to Apply", it is determined that candidates referred for interview for a position based on any educational requirements listed in the vacancy announcement must present a legible copy of their college transcripts when interviewed.

In revising the documents provided by the investigators and the Structured Interview Guide record no evidence was found that the selected candidate Gustavo Guerra was requested by the Panel the certification to practice law in Mexico and the transcripts required and/or that he provided them. The selected candidate also committed perjury in overstating his credentials.

5.) Gisela von Muhlenbrock's printed application, a copy made at the end of the online procedure dated January 19, 2003 is different in the self-rating KSA's choices and design than the one provided by the Library of Congress during the investigations, the latter does not have the same choices of her self-rating of KSAs, thus lowering her score, nor the digital codes of the automated system.

## Conclusion

Based on these reasons and supporting available evidence this plaintiff requests the Court not to dismiss her complaint.

May 10, 2006

                Respectfully Submitted,

                *Gisela von Muhlenbrock*
                Gisela von Muhlenbrock
                15301 Pine Orchard Drive # 1J
                Silver Spring, MD, 20906

Silver Spring, MD 20906
(301) 598-4701

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GISELA VON MUHLENBROCK )
   Plaintiff )
 )
v. ) Civil Action No. 05-1921 (HKK)
 )
JAMES BILLINGTON )
   Librarian of Congress )
      Defendant )

CERTIFICATE OF SERVICE

I, hereby certify that on the 11th of May, 2006, a copy of REJOINDER TO DEFENDANT'S REPLY IN SUPPORT OF HER MOTION TO DISMISS was mailed to defendant at the following address:

Beverly M. Russell
U.S. Attorney's Office for the
District of Columbia, Civil Division
555 Fourth St., N.W., Room E- 4915
Washington, D.C. 20530

Gisela von Muhlenbrock
15301 Pine Orchard Drive # 1 J