UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK,<br><br>               Plaintiff,<br><br>     v.<br><br>JAMES BILLINGTON,<br><br>               Defendant. | Civil Action 05-01921 (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gisela Von Muhlenbrock brings this employment discrimination action against James Billington in his official capacity as Librarian of Congress, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Von Muhlenbrock alleges that the Library of Congress ("Library"), where she had once worked, failed to rehire her in January 2003 in retaliation for her having filed a sex discrimination complaint against the Library in 1985. Before the court is the Library's motion to dismiss (#7) pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that motion must be denied.

### I.  BACKGROUND

Von Muhlenbrock began her employment at the Library as a Foreign Law Specialist in 1981 and 1985 filed a complaint against the Library alleging that she and two female colleagues were discriminated against on the basis of sex as well as subjected to sexual harassment. *See Nguyen v. Boorstin*, No. 85-1786 (D.D.C. filed June 3, 1985). The matter was settled in 1986. In 1989, Von Muhlenbrock voluntarily resigned from the Library.

In January 2003, Von Muhlenbrock applied for a vacant Foreign Law Specialist position using the Library's automated on-line system. A list of the top ten candidates was automatically generated by the on-line system and forwarded to the selecting official to conduct interviews. On or about May 5, 2003, Von Muhlenbrock received an email advising her that she had not been selected for the position. Def.'s Opp'n, Ex. A (Von Muhlenbrock EEO Aff.) at 2. After sending an email inquiring about her non-selection on May 15, 2003, she received a response from the Library on July 9, 2003, informing her that her application had scored a 96, but that the cut-off for the top ten candidates was 97. *Id.* at 3.

On July 17, 2003, Von Muhlenbrock filed an informal complaint with the Library's Equal Employment Opportunity Complaints Office ("EEOCO") in which she alleged that she was not selected for the position in retaliation for filing the sex discrimination lawsuit in 1985. On February 19, 2004, she filed a formal complaint with the EEOCO. The EEOCO investigated her complaint and issued a decision letter finding no discrimination and advising her of her right to request an administrative hearing or file a complaint in district court.

.

## II. ANALYSIS

The Library seeks a dismissal of the complaint in this case pursuant to Federal Rule of Civil Procedure 12(b)(6). The Library contends that the complaint must be dismissed Von on two grounds. First, the Library asserts that dismissal is warranted because Von Muhlenbrock failed to timely exhaust her administrative remedies. Second, the Library contends that she cannot establish a prima facie case of discrimination

A motion to dismiss brought Fed.R.Civ.P 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Martin v. Ezeagu*, 816 F. Supp. 20, 23 (D.D.C. 1993) (internal quotations omitted). The court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Ben. Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). The court is limited to considering facts alleged in the complaint, and any documents either attached to or incorporated in the complaint, matters of which the court may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

**A.     Failure to Exhaust Administrative Remedies**

Before a federal employee may file a lawsuit under Title VII, she is required to exhaust any administrative remedies available to her through her agency's internal employment discrimination process. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.310; *see also Bayer v. U.S. Dept. of the Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992). Pursuant to its authority under 42 U.S.C. § 2000e-16, the Library has promulgated regulations governing its resolution of discrimination complaints. *See* LCR 2010-3.1. Those regulations require that a person who believes she is being discriminated against by the Library must contact the agency's EEOCO "not later than 20 workdays after the date of the alleged discriminatory matter." LCR 2010-3.1 § 4A.[1]

---

[1] This time limit may only be extended by the Assistant Chief of the EEOCO upon submission of a request detailing a "justification for the delay." *Id.* § 4B. The Assistant Chief may only grant such an extension based on a determination that "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." *Ibid.* There is no indicate that Von Muhlenbrock requested an extension.

There is no dispute that Von Muhlenbrock's informal complaint — filed with the Library's EEOCO in July 2003, two months after she learned of her non-selection — was untimely. The defendant contends that her suit must be dismissed for failure to timely exhaust her administrative remedies. Von Muhlenbrock asserts, however, that the Library's failure to raise this objection when she filed her formal and informal complaint, and the Library's willing participation in investigating and adjudicating her EEO complaint, constitute a waiver of this defense.

While the administrative time limits erect no jurisdictional bars to bringing suit, they function like statutes of limitations and, as such, are subject to equitable tolling, estoppel, and waiver. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985). Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it. *Bowden*, 106 F.3d at 437. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense. *Id.*

Agencies do not necessarily waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint. *Id.* at 438. If, however, an agency accepts and investigates a complaint, and proceeds to decide it on the merits — all without mentioning timeliness — the "failure to raise the issue in the administrative process may lead to waiver of the defense when the complainant files suit." *Id.* In *Bowden*, the Immigration and Naturalization Service ("INS") never questioned the timeliness of a complaint during the administrative proceedings and responded to it on its merits, and thus the court concluded that the INS had "no legitimate reason to complain about a judicial decision on the merits." *Id.* at 438–39. Had the

agency been concerned that information needed to resolve the complaint "was stale or that deciding his case would upset settled expectations — traditional objectives of statutes of limitations — it could easily have raised the thirty-day limitation during the administrative process." *Id.* at 439. The court went on to add that the INS failed to raise the question of timeliness until their "third round in court," after Bowden filed suit in district court and the U.S. Court of Claims. *Id.*

The Library attempts to distinguish *Bowden* by noting that in that case, the defendant did not raise the issue until well after the second lawsuit was filed, while here, the Library raised it at its first opportunity in federal court. The decision in *Bowden*, however, instructs that this court must "balanc[e] the equities," and consider whether the agency had a legitimate reason in failing to raise the issue, and whether it has been prejudiced concerning the "traditional objectives of statutes of limitations" — that is, whether the delay in filing a complaint resulted in stale evidence or upsetting settled expectations. *Id.; see also Johnson v. Billington*, 404 F. Supp. 2d 157, 162 (D.D.C. 2005) (observing that "when a complaint has proceeded through administrative channels prior to arriving at the federal courthouse, and the agency has accepted, investigated and decided that complaint on its merits without raising the exhaustion issue, the exhaustion defense may be found to have been waived"). Here, the Library offers no legitimate reason why timeliness was never raised at the administrative level, nor is there any reason to believe that a two-month delay resulted in stale evidence or the disturbance of settled expectations. Thus, the court concludes that the Library waived its defense on the grounds of timeliness, and that Von Muhlenbrock's complaint cannot be dismissed on this ground.

**B.      Failure to Establish a Prima Facie Case of Retaliation**

The Library argues that Von Muhlenbrock's complaint must be dismissed on the alternative ground that she is unable to establish a prima facie case of retaliation. Specifically, the Library argues that in light of the substantial time that elapsed between Von Muhlenbrock's sex discrimination complaint in 1985 and her unsuccessful effort to be rehired in 2003, she is unable to demonstrate a causal connection between the two events, one of the essential elements of her retaliation cause of action.  The Library's argument's must be rejected for the simple reason that at this stage of the litigation--the pleading stage--it is not necessary for Von Muhlenbrock to either show or allege a prima facie case to survive a motion to dismiss brought under Fed.R.Civ. P. 12 (b)(6).  *Sparrow v. United Airlines, Inc.*, 216 F. 3d 1111 (D.C. Cir 2000). As the court in *Sparrow* observes, when deciding a motion to dismiss, a court's estimation that a plaintiff ultimately will not be able to recover is of no consequence. "Rather, federal courts and litigants must rely on summary judgment and control of discover to weed out unmeritorious claims sooner rather than later." Id at 1120 (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993),[2]

---

[2]    It is black letter law that in considering the Library's motion to dismiss the court is limited to considering the facts alleged in the complaint. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)**.** Thus, the Library's arguments based on Von Muhlenbrock's assertions in her Memorandum of Points and Authorities filed in opposition to the motion to dismiss are irrelevant.

## III.  CONCLUSION

For the foregoing reasons, it is this 13th day of March, 2007, hereby

**ORDERED** that the Library's motion to dismiss (#7) is **DENIED**.

                                                 Henry H. Kennedy, Jr.
                                                 United States District Judge