UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GISELA VON MUHLENBROCK, | ) | |
| PLAINTIFF | ) | |
| v. | ) | Civil Action No. 05-1921 (HHK) |
| JAMES H. BILLINGTON, Librarian of Congress, | ) | |
| DEFENDANT | ) | |

**ANSWER TO COMPLAINT**

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff has failed to exhaust her administrative remedies.

**THIRD DEFENSE**

In response to the numbered paragraphs in the Complaint, Defendant admits, denies or otherwise avers as follows:

I.   NATURE OF CLAIM

1.   Paragraph one consists of Plaintiff's characterization of her complaint and request for relief to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph one.

2.   Paragraph two consists of Plaintiff's characterization of her complaint and request for relief to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph two.

II.   JURISDICTION

3.   Paragraph three consists of Plaintiffs' characterization of jurisdiction to which no response is required. To the extent a response is deemed required, Defendant denies that jurisdiction is proper.

III.  PARTY

4.   In regards to the first sentence, Defendant lacks sufficient information or knowledge to admit or deny the allegation. In regards to the second sentence, Defendant admits that Plaintiff was employed at the Law Library of the Library of Congress in Washington, D.C. as a Foreign Law Specialist, GS-11, in or around 1981. In regard to the third sentence, Defendant denies. In regards to the remaining sentences, Defendant lacks sufficient information or knowledge to admit or deny the allegations, and accordingly denies the allegations.

5.   Admit.

IV.  STATEMENT OF CLAIMS

6.   In regards to the first sentence, Defendant admits that the Law Library is a "Service Unit" of the Library of Congress. In regards to the first clause of the second sentence, Defendant admits that Rubens Medina is the current Law Librarian, Library of Congress. In regards to the second clause of the second sentence, Defendant denies that Rubens Medina has "the final authority for all personnel matters in the Law Library of Congress affecting Plaintiff including hiring and promotions."

7.   Defendant admits that the Law Library has a Directorate of Research, a Research and Reference Support Unit, and two Divisions, Eastern and Western Law, and that the latter includes the former Hispanic Law Division.

8. Defendant admits that each division of the Law Library is staffed by professionals who report to the division chief, and who are classified as Foreign Law Specialists GS 095. Defendant denies that Plaintiff is a Foreign Law Specialist.

9. Defendant admits that all non-supervisory Foreign Law Specialists positions in the Law Library of the Library of Congress are career ladder positions with promotion potential (non-competitively) to the GS-15 level.

10. Defendant admits that all non-supervisory Foreign Law Specialists in the Law Library are classified according to the same Office of Personnel Management Classification Standard.

11. Defendant denies that all the non-supervisory Foreign Law Specialists encumber the same position descriptions.

12. In regards to the first sentence, Defendant denies that Plaintiff worked in a retaliatory and hostile work environment during her tenure at the Library; Defendant admits that Plaintiff filed a complaint alleging that she had been subjected to sexual harassment; Defendant admits that the Library entered into a settlement agreement to resolve Plaintiff's allegations of sexual harassment; Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff "loved her work and coped." In regards to the remaining allegations, Defendant lacks sufficient information or knowledge to admit or deny the allegations, and accordingly, denies the allegations.

13. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph thirteen, and accordingly denies the allegations.

14. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph fourteen, and accordingly denies the allegations.

15. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph fifteen (misnumbered Paragraph fourteen), and accordingly denies the allegations.

16. In regards to the first sentence, Defendant admits that in or around January 2003, it posted on-line a Foreign Legal Specialist position, vacancy announcement No. 020307 which stated "this position, located in the Western Law Division of the Law Library, relates to the law of Spanish or Portuguese language countries, and other assigned jurisdictions." In regards to the second sentence, Defendant admits that the position was filled pursuant to its Merit Selection and Promotion Plan. In regards to the third sentence, Defendant admits that as a result of Cook v. Billington, the Library implemented a new Merit Selection and Promotion Plan. In regards to the fourth sentence, Defendant admits that in or around 1994, the Library entered into a settlement agreement with the Plaintiffs in Cook v. Billington. Defendant admits that at the time of the position at issue (Vacancy Announcement No. 020307), selections and promotions were effectuated pursuant to the Library of Congress Merit Selection and Promotion Plan dated June 19, 2001.

17. In regards to the first sentence, Defendant admits that on or around June 19, 2003, Plaintiff applied for the position listed under vacancy announcement No. 020307, however Defendant lack sufficient information to admit or deny that Plaintiff "made a print of her application" and accordingly denies this allegation. In regards to the second sentence, Defendant admits that the vacancy announcement 020307 contained the following language: "The following statements are designed to measure your experience and training in relation to the requirements of the job. Typically this experience is in or related to the job to be filled. For each statement, indicate which description best

4

presents your highest level of experience. At the end of this application, you will be required to certify that your answers are truthful and the accuracy of your answers will be verified as you go further in the process. So, please be honest." In regards to the third sentence, Defendant lacks sufficient information to admit or deny that Plaintiff "supported by her seniority level. . . adjudicated herself the highest ratings" and accordingly denies this allegation.

18. In regards to the first sentence, Defendant lacks sufficient information to admit or deny that on May 5, 2003, Plaintiff received an e-mail stating she had not been selected. In regards to the second sentence, Defendant admits that Plaintiff requested, via e-mail, Billie Nichols provide Plaintiff with her score. In regards to the third sentence, Defendant lacks sufficient information or knowledge to admit or deny that on June 9, 2003, Plaintiff "received an answer." In regard to the fourth sentence, Defendant admits that Plaintiff received a score of "96," but that a cut-off for an interview had been a score of "97."

19. Defendant admits the allegations contained in Paragraph nineteen.

20. Deny.

20.A. In regards to the first sentence, Defendant admits that during the selection process none of the panel members for vacancy announcement 020307 knew that Plaintiff applied for the position; Defendant further admits that the selection pursuant to vacancy announcement 020307 complied with the Library's Merit Selection and Promotion Plan. In regards to the second sentence, Defendant admits that Plaintiff's recitation of portions of Kersi Shroff's affidavit is accurate. In regards to the third sentence, Defendant admits that the selecting official determined the cut-off score would be 97, which generated a list of 10 candidates for interview. In regards to the fourth sentence, Defendant admits that

5

Plaintiff's recitation of portions of Billie Nichols' affidavit is accurate. In regards to the fifth - tenth sentences, Defendant lacks sufficient information or knowledge to admit or deny the allegations in as much as the allegations are confusing, ambiguous and vague and accordingly denies the allegations. Defendant denies the remaining allegations in Paragraph 20.A.

20.B. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20.B. in as much as the allegations are confusing, ambiguous and vague and accordingly denies the allegations.

20.C. Defendant denies the allegations contained in Paragraph 20.C.

20.D. Defendant lacks sufficient information or knowledge to admit or deny that the Plaintiff's printed application is "different in the self-rating KSA's choices and design than the one provided by the Library of Congress during the investigation. . . and thus affected her score negatively" and accordingly denies the allegations contained in Paragraph 20.D.

20.E. Defendant lacks sufficient information to admit or deny whether or not Plaintiff has attempted to apply for a Foreign Law Specialist in the Law Library more than one time (besides under vacancy announcement 020307), and accordingly denies the allegations.

V.   PRAYER FOR RELIEF

The remaining statements in Plaintiff's Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in her remaining statements or to any relief whatsoever. Defendant further avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a.

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.

Date: April 27, 2007					Respectfully Submitted,


/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

Of Counsel:
Julia K. Douds, Esq.
Library of Congress

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing ***Answer to Complaint*** was sent by the Court's Electronic Case Filing System, and first class, postage prepaid mail, this <u>27th</u> day of April, 2007 to:

Gisela Von Muhlenbrock
15301 Pine Orchard Drive, #1.J
Silver Spring, Maryland 20906

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney