UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1921 (HHK) |
| JAMES BILLINGTON, Librarian of Congress, | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

In this case against Defendant James Billington, Librarian of Congress, Plaintiff seeks certain information and documents, the release of which would infringe upon the privacy interests of third parties or might otherwise compromise confidentiality. For purposes of this Order, "confidential information" means: (a) contact information of employees, former employees, applicants for employment with the Library of Congress, and persons listed as references for such applicants, including home and other addresses, telephone numbers, other personal contact information; and (b) other personal information of employees, former employees, applicants for employment with the Library of Congress, and persons listed as references for such applicants, not directly related to this litigation, including marital status, social security numbers, health and medical information, performance evaluations, and wage and compensation information.

In order to permit the parties to discover information relevant to this case without infringing upon privacy interests or otherwise compromising confidentiality, it is hereby

ORDERED, that the following procedures shall be followed:

1. Contemporaneous with production, Defendant will identify documents containing confidential information as previously defined. Such documents or information will be deemed to be "information subject to the Protective Order," as referred to hereinafter.

2. Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of information subject to this Protective Order, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact the information subject to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal," and a statement substantially in the following form:

> "This envelope contains documents which are filed in this case by [name of party] and is not to be opened except pursuant to order of the Court."

4. The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Nothing contained herein, however, shall be deemed limit to or restrict Defendant's use of its records, consistent with applicable laws and regulations, in

the ordinary course of business.

5. Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to Defendant's counsel within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, Plaintiff's counsel shall so notify Defendant's counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel for Defendant to counsel for Plaintiff or by an Order of the Court. Plaintiff and her counsel also reserve the right to challenge Defendant's designation of any materials as subject to this Protective Order and to seek a court order for release of any such materials from the protection of this Order.

9. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is SO ORDERED by this Court this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Gisela Von Muhlenbrock
15301 Pine Orchard Drive, #1J
Silver Spring, Maryland 20906

Jonathan C. Brumer
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530