## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GISELA VON MUHLENBROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-1921 (HHK) |
| v. | ) | |
| | ) | |
| JAMES H. BILLINGTON, | ) | |
| Librarian of Congress, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SEEK EXTENSION OF TIME AND MOTION TO MODIFY THE COURT'S OCTOBER 9, 2007 SCHEDULING ORDER AND ALTER THE BRIEFING SCHEDULE

Plaintiff, Gisela von Muhlenbrock, by and through undersigned counsel, hereby opposes Defendant's motion for leave to seek extension of time and motion to modify the Court's October 9, 2007 Scheduling Order (the "October Scheduling Order") and Alter the Briefing Schedule. Defendant's motion for leave to seek an extension of time should be denied as Defendant has not shown good cause for its failure to bring the instant motion prior to the four-day time limit set by this Court's May 2, 2007 Scheduling Order (the "May Scheduling Order"). Accordingly, Defendant's motion to modify the briefing schedule established in the October Scheduling Order, the latest scheduling order in this case, should be denied as untimely. Alternatively, Defendant's motion to modify the briefing schedule should be denied (a) in the interest of fairness to the Plaintiff, and as contrary to the efficiency of the Court and the Parties; and (b) because Defendant has failed to establish good cause for such a modification.

In opposition to Defendant's motions, Plaintiff respectfully states as follows:

1.  Pursuant to paragraph 6 of this Court's May Scheduling Order, motions for continuance, such as the instant motion, "shall be filed at least four (4) days prior to the date of the event sought to be continued." Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Defendant's Opening Brief") is due to be filed today, December 21, 2007, under the October Scheduling Order. Accordingly, Defendant's motion to modify the October Scheduling Order's briefing schedule was due four days ago, or on December 17, 2007. Defendant has not shown good cause for bringing the instant motion. As justification, Defendant says that "it only became clear to the undersigned counsel recently that more time would be required for the preparation and filing of Defendant's opening brief", that "the undersigned counsel only learned on December 14, 2007 that his detail to the United States Attorney's Office will end on or about January 4, 2007" and that due to other deadlines, undersigned counsel "was unable to prepare this motion until December 18, 2007." *See* Def.'s Motion pp. 4-5.

2.  Given the deadlines set out by counsel in Defendant's motion to extend the briefing schedule, it is not apparent why Defendant's counsel would have only known *recently* that it would need more time.  Counsel sets out various deadlines he has had to contend with over the past nearly two months – since November 2, 2007, the date of the close of discovery in this case. Counsel has also known for *over* two months – since October 9, 2007, the date of the Court's latest scheduling order – that its motion was due to be filed today.  Accordingly, counsel should have been well aware, given its schedule, whether it would need additional time to prepare its motion prior to "recently". That counsel learned on December 14, 2007 that its detail would end does not explain why it waited until four days later, or December 18, 2007, to even contact Plaintiff's counsel regarding the instant motion.

3.  Alternatively, Defendant's motion to modify the briefing schedule should be denied

2

(a) in the interest of fairness to the Plaintiff, and contrary to the efficiency of the Court and the Parties; and (b) because Defendant has failed to establish good cause for such a modification. Although sympathetic to defense counsel's additional deadlines, Defendant has not established good cause for modification to the October Scheduling Order due to its counsel's workload since November 2, 2007 (*i.e.,* the close of discovery in this case). Defendant has not served any additional discovery nor taken any depositions since September 19, 2007. Thus, there is no reason why Defendant could not have been working on its motion for the past three months, nor is there any reason given. Defendant's attempts to, in part, place the blame on Plaintiff for its failure to timely file its Opening Brief is misplaced. Plaintiff's communications to Defendant since the close of discovery constitute required good faith attempts to resolve discovery deficiencies in this case, which deficiencies were for the most part satisfied thereby obviating the need for Defendant to file a motion to compel.

4. Although glossed over by the Defendant, the instant motion seeks a *third* extension of the briefing schedule in this case. Pursuant to Defendant's Consent Motions to Modify scheduling orders in this case filed on July 19, 2007 and October 5, 2007, the briefing schedule in this case has already been extended twice (on July 23, 2007 and October 9, 2007). Any additional delay in the briefing schedule – and particularly a nearly *three month* delay, as sought by Defendant – is contrary to the efficiency of this Court and the Parties, and against Plaintiff's interest in receiving a speedy resolution to her case.

5. Additionally, Defendant has not proffered to this Court that it in fact has a reasonable basis on which to move for summary judgment, which should be a condition precedent to seeking the immediate relief.

6. Finally, Plaintiff has failed to inform the Court that an extension here would

affect the Status Conference in this case scheduled for January 25, 2008.  Pursuant to paragraph 6 of the May Scheduling Order, "[f]ailure to provide such information may result in denial of the motion."

WHEREFORE, for the foregoing reasons, Defendant's motion for leave to seek extension of time and motion to modify the briefing schedule established in this Court's October 9, 2007 Scheduling Order should be denied.

Dated:  December 21, 2007                     Respectfully Submitted,


Paul S. Thaler (D.C. Bar No. 416614)
Kelly A. Schmidt (D.C. Bar No. 975232)
(not admitted in federal court)
THALER LIEBELER, LLP
1825 Eye Street, N.W.
Suite 400
Washington, DC 20006
*Attorneys for Plaintiff, Gisela von Muhlenbrock*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served pursuant to Court's Electronic Case Filing System this 21st day of December, 2007, upon the following:

Jeffrey A. Taylor
Rudolph Contreras
Jonathan C. Brumer
United States Attorney's Office
555 4th Street, N.W., Room E4815
Washington, D.C. 20530
*Attorneys for Defendant*

Kelly A. Schmidt