UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1921 (HHK) |
| v. ) | |
| ) | |
| JAMES BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO SEEK EXTENSION OF TIME,
AND IN SUPPORT OF DEFENDANT'S
MOTION TO MODIFY THE COURT'S OCTOBER 9, 2007
SCHEDULING ORDER AND ALTER THE BRIEFING SCHEDULE**

**INTRODUCTION**

On December 19, 2007, Defendant James Billington, Libarian of Congress, by and through undersigned counsel, filed a *Motion for Leave to Seek Extension of Time, and Motion to Modify the Court's October 9, 2007 Scheduling Order and Alter the Briefing Schedule* ("Defendant's Motion for Leave and to Modify the October 9, 2007 Scheduling Order," "Defendant's Motion," or "Def.'s Motion"), in which he sought leave of the Court to file a motion within the four day filing period this Court has specified for extensions of time, and respectfully moved this Court to modify its October 9, 2007 Scheduling Order by delaying the onset of briefing by forty seven (47) days and replacing the briefing schedule approved in the October 9, 2007 minute order with a new one under which: Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment would be due by February 6, 2008; Plaintiff's Opposition will be due by March 7, 2008; and Defendant's Reply brief would be due by April 9, 2008.  See

Docket Entry No. 31.  On December 21, 2007, Plaintiff filed an *Opposition to Defendant's Motion for Leave to Seek Extension of Time, and Motion to Modify the Court's October 9, 2007 Scheduling Order and Alter the Briefing Schedule* ("Plaintiff's Opposition" or "Pl.'s Opp.").  See Docket Entry No. 32.

Defendant respectfully files this Reply in support of his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*, and in response to Plaintiff's Opposition thereto, in order to address a few inaccurate and misleading statements in Plaintiff's Opposition, and to elaborate upon the arguments made in his motion.  For the reasons set forth below, Defendant should be granted leave to file his motion, and the relief sought in that motion should be granted, so that Defendant may have adequate time to prepare a brief setting forth all of his meritorious defenses in this action now that discovery has been concluded.

**I.      Standard of Review**

Defendant filed his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order* on December 19, 2007, two days *prior to* the December 21, 2007 deadline for *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment* which had been set forth in the October 9, 2007 Scheduling Order.  See Minute Order dated October 9, 2007.  This Court's May 2, 2007 scheduling order provides that "[e]xcept for good cause shown, motions for continuances shall be filed at least four (4) days prior to the date of the event sought to be continued."  See Docket Entry No. 22, ¶ 6 (emphasis added).  Because the first of the "event[s] sought to be continued" in Defendant's December 19, 2007 *Motion for Leave and to Modify the October 9, 2007 Scheduling Order* was the December 21, 2007 deadline for *Defendant's Motion to Dismiss,*

*or in the Alternative, for Summary Judgment*, Defendant's *Motion to Modify the Court's October 9, 2007 Scheduling Order and Alter the Briefing Schedule* should have been filed by December 17, 2007, "four (4) days prior to the date of [one of] the event[s] sought to be continued," unless "good cause" has been "shown" for Defendant's failure to do so.  Id.

As was explained in Defendant's *Motion for Leave and to Modify the October 9, 2007 Scheduling Order* and is explained in the next section of this Reply, "good cause" does exist for the two day delay in the filing of Defendant's motion.  See Def.'s Mot. at 4-5, ¶ 9.  If the Court so finds, then Defendant's motion to modify the current scheduling order is a timely motion for extension, and is governed by Federal Rule of Civil Procedure 6(b)(1).  Rule 6(b)(1) gives a Court broad discretion to grant an extension if a "request" is made before the time for filing expires for "cause shown," and such motions are often granted in the absence of bad faith or prejudice to the adverse party.  See Fed. R. Civ. P. 12(b)(1); see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151, n. 4 (D.C. Cir. 1996) (observing that "the decision whether to grant a motion for continuance" pursuant to Fed. R. Civ. P. 6(b)(1) "is a matter within the district court's discretion."); Gov't Relations Inc. v. Howe, 2007 WL 201264, *7 (D.D.C. 2007) (referencing the "more lenient standard applied under Rule 6(b)(1)"); Koehler v. Dodwell, 215 F.3d 1319, 2000 WL 709578, *3 (4th Cir. 2000) (unpublished decision) (noting that "'[a]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party'")(quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed.1987)); Structural Concrete Products, LLC v. Clarendon America Ins. Co., 244 F.R.D. 317, 327 (E.D. Va. 2007) (same); Mickalis Pawn Shop, LLC v. Bloomberg, 465 F.Supp.2d 543, 545 (D.S.C. 2006) (same).

If, on the other hand, this Court find that "good cause" has <u>not</u> been shown for Defendant's two day delay in filing his Motion to modify the briefing schedule, then that motion is technically an untimely motion, which is governed by rule 6(b)(2) of the Federal Rules of Civil Procedure. When a request for enlargement of time is made after expiration of the original time period, the district court may grant the request if it is made in the form of a motion and the movant shows that "the failure to act was the result of excusable neglect." <u>See</u> Fed. R. Civ. P. 6(b)(2); <u>see also</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>; <u>Smith v. Dist. of Columbia</u>, 430 F.3d 450, 456 (D.C. Cir. 2005); <u>Ham v. Smith</u>, 653 F.2d 628, 630, n. 7 (D.C. Cir. 1981); <u>Gov't Relations Inc. v. Howe</u>, 2007 WL 201264, *4 (D.D.C. 2007); <u>Wild v. Alster</u>, 2005 WL 1458283 (D.D.C. 2005). The definition of excusable neglect "should depend in part upon the importance of the matter involved and the prejudice, if any, to the other party." <u>See</u> <u>Ham v. Smith</u>, 653 F.2d 628, 630, n. 7 (D.C. Cir. 1981) (internal citation omitted). Specifically, the Supreme Court and the D.C. Circuit have identified four factors that courts may consider when determining whether "excusable neglect" exists: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." <u>See</u> <u>In re Vitamins Antitrust Class Action</u>, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993)); <u>Yesudian</u> *ex rel*. <u>United States v. Howard Univ.</u>, 270 F.3d 969, 971 (D.C. Cir. 2001) (applying the <u>Pioneer</u> analysis to Rule 6(b)); <u>Inst. for Policy Studies v. U.S. C.I.A.</u>, 2007 WL 4415536, *2 (D.D.C. 2007) (same). These four factors are known as the <u>Pioneer</u> factors. All of them support a finding of "excusable neglect" in this case.

"The determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  See, e.g., Inst. for Policy Studies, 2007 WL 4415536, *2 (D.D.C. 2007) (citing Pioneer, 507 U.S. at 395); D.A. v. Dist. of Columbia, 2007 WL 4365452, *3 (D.D.C. 2007) (citing Pioneer, 507 U.S. at 395).  "Whether the opposing party will be prejudiced is one factor in the excusable-neglect inquiry, and where a delay is 'brief, and there is no suggestion that it had a material effect on the proceedings,' the opposing party cannot have suffered any prejudice."  See, e.g., Austin v. Dist. of Columbia, 2007 WL 1404444, *13 (D.D.C. 2007) (citing Yesudian *ex rel.* United States v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2002)).  The D.C. Circuit has "been quite deferential to Rule 6(b) decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party."  See Smith v. Dist. of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005); Bradshaw v. Johanns, 2007 WL 2683999, *2 (D.D.C. 2007) (same).  As is explained below, there is ample basis for a finding of "excusable neglect" in this case.

**II.     Leave Should Be Granted to Defendant to File his Motion 2 Days Into the 4 Day Period Specified in the Court's Scheduling Order as: (1) "Good Cause" Exists for that 2 Day Delay; and (2) the 2 Day Delay was the Result of "Excusable Neglect"**

In this case, good cause exists for the 2 day delay in Defendant's filing of his *Motion to Modify the Court's October 9, 2007 Scheduling Order and Alter the Briefing Schedule*, and all of the four Pioneer factors militate in favor of an order granting leave to Defendant to file his motion to modify the briefing schedule.  See In re Vitamins Antitrust Class Action, 327 F.3d at 1209 (citing Pioneer Inv. Servs. Co., 507 U.S. 380); Yesudian *ex rel.* United States, 270 F.3d at 971; Inst. for Policy Studies, 2007 WL 4415536, *2.

First, Plaintiff has not and cannot reasonably argue that she was prejudiced by the two day delay in Defendant's filing of his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*: the length of the delay was short, and Plaintiff has not and cannot reasonably argue that the two day delay had a significant impact on judicial proceedings. Id. After all, no trial date has been set in this case, and both this Court and the D.C. Circuit have found significantly longer delays in the filings of motions for continuances not to have had a sufficient impact on judicial proceedings.[1] Because the two day delay was "'brief, and there is no suggestion that it had a material effect on the proceedings,'" Plaintiff cannot plausibly argue that she has "suffered any prejudice" as a result of it. See Austin, 2007 WL 1404444, *13; Yesudian ex rel. United States, 270 F.3d at 971; compare, e.g., Smith v. Dist. of Columbia, 430 F.3d 450, 456, n. 5 (D.C. Cir. 2005) (finding that the opposing party in that case was prejudiced by a late filing, in part because "the length of the delay was well over a year, not just a few days") (emphasis added).

Furthermore, the third Pioneer factor - "the reason for the [two day] delay, including whether it was within the reasonable control of the movant" - favors the Defendant's motion for leave as well. See In re Vitamins Antitrust Class Action, 327 F.3d at 1209 (citing Pioneer Inv. Servs. Co., 507 U.S. 380); Yesudian ex rel. United States, 270 F.3d at 971; Inst. for Policy

---

[1] See, e.g., Inst. For Policy Studies v. U.S. C.I.A., 2007 WL 4415536, *2 (D.D.C. 2007) (finding that the "length of the delay-approximately two weeks-would not have an impact on judicial proceedings") (emphasis added); Yesudian ex rel. United States v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming lower court's decision to accept a filing that was a week late); Cryer v. InterSolutions, Inc., 2007 WL 1191928, at *6 (D.D.C. April 20, 2007) (length of delay was "not great" where motion for extension of time to file for class certification was filed 22 days after deadline).

Studies, 2007 WL 4415536, *2.  As the undersigned counsel explained in Defendant's *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*, he has contended with numerous deadlines since the close of discovery, including the work he did on a four day trial, and for this reason was unable to prepare the motion until December 18, 2007.  See Def.'s Mot. at 4-5, ¶ 9.  Moreover, he explained in that motion that 1 of the 2 days of delay was due to the fact that – after completing the drafting of the motion on December 18, 2007 – he contacted opposing counsel on that date to inquire as to their position on the motion, but did not receive a response from Plaintiff's counsel until the following day, December 19, 2007.  See Def.'s Mot. at 4-5, ¶ 9; see also LCvR 7(m) (requiring consultation on non-dispositive motions).[2]

Finally, Defendant has not "acted in bad faith" in filing the motion 2 days into the 4 day period specified in the Court's scheduling order, and Plaintiff has not alleged otherwise.  See In re Vitamins Antitrust Class Action, 327 F.3d at 1209 (citing Pioneer Inv. Servs. Co., 507 U.S. at 388); Yesudian ex rel. United States, 270 F.3d at 971; Inst. for Policy Studies, 2007 WL 4415536, *2.

**III.    Good Cause has Been Shown for the Modification of the Briefing Schedule which Defendant has Requested, the Pioneer Factors Favor that Motion, and Plaintiff's Arguments to the Contrary are All Unavailing**

As is set forth below, good cause exists for the modification of the briefing schedule

---

[2]  Plaintiff asserts that "[t]hat counsel learned on December 14, 2007 that its detail would end does not explain why it waited until four days later, on December 18, 2007, to even contact Plaintiff's counsel regarding the instant motion."  See Pl.'s Opp. at 2, ¶ 2.  Plaintiff however fails to mention however that December 14, 2007 was a Friday.  Consequently, the undersigned counsel could not have reached Plaintiff's counsel on 2 of the 4 days Plaintiff identifies, as they were weekend days.  In fact, the undersigned counsel only took 2 working days to contact Plaintiff's counsel about his motion.

requested in Defendant's motion, and all of the four Pioneer factors favor the granting of Defendant's motion.

        **A.    The Requested Modification of the Briefing Schedule is Justified by the Importance of the Matter to Defendant**

The D.C. Circuit has noted that the definition of excusable neglect "should depend in part upon the importance of the matter involved and the prejudice, if any, to the other party." See Ham v. Smith, 653 F.2d 628, 630, n. 7 (D.C. Cir. 1981) (internal citation and quotations omitted). Both Defendant's motion for leave to file a motion for continuance (and the underlying relief requested in his motion) are important to Defendant, as: (1) Defendant believes that he has meritorious defenses; (2) Defendant believes that this action should be disposed of on a post-discovery *Motion to Dismiss, or in the Alternative, for Summary Judgment*; (3) such a motion presents the last opportunity for Defendant to dispose of this action or at least narrow the factual and legal issues before the Court prior to or in lieu of a trial; (4) agency counsel and the United States Attorney's Office will need additional time to prepare an adequate dispositive motion; (4) if Defendant is not permitted to request additional time, and that additional time is not granted, Defendant will be unable to prepare an adequate dispositive motion, the factual and legal development of this case may suffer, and this case may proceed to trial unnecessarily, with attendant burdens for the Court and parties alike.[3]

---

[3] See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (noting that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'" and explaining specifically that the "motion for summary judgment" is today "the principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources") (internal citations omitted); Ham, 653 F.2d at 630, n. 7; Bakowski v. Kurimai, 2003 WL 23023769 (2nd Cir. 2003) (summary order) (noting that

### B. There is No Danger of Prejudice to Plaintiff if the Requested Modification to the Briefing Schedule is Granted, as the Requested Modification is Relatively Minor, and Will Not have a Major Potential Impact on Judicial Proceedings

"The danger of prejudice to the other party is one of the factors to be considered in making the determination of 'excusable neglect.'" See Smith, 430 F.3d at 456, n. 5; see also Pioneer Inv. Servs. Co., 507 U.S. at 388); Yesudian ex rel. United States, 270 F.3d at 971. Without any explanation or substantiation, Plaintiff claims that "Defendant's motion to modify the briefing schedule should be denied . . . in the interest of fairness to the Plaintiff" and that the modification sought "is contrary to the efficiency of this Court and the Parties, and against Plaintiff's interest in receiving a speedy resolution to her case." See Pl.'s Opp. at 1; id. at 2-3, ¶¶ 3 & 4. Beyond these naked, conclusory assertions, Plaintiff fails to establish how she would be unfairly prejudiced if the Court were to grant Defendant's motion and extend the briefing schedule by 46 days. In fact, extending the deadlines would not prejudice Plaintiff.

This is not, for example, a case in which Plaintiff has incurred costly legal fees due to an extensive delay and a late filing made on the eve of trial. Compare, e.g., Smith, 430 F.3d at 454; id. at 456, n. 5 (finding that the opposing party in that case was prejudiced by a late filing filed "ten days before the scheduled start of trial" in part because where "the length of the delay was well over a year, not just a few days" late and plaintiff incurred legal fees and costs as a result of this late filing).

---

"[h]ere, the government's motion was untimely because the parties were involved in document production and review when the deadline for filing dispositive motions elapsed" and finding "[a]ccordingly, it was clearly within the district court's discretion to grant the government an opportunity to file its motion for summary judgment out-of-time."); Wilson v. Farris, 2007 WL 4365562, *1 (M.D.Fla. 2007) (observing that "'a technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim.") (citing Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980) (per curiam)).

Nor is this a case in which the opposing party can plausibly argue that it "will 'be prejudiced to the tune of almost one million dollars' if the Court permits consideration of the late petitions." See, e.g., Pigford v. Johanns, 416 F.3d 12, 21 (D.C. Cir. 2005); see also Pigford v. Veneman, 307 F. Supp. 2d 43, 50 (D.D.C. 2004) (citing Pigford v. Veneman, 265 F. Supp.2d 41, 50 (D.D.C. 2003)).  Instead, the only real harm to Plaintiff is the prospect that if Defendant's counsel is afforded adequate time to prepare a dispositive motion, the brief will be more persuasive, with the result that the Court may credit Defendants' legal arguments and may rule in Defendants' favor.  This is not a permissible basis for a finding of prejudice.

Moreover, Plaintiff's opposition mischaracterizes and overstates the magnitude of the modification of the briefing schedule with Defendant has requested in his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*.  Notwithstanding Plaintiff's suggestion that Defendant has requested "a nearly *three month* delay," see Pl.'s Opp. at 3, ¶ 4 (emphasis in original), Defendant in fact has only has sought to delay the onset of briefing by forty seven (47) days and move each of the deadlines set forth in this Court's October 9, 2007 order by approximately that amount.  See Docket Entry No. 31 at 1; id. at 4, ¶ 8; id. at 5; id., proposed order.  Courts have upheld continuances for longer periods in the past.  See, e.g., Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, *15 (D.D.C. 2007) ("in light of this Court's ruling on Centinela's Motion to Compel, this Court grants Centinela's request to extend the discovery period by 90 days following the issuing of this decision."); Turner v. Farley, 1995 WL 251003, *2 (7th Cir. 1995) (rejecting an argument that a "district court abused its discretion when it granted [a party] eight motions eight motions for enlargement of time to respond to [a] habeas corpus petition" and observing that "although the [party] did not file its response to the

consolidated petitions until May 1993, approximately six months after the initial deadline for response . . . , [the opposing party] did not show that he was prejudiced in any way other than his complaint that the delay caused the two petitions to be consolidated.")

Discovery already has been conducted, and no trial date has been set. Accordingly, modifying the briefing schedule in the manner Defendant has requested would not delay any other previously scheduled aspects of the litigation.

> C.  **Plaintiff is At Least as Much at Fault for the Delay in the Proceedings to Date as Defendant and Should Not Now Be Heard to Invoke that Delay as a Basis for Denying Defendant's Motion**

>> 1.  **Defendant's Previous Consent Motions to Extend Discovery and Modify the Briefing Schedule were Filed in Large Part to Give Plaintiff's Counsel More Time to Familiarize Themselves With the Case, and to Accommodate Plaintiff's Counsel's Vacation Schedule and Desire to Conduct Additional Discovery**

This Court has recognized that of all of the Pioneer factors, fault - is "perhaps the most important single factor." See, e.g., Inst. For Policy Studies v. U.S.C.I.A., 2007 WL 4415536 (D.D.C. 2007); Webster v. Pacesetter, Inc., 270 F.Supp.2d 9, 14-15 (D.D.C. 2003) (internal quotations and citations omitted); Wilson v. Prudential Fin., 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis). This factor, like the other Pioneer factors militates in favor of Defendant's *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*.

Perhaps with this factor in mind, Plaintiff accuses Defendant of "gloss[ing] over" the fact that Defendant's motion "seeks a third extension of the briefing schedule in this case," and notes that Defendant previously filed two Consent Motions to modify the discovery and briefing

schedule on July 19, 2007 and October 15, 2007.  See Pl.'s Opp. at 3, ¶ 4.  Although Defendant's motion requests only a forty seven (47) day delay in the onset of briefing, Plaintiff complains about the prospect of "a nearly *three month* delay" in the briefing schedule, a number presumably arrived at by combining the latest requested continuance with the two previous ones, as if to suggest that Plaintiff was in someway unhappy with, opposed to, or disadvantaged by the previous enlargements.  See Pl.'s Opp. at 3, ¶ 4 (emphasis in original).

In fact, it is quite misleading and disingenuous for Plaintiff to make these arguments.  Plaintiff could have opposed the previous motions.  She also could have declined to oppose them.  Instead, Plaintiff consented to them.  See Pl.'s Opp. at 3, ¶ 4; Docket Entry Nos. 29 and 30.  The reason that Plaintiff did so is clear: Plaintiff benefitted from the relief sought in these motions, negotiated over their terms with Defendant's counsel, and very much wished to have them granted for her own purposes.  Although Plaintiff suggests that Defendant's previous motions to continue the discovery period and briefing schedule were filed at Defendant's behest, the previous motions were in fact filed primarily to accommodate the needs and desires of Plaintiff and her counsel.

Specifically, Defendant's December 19, 2007 *Consent Motion to Modify the Court's May 2, 2007 Scheduling Order, Extend the Discovery Period, and Alter the Briefing Schedule* was based explicitly upon, among other considerations: Plaintiff's failure to timely provide initial disclosures; the fact that Plaintiff had not yet responded to Defendant's written discovery requests; the fact that Plaintiff had retained new counsel and that Plaintiff's new counsel had stated that he needed additional time to familiarize himself with this case; the vacation schedule of Plaintiff's new counsel; and both parties' wish to conduct additional discovery according to a

manageable and sensible schedule.[4]

     Likewise, Defendant's October 5, 2007 *Consent Motion to Modify the Court's July 23, 2007 Amended Scheduling Order, Extend the Discovery Period, and Alter the Briefing Schedule* was explicitly based primarily on an accommodation of Plaintiff and her counsel's desire to conduct additional written discovery and depositions after the then operative date for close of discovery.[5] Defendant agreed to allow Plaintiff's counsel to conduct this additional discovery,

---

[4] Among other things, that motion noted that: (1) "[o]n or about June 4, 2007, Defendant mailed Plaintiff a set of initial disclosures" but "[t]o the best of the undersigned counsel's knowledge, Plaintiff has not yet sent Defendant a set of her own initial disclosures"; (2) "Defendant has not yet received a response to his first set of interrogatories or to his first set of requests for the production of documents"; (3) "Plaintiff's counsel was recently retained by Plaintiff, and will need some time to familiarize himself with this case, to prepare any additional discovery requests that he deems necessary, and to prepare a response to Defendant's initial discovery requests"; (4) Plaintiff's counsel "has advised the undersigned counsel that he will be on vacation from August 7, 2007-August 21, 2007"; and (5) "[t]he parties would like to extend the close of discovery and delay the onset of the briefing schedule in order to also ensure that they will have sufficient time to : . . . review each other's discovery responses; . . . determine whether any additional discovery is necessary; . . . conduct depositions and review the transcripts of those depositions; and . . . prepare appropriate dispositive briefs." See Docket Entry No. 29 at 2, ¶¶ 2, 4, 5 (emphasis added).

[5] Among other things, the October 5, 2007 consent motion noted, by way of justification, that: (1) "the undersigned counsel agreed to allow Plaintiff's counsel to conduct two depositions of Library of Congress employees after the September 26, 2007 date for the close of discovery, namely the depositions of Ms. Billie Nichols and of Mr. Kersi Shroff"; (2) "On September 26, 2007, Plaintiff's counsel contacted the undersigned counsel and expressed interest in deposing a third employee of the Library of Congress, Dr. Rubens Medina" and " Defendant subsequently decided to permit this third deposition to occur, despite the fact that it was not noticed until the last day of the discovery period." (3) "The parties determined that the first mutually convenient date for this deposition is November 1, 2007"; and (4) "On September 28, 2007 and October 4, 2007, Plaintiff's counsel also sent the undersigned counsel new requests for the production of documents, above and beyond the documents requested in Plaintiff's first and second discovery requests." See Docket Entry No. 30 at 2-3, ¶¶ 3-5 (emphasis added). The October 5, 2007 Consent Motion also noted that "Defendant respectfully submits that the date for the close of discovery should be extended for three reasons: (1) Plaintiff has taken two depositions since the September 26, 2007 date which the Court had set for the close of discovery; (2) Plaintiff plans to take a third deposition on November 1, 2007, well after the current close of discovery; and

but understandably wished to formalize matters by extending the date for the close of discovery, rather than continuing to engage in discovery outside of the formal discovery period. See Docket Entry No. 30 at 3, ¶ 6. Thus, Plaintiff should not be heard to now complain about a "a nearly *three month* delay" in the briefing schedule, as she and her counsel were at least as responsible as Defendant for the previous enlargements, benefitted from them, and consented to them. See Pl.'s Opp. at 3, ¶ 4 (emphasis in original).

> 2. **The 9 Letters, E-mails, and Other Pieces of Correspondence which Plaintiff's Counsel sent the Undersigned Counsel in a 5 Week Period Were a Significant Cause of Delay in the Proceedings**

As the undersigned counsel noted in his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order* during the five (5) week period between November 2, 2007 and December 7, 2007, Plaintiff's counsel sent the undersigned counsel for Defendant at least nine (9) letters, e-mails, and other pieces of correspondence with respect to discovery-related matters. See Def.'s Motion at 2, ¶ 2 & n. 1.[6] In this correspondence, Plaintiff's counsel requested additional information and documents and opportunities to conduct additional depositions, and complained about Defendant's previous responses to Plaintiff's discovery requests. Id. Each of these letters demanded a substantive response which required the undersigned counsel and the

---

(3) Plaintiff has served Defendant with at least two requests for the production of documents outside of the current discovery period." See Docket Entry No. 30 at 3, ¶ 6 (emphasis added).

[6] Specifically, in the wake of the close of discovery, Plaintiff's counsel sent the undersigned counsel the following correspondence concerning discovery-related matters, among others: (1) two Notices of Deposition on November 2, 2007; (2) a letter on November 2, 2007; (3) a letter on November 8, 2007; (4) an e-mail request for documents on November 15, 2007; (5) a letter on November 28, 2007; and (6) a letter on December 4, 2007; and (7) a letter on December 7, 2007. Id.

agency counsel assigned to this matter to divert time and energy that otherwise might have been directed to the drafting of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.  Id.  Whether by design or not, this barrage of correspondence contributed significantly to the inability of the undersigned counsel and agency counsel to prepare an adequate brief during that 5 week period.

Plaintiff argues in her Opposition that her "communications with Defendant since the close of discovery constitute required good faith attempts to resolve discovery deficiencies in this case, which deficiencies were for the most part satisfied thereby obviating the need for Defendant to file a motion to compel."  See Pl.'s Opp. at 3, ¶ 3.  Plaintiff mischaracterizes the nature of these communications.  These communications cannot fairly be described as " attempts to resolve discovery deficiencies in this case" since they primarily involved efforts by Plaintiff to depose new witnesses subsequent to the close of discovery and to obtain new documents, which had not previously been requested.

Furthermore, even if Plaintiff's characterization of this stream of correspondence were correct (which it is not), Plaintiff's counsel does not explain why they waited until after the close of discovery and well after Defendant completed his response to Plaintiff's discovery requests to begin raising questions about "discovery deficiencies in this case."  After all, the undersigned counsel mailed Defendant's response to *Plaintiff's First Set of Interrogatories and Second Set of Document Requests to Defendant*, Plaintiff's last written discovery request, back on September 24, 2007, over a month before the stream of correspondence from Plaintiff began.  See Docket Entry No. 30 (observing that "[p]rior to the close of discovery on September 26, 2007, the parties served each other with written discovery requests and responses," and that "[o]n September 24,

2007, Defendant served Plaintiff with his response to that second discovery request.")

### 3. The Fact that the Undersigned Counsel Only Recently Learned that his Detail will be Coming to an End is in Fact a Valid Reason for the Requested Modification of the Briefing Schedule

The undersigned counsel explained in Defendant's Motion that he only "recently learned, on December 14, 2007, that his detail at the United States Attorney's Office will end on or about January 4, 2008." See Def.'s Motion at 4, ¶ 6. He further explained that "[t]he Assistant United States Attorney who inherits this case from him will need some time to: (1) familiarize himself or herself with the procedural history of this case, deposition transcripts, discovery responses, and the relevant legal authorities; (2) confer with agency counsel about the circumstances of this case; and (3) prepare an appropriate dispositive motion" and that "[b]etween now and January 4, 2008, the undersigned counsel will need to devote some time to preparing each of his cases for transfer." Id.

While Plaintiff asserts that "[t]hat counsel learned on December 14, 2007 that its detail would end does not explain why it waited until four days later, on December 18, 2007, to even contact Plaintiff's counsel regarding the instant motion," see Pl.'s Opp. at 2, ¶ 2, Plaintiff does not explain why this Court should ignore the facts that (1) the undersigned counsel's detail is ending soon and (2) that he just learned this fact recently, in determining how much additional time he (and his successor) will need to prepare a dispositive brief in this action.

### D. Defendant has acted in Good Faith in Bringing his Motion for Continuance

Plaintiff has neither alleged nor is there any indication that Defendant's motion seeking a modification of the briefing schedule has been brought in bad faith. See In re Vitamins Antitrust

Class Action, 327 F.3d at 1209 (citing Pioneer Inv. Servs. Co., 507 U.S. at 388); Yesudian *ex rel*. United States, 270 F.3d at 971; Inst. for Policy Studies, 2007 WL 4415536, *2.  The record demonstrates that Defendant has acted in good faith in seeking the modification of the briefing schedule he requested in his *Motion for Leave and to Modify the October 9, 2007 Scheduling Order*.  See, e.g., Docket Entry No. 31 at 1, 5 (describing the undersigned counsel's repeated efforts to contact opposing counsel concerning the relief sought in this motion); id. at 2-5, ¶¶ 2-10 & n. 1 (explaining the grounds for this motion); see also supra at 1-16 (same).

## CONCLUSION

  For the foregoing reasons, Defendant respectfully requests that the Court GRANT Defendant leave to submit an untimely motion for extension of time, and MODIFY the October 9, 2007 Scheduling Order by entering a new revised schedule for the parties' dispositive briefs under which Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment would be due by February 6, 2008, Plaintiff's Opposition will be due by March 7, 2008, and Defendant's Reply brief will be due by April 9, 2008.


              Respectfully submitted,


              \_\_/s/_____
              JEFFREY A. TAYLOR, D.C. BAR # 498610
              United States Attorney

              \_\_/s/_____
              RUDOLPH CONTRERAS, D.C. BAR # 434122
              Assistant United States Attorney

                                    __/s/_____
                                    JONATHAN C. BRUMER, D.C. BAR # 463328
                                    Special Assistant United States Attorney
                                    555 Fourth Street, N.W., Room E4815
                                    Washington, D.C. 20530
                                    (202) 514-7431
                                    (202) 514-8780 (facsimile)

OF COUNSEL:

Julia K. Douds
Library of Congress
Office of the General Counsel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 31st of December, 2007, the foregoing *Reply in Support of Defendant's Motion for Leave to Seek Extension of Time, and in Support of Defendant's Motion to Modify the Court's October 9, 2007 Scheduling Order and Alter the Briefing Schedule* was served upon Plaintiff's counsel pursuant to the Court's Electronic Case Filing System, addressed to:

Paul S. Thaler, Esq.
Thaler Liebeler LLP
International Square
1825 Eye Street, N.W., Suite 400
Washington, D.C. 20006

s/Jonathan C. Brumer
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 4th Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)