## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GISELA VON MUHLENBROCK, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Civil Action No. 05-1921 (PLF) |
| JAMES H. BILLINGTON, | ) | |
| DEFENDANT, | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant James H. Billington, Librarian, Library of Congress, moves for summary judgment in this case brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.

Pursuant to Local Rule 56.1 a memorandum of points and authorities supporting this motion, a statement of material facts as to which there is no genuine dispute, and a proposed order consistent with the relief requested herein are attached.

February 6, 2008                    Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
JULIA K. DOUDS
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 707-7198
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GISELA VON MUHLENBROCK, )
       PLAINTIFF, )
v. ) Civil Action No. 05-1921 (PLF)
JAMES H. BILLINGTON, )
       DEFENDANT. )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

After ample discovery, the record evidences that summary judgment in Defendant's favor is appropriate in this case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. Specifically, Plaintiff cannot establish her *prima facie* case of retaliation. Further, Defendant had legitimate non-discriminatory reasons for its selection determination for the Foreign Law Specialist Position. Consequently, for these reasons as further discussed below, the Court should grant Defendant's motion and enter summary judgment in Defendant's favor.

**I.    STATEMENT OF FACTS**

Plaintiff, Gisela Von Muhlenbrock, began her employment at the Library of Congress ("the Library") as a Foreign Law Specialist in the Law Library in 1981. Plaintiff Depo. at 11:20-22; 14:2-4. In 1985, Plaintiff filed a complaint against the Library in United States District Court in which she alleged that she and two female colleagues were discriminated against on the basis of sex as well as subjected to sexual harassment. Ex. 1. In January 1986, in order to resolve the matters arising from the lawsuit, the Library settled all of Plaintiff's and her

colleagues' claims. Ex. 2, Agreement. In 1989, Plaintiff voluntarily resigned from the Library. Plaintiff Depo. at 26:19-20; 27:19-25.

In January 2003, the Library posted Vacancy Announcement No. 020307, a Foreign Law Specialist position in the Law Library. Ex. 3. On January 23, 2003, Plaintiff applied for the Foreign Law Specialist position using the Library's on-line application system, AVUE. Plaintiff Depo. at 34:17-20; see also Ex. 4. After the Vacancy Announcement closed, the selecting official, Kersi Shroff, was notified by the Library's Human Resources Services staffing specialist, Billie Nichols, of the "scoring breakdown" which consisted of the scores of each applicant who is determined to be minimally qualified by the Library's AVUE system. Ex. 5; see also Shroff Depo. at 81:10-21; 82:1-9. The scoring breakdown provided to a selecting official (in this case, Mr. Shroff) does not include the names of any applicants just scores for each of the (unnamed) minimally qualified applicants as determined by the AVUE system. Id; see also Nichols Depo. at 41:6-20. Based upon his review of the "score breakdown" Mr. Shroff and the other panel members (Ruth Levush and Tao-Tai Hsia) decided to interview the top ten scoring candidates for the position and therefore requested that Ms. Nichols provide the names of all applicants who scored 97 or higher. Shroff Depo. at 82:2-14; 85:13-21; 86:1-2; see also Ex. 5. By memorandum dated March 11, 2003, Ms. Nichols forwarded to Mr. Shroff the names of the top ten candidates (i.e, those candidates who scored 97 or higher). Ex. 6. Plaintiff scored a 96 and thus was not referred to Mr. Shroff and the other panel members for an interview. Ex. 7. After interviewing the top ten candidates, Gustavo Guerra, was ultimately selected for the Foreign Law Specialist position.[1] Specifically, Mr. Guerra was selected because of his Mexican

---

[1] Mr. Guerra scored a 99 and thus was referred for an interview. Ex. 7.

law qualifications, his experience with respect to the Country of Mexico, his LLM degree from Georgetown, his knowledge of the Global Legal Information Network (GLIN) database, and his demonstrated research ability and preparation of final court opinions as well as legal memoranda in all aspects of Mexican law and judicial administration.  Shroff Depo. at 115:6-16; 120: 8-21; 121:1-16; see also Exs. 8 and 9.

On May 5, 2003, Plaintiff learned that she was not selected for the Foreign Law Specialist position.  Complaint at ¶ 18.  On July 17, 2003, Plaintiff filed an informal allegation of discrimination with the Library's Equal Employment Opportunity Complaints Office ("EEOCO").  Complaint at ¶ 19.  On February 19, 2004, Plaintiff filed a formal EEO Complaint of discrimination alleging that she was not hired for the Foreign Law Specialist position in retaliation for "filing an EEO complaint and a lawsuit based on sex discrimination and sex harassment."  Ex. 10.  On September 29, 2005, Plaintiff filed this instant action.

## II.     STANDARDS OF REVIEW

### A.     Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary Judgment may be granted when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. Small, 350 F. 3d 1286, 1290 (D.C. Cir. 2003); Diamond v. Atwood, 43 F. 3d 1538, 1540 (D.C. Cir. 1995).  A genuine issue is one that could change the outcome of the litigation.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986).  While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the nonmoving party - when faced

with a summary judgment motion - has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion.  See Lester v. Natsios, 290 F. Supp. 2d 11, 19-20 (D.D.C. 2003), citing Anderson v. Liberty Lobby, 477 U.S. at 255.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  Id. at 249-50.  As the Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  Celotex, 477 U.S. at 323-34.

**B.    Retaliation Claims Under Title VII**

Title VII provides, in pertinent part, that it is unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).  A *prima facie* case alleging retaliation or reprisal under Title VII is established when the plaintiff demonstrates that (1) she engaged in protected behavior; (2) she was subject to an adverse action by her employer or other conduct that might deter a reasonable worker from making a complaint of discrimination; and (3) there is a causal link between the adverse action and the protected activity.  Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006); see also Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2414-15 (2006) ("We agree with the formulation set forth by the. . . District of Columbia Circuit[] [in Rochon].").  If the plaintiff is able to establish a *prima facie* case of retaliation, the analysis then follows as that for a discrimination claim, i.e., plaintiff has the burden of proving that defendant's actions were not taken for the reasons offered, but instead, for a retaliatory purpose.

4

See e.g., Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 844-845 (D.C. Cir. 2001).

### III.   ARGUMENT

**A.   Plaintiff Cannot Establish Her *Prima Facie* Case of Retaliation**

The record demonstrates that Plaintiff cannot establish her *prima facie* case of retaliation. As delineated above, a *prima facie* case alleging retaliation or reprisal under Title VII is established when the plaintiff demonstrates that (1) she engaged in protected behavior; (2) she was subject to an adverse action by her employer or other conduct that might deter a reasonable worker from making a complaint of discrimination; and (3) there is a causal link between the adverse action and the protected activity. Rochon v. Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006). In the instant matter, Plaintiff alleges that she was subjected to retaliation by the Library because of her participation in a discrimination suit against the Library that was settled in 1986. Specifically, Plaintiff states that on "July 17, 2003, [she] filed an informal EEO complaint of discrimination based on retaliation. . . for the LOC's failure to select her for the Foreign Law Specialist position in 2003, advertised at Vacancy Announcement No. 020307, on the basis of her prior participation in the 1985 gender discrimination lawsuit against the LOC." Ex. 11;  see also Plaintiff Depo. at 44:24-25; 45:1-2.

The considerable - almost twenty year - time lapse between Plaintiff's 1985 protected activity and her non-selection for the Foreign Law Specialist position in the Law Library in 2003 is insufficient as a matter of law to establish a causal connection between the two events. As this Court stated in Brodetski v. Duffey 199 F.R.D. 14, 19-20 (D.D.C. 2001):

> A causal connection may be inferred "by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." Mitchell, 759 F.2d [60, 86 (D.C. Cir. 1985)]. By showing both knowledge and proximity in time, plaintiff may

establish the causal connection needed to make a prima facie case of retaliation.

> Although courts have not established the maximum time lapse between protected Title VII activity and alleged retaliatory actions for establishing a causal connection, courts generally have accepted time periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length.

Shortly after Brodetski, the Supreme Court had the opportunity to review the connection between a complainant's "protected activity" and actionable conduct by the complainant's employer, and how the two activities must be close temporally to establish a claim of retaliation. The Court stated that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'...[a]ction taken (as here) 20 months later suggests, by itself, no causality at all." Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citations omitted); see also Mayer v. Laborers' Health & Safety Fund of North America, 478 F.3d 364, 369 (D.C. Cir. 2007) (holding that an 8 or 9-month gap between the protected activity and the alleged discriminatory conduct is too long).

Consistent with Breeden, the considerable lapse in time between Plaintiff's participation in the civil action culminating in settlement in 1986 and the 2003 selection determination are simply insufficient as a matter of law to establish a retaliation claim. See Breeden, 532 U.S. at 274-275 (without more, twenty months suggests "no causality at all."); see also, e.g., Richmond v. Oneok, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (three months insufficient); Hughes v. Derwinski, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (four months insufficient); Mitchell v. Baldridge, 759 F. 2d 80, 86 (D.C. Cir. 1985) (adverse action must take place "shortly" after protected activity); Sullivan v. Powell, 300 F. Supp. 2d 85, 92-93 (D.D.C. 2004) (over three

months and fifteen months both insufficient); Ball v. Tanoue, 133 F. Supp. 84, 91-92 (D.D.C. 2002) (sixteen months insufficient); Devera v. Adams, 874 F. Supp. 17, 21 (D.D.C. 1995) (eight months not strongly suggestive of causal link); Garrett v. Lujan, 799 F. Supp. 198, 202 (D.D.C. 1992) (one year too long); Parrott v. Cheney, 748 F. Supp. 312, 318-319 (D. Md. 1989) (four months too long); Juarez v. Ameritech Mobile Communications, Inc., 746 F. Supp. 798 (N.D. Ill. 1990) (almost 6 months insufficient), aff'd per curiam, 911 F. 2d 731 (6th Cir. 1990).

Therefore, because of the nearly 20-year time lapse between Plaintiff's prior protected activity in 1986 and her 2003 non-selection for the Foreign Law Specialist position, Plaintiff cannot establish a causal connection between the two events and thus, cannot establish a *prima facie* case of retaliation under Title VII. Moreover, because the selecting official did not know that Plaintiff had applied for the position, Plaintiff cannot show causation because one cannot retaliate against someone unless they are aware that their actions impact that person.

**B.     The Library Had Legitimate, Non-Discriminatory Reasons For Its Selection Determination**

Even assuming Plaintiff can establish her *prima face* case of retaliation, here, Defendant's legitimate, nondiscriminatory reasons for its selection determination for the Foreign Law Specialist position are amply supported by the record. As an initial matter, as discussed above, the Plaintiff did not even score high enough to be referred to the selecting panel for an interview. Ex. 5. Additionally, Mr. Shroff, the selecting official, made his selection on various appealing facets of the selectee's skills and experiences. Ex. 8. Given that (because of her score) Plaintiff's name never came before the interview panel, or the selecting official for consideration, and the absence of any evidence that the selecting official knew that Plaintiff

7

applied for the position,[2] the record evidences legitimate business reasons for the selection of Mr. Guerra and the non-selection of Plaintiff. Accordingly, Plaintiff's retaliation claim based on her non-selection to the Foreign Law Specialist position must fail. See e.g., Fischbach v. District of Columbia Dep't of Corrections, 86 F. 3d 1180, 1183-1184 (D.C. Cir. 1996)("Selecting a pool of qualified candidates based upon their written credentials and then making a final selection based upon personal interviews in an obviously reasonable method of hiring a professional employee"); Simms v. Oklahoma et rel. Dep't of Mental Health & Substance Abuse Servs., 165 F. 3d 1321, 1330 (10th Cir. 1999)., cert denied, 528 U.S. 815 (1999) (The court's "role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments."); Gibson v. Frank, 946 F. 2d 1229, 1223 (6th Cir. 1999) (No showing of pretext where decision based on selectee's long service, supervisory, and familiarity with particular area of agency.)

Additionally, Plaintiff cannot demonstrate that Defendant's reasons for its selection determination were pretext for an unlawful animus because there is no evidence in the record that Plaintiff's qualifications were markedly superior to that of the person selected for the position. The U.S. Supreme Court recently cited with approval this Circuit's standard that superior qualifications may be probative of pretext only if "a reasonable employer would have found the plaintiff to be ***significantly better qualified*** for the job." Ash v. Tyson Foods, Inc.,

---

[2] In fact, the record demonstrates that Mr. Shroff did not know Plaintiff had applied for the Foreign Law Specialist position until after he selected Mr. Guerra (". . . the Panel decided on its own on a "cut off" for interviewing candidates based solely on the numerical ratings of the applicants as supplied by HR, without the applicants' names. Thus, we did not know that Ms. Von Muhlenbrock had applied for the position until much later, when she filed her EEO complaint." Ex. 12 at ¶ 5).

163 L.Ed. 2d 1053, 1058 (2006) (emphasis supplied) (citing Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1294 (D.C. Cir. 1998) (en banc)).  The Supreme Court also cited with approval the Eleventh Circuit's standard for pretext that "disparities in qualifications must be of such weight and significance *that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff* for the job in question."  Id. (emphasis supplied) (citing Cooper v. Southern Company, 390 F.3d 695 (11th Cir. 2004)); see also Barnette v. Chertnoff, 453 F.3d 513 (D.C. Cir. 2006) (a supervisor has the discretion to choose among qualified candidates).

Under either of these formulations of the standard, no such disparity exists in this case.  Indeed, as noted above, neither Plaintiff's qualifications, or even her name, were before the selecting official and the panel to consider, because Plaintiff (unlike the selectee) did not score high enough to be referred for an interview.  Exs. 5 and 7.[3]   Moreover, the record demonstrates that given the Knowledge, Skills and Abilities (KSAs)[4] required for the position, the selectee

---

[3] As Mr. Shroff testified:

Q: Knowing what you know today, would you have chosen, given the opportunity, the plaintiff here today, Ms. Von Muhlenbrock, or the person who did fill the position, in your opinion?

Shroff: Well, Ms.Von Muhlenbrock was not a part of the persons that we interviewed so I cannot make that comparison.

Shroff Depo. at 65:7-13; see also 65:14-21; 66:1.


[4] The KSAs of the Foreign Law Specialist position included, for example:  the ability to communicate in writing in providing foreign legal services; the ability to communicate orally in providing foreign legal services; the knowledge of and competency in the laws of Spanish/Portuguese language jurisdictions; and the ability to convey legal concepts in the English language.  Ex.  3 at page 3.

9

was an appealing candidate for many reasons, including: his Mexican law qualifications, his experience with respect to the country of Mexico, his LLM degree from Georgetown, his knowledge of the Global Legal Information Network (GLIN) database, and his demonstrated research ability and preparation of final court opinions as well as legal memoranda in all aspects of Mexican law and judicial administration. Shroff Depo. at 115:6-16; 120: 8-21; 121:1-16; see also Exs. 8 and 9.

## IV.   CONCLUSION

Based on the discussion above, as amply supported by case law, Defendant respectfully requests that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint with prejudice.

February 6, 2008                                                  Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
JULIA K. DOUDS
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 707-7198
(202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GISELA VON MUHLENBROCK )<br>  )<br>  PLAINTIFF )<br>  )<br> v. )<br>  )<br> JAMES H. BILLINGTON )<br>  )<br>  DEFENDANT ) | Civil Action No. 05-1921 (PLF) |

### INDEX OF DEFENDANT'S EXHIBITS

| Exhibit | Description |
|---|---|
| Exhibit 1 | 1985 Complaint - *Nguyen et. al. v. Boorstin,* Civil Action No. 85-1786 |
| Exhibit 2 | Settlement Agreement |
| Exhibit 3 | Foreign Law Specialist Vacancy Announcement No. 020307 |
| Exhibit 4 | Gisela Von Muhlenbrock Application |
| Exhibit 5 | January 30, 2003, E-mail from Billie Nichols to Kersi Shroff/Scoring Breakdown Attachment |
| Exhibit 6 | March 11, 2003, Memorandum from Billie Nichols to Kersi Shroff |
| Exhibit 7 | List with Names of Applicants and Scores |
| Exhibit 8 | Gustavo Guerra Application |
| Exhibit 9 | Justification for Selecting Gustavo Guerra |
| Exhibit 10 | Formal EEO Complaint of Discrimination |
| Exhibit 11 | Plaintiff's Interrogatory Responses |
| Exhibit 12 | Kersi Shroff Affidavit |
| Exhibit 13 | Gisela Von Muhlenbrock Deposition |

Exhibit 14        Kersi Shroff Deposition

Exhibit 15        Billie Nichols Deposition

February 6, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Civil Action No. 05-1921 (PLF) |
| ) | |
| JAMES H. BILLINGTON ) | |
| ) | |
| DEFENDANT . ) | |

**ORDER**

      This matter comes before the Court on Defendant's Motion for Summary Judgment.

Upon consideration of the relevant pleadings, applicable law, and the entire record herein, it is

this _____ day of _____, 2008, hereby

      ORDERED that Defendant's Motion for Summary Judgment be and is hereby

GRANTED; and it is

      FURTHER ORDERED that the above-captioned matter is DISMISSED with prejudice.

                                                                                              _____
                                                                                             Paul L. Friedman
                                                                                             United States District Judge

cc:    Counsel of Record via ECF