# EXHIBIT 2 - Settlement Agreement

EXHIBIT 9g

RECEIVED JAN 11 1986

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHUONG KHANH THI NGUYEN, )
et al. )
 )
        Plaintiffs, )
 )
    v. )       Civil Action No. 85-1786
 )
DANIEL J. BOORSTIN, )
 )
        Defendant. )
 )

FILED

JAN 10 1986

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

CONSENT DECREE, SETTLEMENT
AGREEMENT AND STIPULATION OF DISMISSAL

WHEREAS Phuong Khanh Thi Nguyen, Gisela Von Muhlenbrock Clarke, and Belma Bayar, plaintiffs, and Daniel J. Boorstin, Librarian of Congress, defendant, desire to resolve all matters in controversy in this civil action amicably and without the time and expense of further litigation, and in consideration of the mutual covenants, agreements, payments and acts described in this Decree, the parties hereby stipulate that this action be dismissed with prejudice pursuant to Rule 41 (a)(1) of the Federal Rules of Civil Procedure. In agreeing to the present settlement, the Librarian denies liability regarding any of the claims made in this case.

WHEREFORE, THE PARTIES HEREBY AGREE TO THE FOLLOWING:

1. Plaintiff Phuong Khanh Thi Nguyen shall be promoted to GS-13, Step 8 on January 6, 1986. Plaintiff Nguyen further shall be retroactively promoted to GS-13, Step 7 effective August 30, 1983, and all her official personnel records at the Library of Congress shall be amended to reflect such promotion. Plaintiff

Nguyen shall receive back pay for the period of August 30, 1983 through January 6, 1986, based on the differential between the amounts she has actually earned during that period and the amounts she would have earned if she had been promoted to GS 13 Step 7 effective August 30, 1983, taking into account appropriate cost of living adjustments. From that total amount [$23,458.48] an appropriate deduction will be withheld for plaintiff Nguyen's Federal and State taxes, and her contribution to her retirement account. The total amount deducted shall be $7,858.09. The defendant shall make a separate payment, representing the employer's retirement contribution, to the Office of Personnel Management. The net amount of $15,690.39 shall be paid to plaintiff Nguyen.

2. Plaintiff Belma Bayar shall be promoted to GS-13, Step 7 on the effective date of this Decree.

3. Plaintiff Gisela Von Muhlenbrock Clarke shall be promoted to GS-13, Step 7 on the submission date of her Manuscript, as set forth below:

    a. Plaintiff Clarke shall present to the Law Librarian of Congress her Manuscript entitled "Asylum and Refuge in Central America." The Manuscript shall be neatly typed and shall be in the format normally followed in submission of legal reports intended to be considered for internal publication by the Law Library. The Manuscript need not be approved by Law Library management, but shall represent a good faith effort by plaintiff Clarke to produce a report of the type approved for publication by Law Library management in the past.

2

  b. On the same date that the Manuscript is presented to the Law Librarian, plaintiff's counsel shall send a certified letter to the General Counsel of the Library of Congress, enclosing a copy of plaintiff Clarke's Manuscript. The date shown on the aforesaid certified letter shall be the submission date of plaintiff Clarke's Manuscript for purposes of this Decree.

 4. By no later than March 15, 1986, defendant shall submit to plaintiffs' counsel proposed standards for the advancement of plaintiffs from Grade GS-13 to Grade GS-14. These standards shall be as objective as possible and shall be reasonable; that is, they shall be measurable and capable of independent verification by professionals outside the Law Library and shall not be inconsistent with past promotion practices. Plaintiffs' counsel shall submit any comments on such proposed standards to the General Counsel of the Library of Congress by no later than April 1, 1986. Plaintiffs and/or their counsel also shall be provided the opportunity for face-to-face discussion of the proposed standards with their author(s) before final standards are promulgated. The author(s) of such standards shall, in good faith, take such comments and discussions into consideration in the preparation of the final standards. Final standards shall be promulgated and put in effect by no later than April 30, 1986.

 5. Plaintiffs shall be reviewed for advancement to Grade GS-14 pursuant to the standards described in Paragraph 4 above as soon thereafter as they are eligible for such review, as follows:

   a. Plaintiff Nguyen shall be reviewed for advancement to Grade GS-14 no later than May 15, 1986, and shall receive a written decision from the Law Librarian of Congress approving or denying such promotion by no later than May 31, 1986.

   b. Plaintiffs Bayar and Clarke shall be reviewed for advancement to Grade GS-14 no later than one year and fifteen days after the effective date of their promotions to GS-13, Step 7, as set forth in Paragraphs 2 and 3 above, and shall receive a written decision from the Law Librarian of Congress approving or denying such promotion by no later than one year and thirty days after the effective date of their promotions to GS-13, Step 7.

   c. Plaintiffs' review for advancement may include a face-to-face interview with the Law Librarian of Congress. Each plaintiff shall have the opportunity to present written materials and any other information in support of such promotion.

   d. Such advancement shall not be unreasonably withheld or delayed.

6. If any plaintiff is denied advancement to Grade GS-14 under paragraph 5, the following shall apply:

   a. The decision of the Law Librarian of Congress denying such promotion shall be in writing and shall set forth in detail the reasons why such plaintiff allegedly does not meet the standards described in Paragraph 4. The decision shall also set forth the precise requirements for

4

promotion which such plaintiff must meet and a precise time table for a second review for advancement.

  b. The denial of a promotion may be appealed within 15 days to the Associate Librarian of Congress.

  c. Said appeal may include a face-to-face interview with the Associate Librarian. Each plaintiff shall have the opportunity to present written materials and any other information in support of such appeal.

  d. The Associate Librarian of Congress shall render a written decision within fifteen days. If the decision is a denial, it shall be in writing and shall set forth in detail the reasons why such plaintiff does not meet the standards described in Paragraph 4. The decision also shall set forth the precise requirements for promotion which such plaintiff must meet and a precise time table for a second review for advancement by the Associate Librarian of Congress.

7. Promotion to Grade GS-14 of the plaintiffs shall be effective immediately upon approval.

8. Plaintiffs shall be paid attorney's fees and costs incurred in the present case in the amount of $59,665.28. The parties anticipate that additional attorney's fees and costs may be incurred under this Decree in connection with paragraphs 3,4,5, and 6, not to exceed twenty (20) hours of attorney time and reasonable incidental costs. Defendant agrees to pay plaintiffs such fees and costs after a submission of an accounting of such fees and costs to the General Counsel of the Library of Congress.

9. Defendant and his agents, employees and representatives shall not discriminate or take any action of retaliation or reprisal against any of the plaintiffs in violation of Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. §2000e et seq.) or the Fair Labor Standards Act of 1963, as amended (29 U.S.C. §201 et seq.). The General Counsel of the Library of Congress shall personally explain to each of plaintiffs' division chiefs and to the Law Librarian of Congress the anti-retaliation requirements of the aforesaid federal statutes.

_____
Phuong Khanh Thi Nguyen

_____
Gisela Von Muhlenbrock Clarke

_____
Belma Bayar

_____
JOHN J. KOMINSKI,
General Counsel, Library of Congress

_____
EDITH BARNETT
Suite 602
236 Massachusetts Ave., N.E.
Washington, D.C. 20002

_____
JOSEPH E. DIGENOVA
United States Attorney
ROYCE C. LAMBERTH,
STUART H. NEWBERGER,
Assistant United States Attorneys.

_____
UNITED STATES DISTRICT JUDGE

APPROVED: _____
DATE: January 8, 1986

6