# EXHIBIT 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHUONG KHANH THI NGUYEN
1412 McLean Mews
McLean, VA  22101,                    :

                                      :                    **PARKER, J.**

GISELA VON MUHLENBROCK CLARKE  :      Civil Action No.
13432 Point Pleasant Drive
Chantilly, VA  22021,                 :

BELMA BAYAR                           :
9600 Linwood Avenue
Seabrook, MD  20706,                  :

            Plaintiffs,               :                    **85-1786**

        v.                            :

DANIEL J. BOORSTIN                    :
Librarian of Congress
The Library of Congress               :                    J. Parker
Washington, D.C.  20001,

            Defendant.                :

**Serve**:                            :

Joseph E. diGenova, Esq.              :
United States Attorney for
   the District of Columbia           :
United States Courthouse
Washington, D.C.  20001               :


COMPLAINT OF DISCRIMINATION IN EMPLOYMENT


I.   NATURE OF CLAIMS

     1.   This action seeks to recover back pay and an additional
equal amount in liquidated damages for discrimination against
plaintiffs based on their sex in violation of section 206(d) (the
Equal Pay Act provisions) of the Fair Labor Standards Act of 1938
as amended, 29 U.S.C. §201 et seq.  Written consents of each of
the plaintiffs, as required by 29 U.S.C. §216(b), are being filed
with the Court simultaneously with the filing of this complaint.

2. This action also seeks declaratory, injunctive, and other equitable relief for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16(c), as follows:

(a) for plaintiff Phuong Khanh Thi Nguyen, to enjoin defendant from maintaining policies, customs and usages which discriminate against the plaintiff because of her sex and national origin (Vietnamese) and to enjoin defendant from retaliating against plaintiff by reason of the exercise of rights protected by Title VII;

(b) for plaintiff Gisela Von Muhlenbrock Clarke, to enjoin defendant from maintaining policies, customs and usages which discriminate against the plaintiff because of her sex, and to enjoin defendant from harassing plaintiff sexually and from retaliating against plaintiff by reason of the exercise of rights protected by Title VII;

(c) for plaintiff Belma Bayar, to enjoin defendant from maintaining policies, customs and usages which discriminate against the plaintiff because of her sex and to enjoin defendant from retaliating against plaintiff by reason of the exercise of rights protected by Title VII.

## II. JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343(3), 2201, 29 U.S.C. §216(b) and 42 U.S.C. §2000e-5(f). The amount in controversy exceeds $10,000, exclusive of interest and costs. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §2000e-16(c), and the Equal Pay Act provisions of the Fair Labor Standards Act of 1938, §29 U.S.C. 206(d).

III. PARTIES

4.    Plaintiff Phuong Khanh Thi Nguyen is a native of Vietnam and has resided in the United States since 1972.  She has been a citizen of the United States since 1979.  She is employed at the Law Library of the Library of Congress in Washington, D.C. as a Foreign Law Specialist, GS 12.

5.    Plaintiff Gisela Von Muhlenbrock Clarke is a native of Chile, and has resided in the United States since 1980.  She has been a permanent resident of the United States since 1984.  She is employed at the Law Library of the Library of Congress in Washington, D.C. as a Foreign Law Specialist, GS 12.

6.    Plaintiff Belma Bayar is a native of Turkey, and has resided in the United States since 1975.  She has been a permanent resident of the United States since 1979.  She is employed at the Law Library of Congress in Washington, D.C. as a Foreign Law Specialist, GS 12.

7.    Defendant, Daniel J. Boorstin, is the Librarian of the Library of Congress and in such capacity is the chief executive officer of the agency.  He is sued in his official capacity.  The Library of Congress is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and the Fair Labor Standards Act of 1938, as amended.

## IV.   STATEMENT OF CLAIMS

8.   The Law Library is one of the major operating departments of the Library of Congress.  It is directed by the Law Librarian, Carleton W. Kenyon, who, at all relevant times, has had <u>final authority for all personnel matters</u> in the Law Library of Congress affecting plaintiffs, including hiring and promotions.

9.   The Law Library has five divisions:  the American-British Law Division, the European Law Division, the Far Eastern Law Division, the Hispanic Law Division and the Near Eastern and African Law Division.  Each division is responsible for several legal collections and jurisdictions, as indicated in Exhibit A, which is attached and made a part hereof.  Each division is directed by a division chief who is supervised by and reports directly to Law Librarian Kenyon.

10.   Each division of the Law Library is staffed by professionals who report to the division chiefs and who, like plaintiffs, are classified as Foreign Law Specialists GS 095.

11.   All non-supervisory Foreign Law Specialists GS 095 were previously classified as Legal Specialists GS 1410.

12.   All non-supervisory Foreign Law Specialist positions in the Law Library of Congress are career ladder positions, with non-competitive promotion to the GS 14 level.

13.   All non-supervisory Foreign Law Specialists in the Law Library are classified according to the same Office of Personnel Management Classification Standard.  This Standard is attached as Exhibit B and made a part hereof.

14. All non-supervisory Foreign Law Specialists in the Law Library of Congress work to the same position descriptions. These position descriptions are attached hereto as Exhibits C, D and E and are made a part hereof.

15. At all relevant times, defendant has repeatedly and willfully violated Section 6(d) of the Fair Labor Standards Act by discriminating between employees on the basis of sex by paying wages to plaintiffs at a rate less than the rate at which it pays male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions.

A. Plaintiff Nguyen's Title VII and Equal Pay Act Claims.

16. Plaintiff Phuong Khanh Thi Nguyen is a GS 12 Foreign Law Specialist GS 095 in the Far Eastern Division of the Law Library. The chief of the Division, her supervisor, is Dr. Tao-Tai Hsia. He is a native of China.

17. Plaintiff Nguyen was born in Vietnam in 1945. She is fluent in Vietnamese, French, and English. She is a 1969 graduate of the University of Saigon Law School. In 1971, on a scholarship from the Asia Foundation, she received a Master's Degree in Library Science (M.S.L.S.), with a specialty in law librarianship, from the Drexel University School of Library Science in Philadelphia. She returned to Saigon to become the first law librarian of the South Vietnamese National Law Center, serving, inter alia, Justices of the Vietnam Supreme Court. She returned to this country permanently in 1972. She received her Master's Degree in Comparative

Law (MCL) from the night program of George Washington University Law School in 1977.

18. Plaintiff Nguyen has been employed full-time in the Far Eastern Law Division of the Law Library of Congress since November, 1973. Since 1973, she has served as the Law Library's sole authority on questions of Vietnamese, Laotian, and Cambodian law.

19. Plaintiff Nguyen was originally offered a position as a GS 11 Legal Specialist by Dr. Hsia in 1971. She turned down the offer in order to return to Vietnam.

20. In 1973, after her return to the U.S., she recontacted Dr. Hsia and was hired by the Law Library as a GS 7 Legal Processing Assistant, performing the duties of a Legal Specialist.

21. On information and belief, at least two-thirds of all male Legal Specialists/Foreign Law Specialists hired by the Law Library from 1972 to present have entered on duty at the GS 12 level, and none have entered on duty at a lower grade than GS 11.

22. On information and belief, no female Legal Specialist/ Foreign Law Specialist hired by the Law Library from 1972 to the present has entered on duty above the GS 11 level.

23. Plaintiff Nguyen's initial hiring at a GS 7 level discriminated against her on the basis of sex, and was part of a systematic and continuing discriminatory practice by Law Library management officials of hiring at lower pay grades and paying lower wages to qualified female Legal Specialists/Foreign Legal Specialists than to equally or less qualified male Legal Specialists/Foreign Law Specialists which has continued from at least 1972 to the present.

24. Plaintiff Nguyen was promoted from GS 7 Legal Processing Assistant to GS 9 Legal Reference Assistant in November, 1974. In March, 1975, she received a lateral, non-competitive reassignment to GS 9 Legal Analyst. In June, 1976, she received a career ladder promotion to GS 11 Legal Specialist. In September, 1980, she received a career ladder promotion to GS 12 Legal Specialist.

25. Plaintiff Nguyen's rate of promotion from GS 11 to GS 12 was slower than the rate of promotion of similarly situated male Legal Specialists/Foreign Law Specialists, discriminated against her on the basis of sex and national origin, and was part of a systematic and continuing discriminatory practice by Law Library management officials of promoting qualified female career ladder Legal Specialists/Foreign Law Specialists more slowly and paying them lower wages than equally or less-qualified male career ladder Legal Specialists/Foreign Law Specialists.

26. In 1982, plaintiff Nguyen began orally requesting her supervisor, Division Chief Tao-Tai Hsia, to recommend her promotion to GS 13 to Law Librarian Carleton Kenyon.

27. On March 30, 1983, plaintiff Nguyen addressed a written request to Chief Hsia requesting a recommendation for promotion to Law Librarian Kenyon.

28. On or about August 1, 1983, Chief Hsia orally refused to recommend her promotion.

29. On September 21, 1983, plaintiff Nguyen sent a memorandum to Law Librarian Kenyon requesting a review of Dr. Hsia's refusal to recommend her for promotion. This memorandum is attached hereto as Exhibit F and is made a part hereof.

7

30. On September 27, 1983, Law Librarian Kenyon responded by memorandum, stating that he concurred with Dr. Hsia, "[s]ince Dr. Hsia is in the best position to measure your performance...." This memorandum is attached as Exhibit G and is made a part hereof.

31. The continuing refusal of Chief Hsia and Law Librarian Kenyon to promote plaintiff Nguyen above the GS 12 level discriminates against her on the basis of sex and national origin and is part of a systematic and continuing discriminatory practice by Law Library management officials of depriving qualified female career ladder Legal Specialists/Foreign Law Specialists of the opportunity to advance to the highest grades of the Legal Specialist/Foreign Law Specialist career ladder and of promoting qualified female career ladder Legal Specialists/Foreign Law Specialists more slowly and paying them lower wages than equally or less-qualified male career ladder Legal Specialists/Foreign Law Specialists.

32. Plaintiff Nguyen has at all relevant times performed equal work requiring equal skill, effort and responsibility and performed under similar working conditions to male Legal Specialists/Foreign Law Specialists receiving higher pay.

33. Chief Hsia has subjected plaintiff Nguyen to an ongoing pattern of sexist and ethnic slurs since her hire in November, 1973. For example, prior to the filing of her EEO complaint, Chief Hsia repeatedly told plaintiff Nguyen that she does not need a promotion because she has a husband, that she should devote more time to her husband, and should be happy to have a job at all. Chief Hsia, who is a native of China, on one occasion sought her

out to assail her, as a Vietnamese, for the execution of a Chinese merchant in Vietnam by Vietnamese.

34. Chief Hsia's practice of discriminatory treatment of plaintiff Nguyen has been motivated by discrimination based on sex and national origin.

35. On or about August 19, 1983, during plaintiff's conversation with Chief Hsia in which he refused to recommend her promotion to GS 13, Chief Hsia warned her that "her life would become unbearable" if she filed an EEO complaint.

36. On August 30, 1983, pursuant to Library of Congress Regulation 2010-3.1, plaintiff Nguyen initiated an informal complaint of discrimination in the Equal Employment Opportunity Complaints Office, Library of Congress.

37. Subsequent to plaintiff Nguyen's initiation of her informal complaint of discrimination on August 30, 1983, Chief Hsia has followed a practice of retaliation against her, including but not limited to: discussions of her EEO complaint with other staff members, including making threats to end her career at the Law Library; and excessive and unexplained delays in approving issuance and publication of her written work.

38. On May 3, 1984, pursuant to Library of Congress Regulation 2010-3.1, plaintiff Nguyen initiated an informal complaint of retaliation in the Equal Employment Opportunity Complaints Office, Library of Congress.

39. On July 25, 1984, pursuant to Library of Congress Regulation 2010-3.1, plaintiff Nguyen filed a formal Administrative Complaint of Discrimination based on sex and national origin and

on retaliation for having exercised rights protected by Title VII
in the Equal Employment Opportunity Complaints Office, Library of
Congress.  A copy of the Administrative Complaint of Discrimination
is attached as Exhibit H-1 and made a part hereof.

40.  On or about September 17, 1984, plaintiff Nguyen received
a notice of receipt and acceptance of her Complaint of Discrimi-
nation dated July 25, 1984, based on sex, national origin, and
reprisal.  A copy of this notice dated September 17, 1984, is
attached as Exhibit H-2 and made a part hereof.

41.  More than 180 days have elapsed since plaintiff Nguyen
filed her formal Complaint with the Equal Employment Opportunity
Complaints Office, Library of Congress, pursuant to Library of
Congress Regulation 2010-3.1, and there has been no final agency
decision on plaintiff's complaint.  Plaintiff Nguyen has therefore
exhausted all administrative remedies as required by Title VII.

42.  As a direct result of defendant's unlawful discriminatory
practices, plaintiff Nguyen has been damaged and will continue to
be damaged by suffering loss of wages, benefits of employment,
opportunities to gain professional experience and recognition,
and the increased career status of a higher pay grade.

43.  As a direct result of defendant's unlawful retaliatory
actions against plaintiff Nguyen by reason of her exercise of
rights protected by Title VII and the Equal Pay Act, plaintiff
Nguyen has suffered, and continues to suffer, irreparable damage
to her professional reputation.

B.  **Plaintiff Von Muhlenbrock Clarke's Title VII and Equal Pay Act Claims**

44.  Plaintiff Von Muhlenbrock Clarke is a GS 12 Foreign Law Specialist GS 095 in the Hispanic Law Division of the Law Library. The chief of the division, her supervisor, is Dr. Rubens Medina.

45.  Plaintiff Von Muhlenbrock Clarke was born in Valdivia, Chile in 1937. She is fluent in French, Spanish, German and English. She received her LLB from the Catholic University of Chile School of Law in 1973. From the time of her graduation until she settled in this country in 1980, she served as Assistant Professor of Public Law and Political Science and Assistant Director of the Political Science Institute of the Catholic University of Chile, as a consultant to the Inter-American Human Rights Commission, and maintained a private law practice in international mortgage, contract and banking law.

46.  Plaintiff Von Muhlenbrock Clarke has remained in this country since March, 1980, when, while traveling in this country, she learned that she and approximately one-hundred (100) other professors at the Catholic University of Chile had been fired by the Pinochet government in Chile.

47.  On or about March 13, 1980, plaintiff Von Muhlenbrock Clarke was interviewed for the position of Legal Specialist GS 1410 with the Hispanic Law Division by Dr. Rubens Medina. On the same date, she filed an SF 171 applying for the position, requesting a starting grade of GS 12. She requested a GS 12 starting grade at the suggestion of Dr. Medina, who told her that was the starting grade for Legal Specialists.

48. Plaintiff Von Muhlenbrock Clarke was hired by the Law Library in February, 1981, at a GS 11.

49. On information and belief, plaintiff Von Muhlenbrock Clarke's two predecessors, Eduardo Abbot and Raoul Allard, although no better qualified, were hired at GS 12 and performed the same work as she. Plaintiff Von Muhlenbrock Clarke has at all times performed equal work requiring equal skill, effort and responsibility and performed under similar working conditions to male Legal Specialists/Foreign Law Specialists receiving higher pay.

50. On information and belief, at least two-thirds of all male Legal Specialists/Foreign Law Specialists hired by the Law Library from 1972 to the present have entered on duty at the GS 12 level.

51. On information and belief, no female Legal Specialist/Foreign Law Specialist hired by the Law Library from 1972 to the present has entered on duty above the GS 11 level.

52. Plaintiff Von Muhlenbrock Clarke's initial hiring at the GS 11 level discriminated against her on the basis of sex and was part of a systematic and continuing discriminatory practice of hiring at lower grades and paying lower wages to qualified female Legal Specialists/Foreign Law Specialists than to equally or less qualified male Legal Specialists/Foreign Law Specialists which has continued from at least 1972 to the present.

53. In March, 1982, plaintiff Von Muhlenbrock Clarke was promoted to Foreign Law Specialist GS 12.

54. Since the date of her hire in February, 1981, plaintiff Von Muhlenbrock Clarke has been sexually harassed by her supervisor,

12

Rubens Medina. This sexual harassment has included constant remarks to her about her physical appearance and telling her that he loved her.

*Admitted to June 1982*   55. On or about April, 1982 plaintiff Von Muhlenbrock Clarke filed a sexual harassment complaint with both the Staff Relations Office and the Women's Program Office of the Library of Congress. *Oct 4* She was informed subsequently that Chief Medina had been admonished as a result of this complaint. Nevertheless, the harassment continued.

56. On or about February 8, 1983, March 16, 1984 and April *April 6*, 1984, plaintiff Von Muhlenbrock Clarke orally requested a recommendation for a career ladder promotion from Chief Medina to the GS 13 level. *material submitted in support of her request submitted on request submitted on request of men*

57. On March 16, 1984, plaintiff Von Muhlenbrock Clarke sent a written memorandum to Chief Medina enclosing materials supporting a promotion. On or about April 11, 1984, she received a written memorandum from Chief Medina denying her request. This memorandum is attached as Exhibit I and is made a part hereof.

58. On April 25, 1984, plaintiff Von Muhlenbrock Clarke *Admitted* sent a memorandum to Law Librarian Kenyon appealing Chief Medina's refusal to recommend her for promotion. This memorandum is attached hereto as Exhibit J and is made a part hereof.

59. On May 4, 1984, Law Librarian Kenyon responded by *Admitted* memorandum stating that he was "satisfied with Dr. Medina's determination." This memorandum is attached as Exhibit K and is made a part hereof.

60. The continuing refusal of Chief Medina and Law Librarian Kenyon to promote plaintiff Von Muhlenbrock Clarke from the GS 12

level discriminates against her on the basis of sex and is part
of a systematic and continuing discriminatory practice by Law
Library Management officials of depriving qualified female career
ladder Legal Specialists/Foreign Law Specialists of the opportunity
to advance to the highest grades of the Legal Specialist/Foreign
Law Specialist career ladder, of promoting qualified female career
ladder Legal Specialists/Foreign Law Specialists more slowly and
of paying them lower wages than equally or less-qualified male
career ladder Legal Specialists/Foreign Law Specialists.

61. Plaintiff Von Muhlenbrock Clarke has at all relevant
times performed work requiring equal skill, effort and responsi-
bility and performed under similar working conditions to male
Legal Specialists/Foreign Law Specialists receiving higher pay.

62. On March 7, 1984, during plaintiff Von Muhlenbrock
Clarke's conversation with Chief Medina in which he refused to
recommend her promotion to GS 13, Chief Medina warned her that
she had better use her energy fulfilling the promotion require-
ments that he set for her "rather than fighting in court."

63. On April 25, 1984, pursuant to Library of Congress
Regulation 2010-3.1, plaintiff Von Muhlenbrock Clarke initiated
an informal complaint of discrimination in the Equal Employment
Opportunity Complaints Office, Library of Congress.

64. On August 14, 1984, pursuant to Library of Congress
Regulation 2010-3.1, plaintiff Von Muhlenbrock Clarke filed a
formal Administrative Complaint of Discrimination based on sex
and sexual harassment and on retaliation for having exercised
rights protected by Title VII in the Equal Employment Opportunity

14

Complaints Office, Library of Congress.  A copy of the Administrative Complaint of Discrimination is attached as Exhibit L and made a part hereof.

65.  Subsequent to Chief Medina's warning to plaintiff Von Muhlenbrock Clarke on March 7, 1984, as set forth in par. 62 supra, Chief Medina has followed a practice of retaliation against her, including but not limited to unjustified criticisms of her work to other Law Library staff, and duplicative and burdensome collection development assignments.

66.  On or about October 15, 1984, plaintiff Von Muhlenbrock Clarke received a notice of receipt and acceptance of her Complaint of Discrimination dated August 14, 1984, based on sex, sexual harassment, and reprisal.  A copy of this notice is attached as Exhibit M and is made a part hereof.

67.  On September 25, 1984, plaintiff Von Muhlenbrock Clarke addressed a memorandum to Chief Medina in connection with her request for administrative leave to attend an American Bar Association Conference.  On October 9, 1984, Chief Medina returned her memorandum to him with an annotation denying her administrative leave and requiring her to request annual leave.  This memorandum is attached as Exhibit N and is made a part hereof.

68.  Male Legal Specialists/Foreign Law Specialists in the Law Library have been granted administrative leave on numerous occasions to attend similar professional conferences and meetings. Chief Medina has refused to grant plaintiff Von Muhlenbrock Clarke any administrative leave to attend such conferences and meetings since her entry on duty in February, 1981.

69.    Chief Medina's refusal to grant plaintiff Von Muhlenbrock Clarke administrative leave on October 9, 1984, discriminated against her on the basis of sex, was in retaliation for her complaint of discrimination and was part of a systematic and continuing discriminatory practice by Law Library management officials of denying female Legal Specialists/Foreign Law Specialists an equal opportunity for professional development and attainment of professional stature as is granted to male Legal Specialists/Foreign Law Specialists.

70.    On October 26, 1984, plaintiff Von Muhlenbrock Clarke sent a letter to the Chief of the Equal Employment Opportunity Complaints Office, Library of Congress, complaining of discrimination based on sex and retaliation by reason of Chief Medina's October 9, 1984 denial of administrative leave. By counsel, she requested that this second complaint be investigated as part of the Complaint of Discrimination dated August 14, 1984 and accepted on or about October 15, 1984, as set forth in pars. 64 and 66, supra. This letter of complaint is attached as Exhibit O and is made a part hereof.

71.    On or about November 19, 1984, plaintiff Von Muhlenbrock Clarke was advised by the Equal Employment Opportunity Complaints Office of the Library of Congress, by letter to counsel, that the allegations of her October 26, 1984 letter (Exhibit O) would be incorporated into the investigation of her August 11, 1984 formal discrimination complaint (Exhibit L). This letter is attached as Exhibit P and is made a part hereof.

16

72. More than 180 days have elapsed since plaintiff Von Muhlenbrock Clarke filed her formal complaint of discrimination with the Equal Employment Opportunity Complaints Office, Library of Congress, pursuant to Library of Congress Regulation 2010-3.1, and there has been no final agency decision on plaintiff's complaint. Plaintiff has therefore exhausted all administrative remedies as required by Title VII.

73. As a direct result of defendant's unlawful discriminatory practices, plaintiff Von Muhlenbrock Clarke has been damaged and will continue to be damaged by suffering loss of wages, benefits of employment, opportunities to gain professional experience and recognition, and the increased career status of a higher pay grade.

74. As a direct result of defendant's unlawful retaliatory actions against plaintiff Von Muhlenbrock Clarke by reason of her exercise of rights protected by Title VII and the Equal Pay Act, she has suffered, and continues to suffer, irreparable damage to her professional reputation.

C.    **Plaintiff Bayar's Title VII and Equal Pay Act Claims**

75. Plaintiff Bayar is a GS 12 Foreign Law Specialist GS 095 in the Near Eastern and African Law Division of the Law Library. The chief of the division, her supervisor, is Dr. Zuhair E. Jwaideh.

76. Plaintiff Bayar was born in Giresun, Turkey, in 1928. She is fluent in English and Turkish. She received her Bachelor's of Law degree from Istanbul University Law School, Istanbul, Turkey, and her Master's degree in Comparative Law (MCL) from the George Washington University Law School in 1960. From 1962 to 1975, she

17

was engaged in the private practice of law in Turkey.  In 1975, she returned to the United States.

77.  On or about November 15, 1979, plaintiff Bayar filed an SF 171 applying for the position of Legal Specialist in the Law Library.

78.  Plaintiff Bayar was hired as a Legal Specialist at GS 11 in the Near Eastern and African Law Division of the Law Library on March 10, 1980.

79.  On information and belief, at least two-thirds of all male Legal Specialists/Foreign Law Specialists hired by the Law Library from 1972 to the present have entered on duty at the GS 12 level.

80.  On information and belief, no female Legal Specialist/ Foreign Law Specialist hired by the Law Library from 1972 to the present has entered on duty above the GS 11 level.

81.  Plaintiff Bayar's initial hiring at the GS 11 level discriminated against her on the basis of sex and was part of a systematic and continuing discriminatory practice of hiring at lower grades and paying lower wages to qualified female Legal Specialists/Foreign Law Specialists than to equally or less qual- ified male Legal Specialists/Foreign Law Specialists which has continued from at least 1972 to the present.

82.  In June, 1983, plaintiff Bayar was promoted to Foreign Law Specialist GS 12.  Plaintiff Bayar's rate of promotion from GS 11 to GS 12 was slower than the rate of promotion of similarly situated male Legal Specialists/Foreign Law Specialists, discri- minated against her on the basis of sex and was part of a systematic

18

and continuing discriminatory practice by Law Library management officials of promoting qualified female career ladder Legal Specialists/Foreign Law Specialists more slowly and paying them lower wages than equally or less-qualified male career ladder Legal Specialists/ Foreign Law Specialists.

83.    On July 31, 1984, plaintiff Bayar addressed a memorandum to Chief Jwaideh, requesting consideration for promotion to GS 13. That memorandum is attached as Exhibit Q and is made a part hereof.

84.    On or about September 11, 1984, Chief Jwaideh forwarded a recommendation for plaintiff Bayar's promotion to GS 13 to Law Librarian Carleton Kenyon.

85.    On September 17, 1984 Chief Jwaideh addressed a memorandum to plaintiff Bayar advising her that Law Librarian Kenyon had rejected his recommendation for her promotion to GS 13.   This memorandum is attached as Exhibit R and is made a part hereof.

86.    In September, 1984, Chief Jwaideh also forwarded a recommendation for promotion from GS 12 to GS 13 for Charles Mwalimu, a male Foreign Law Specialist in the Near Eastern and African Law Division.

87.    On information and belief, Law Librarian Kenyon approved Chief Jwaideh's recommendation for Mr. Mwalimu's promotion, and Mr. Mwalimu was promoted to GS 13.

88.    Law Librarian Kenyon's refusal to promote plaintiff Bayar above the GS 12 level discriminated against her on the basis of sex and is part of a systematic and continuing discriminatory practice by Law Library Management Officials of depriving qualified female career ladder Legal Specialists/Foreign Law Specialists

19

of the opportunity to advance to the highest grades of the Legal Specialist/Foreign Law Specialist career ladder, of promoting qualified female career ladder Legal Specialists/Foreign Law Specialists more slowly and of paying them lower wages than equally or less-qualified male career ladder Legal Specialists/Foreign Law Specialists.

89. Plaintiff Bayar has at all relevant times performed equal work, requiring equal skill, effort and responsibility, and performed under similar working conditions, to male Legal Specialists/Foreign Law Specialists receiving higher pay.

90. On September 24, 1984, pursuant to Library of Congress Regulation 2010-3.1, plaintiff Bayar initiated an informal complaint of discrimination in the Equal Employment Opportunity Complaints Office, Library of Congress.

91. On October 22, 1984, pursuant to Library of Congress Regulation 2010-3.1, plaintiff Bayar filed a formal Administrative Complaint of Discrimination based on sex with the Equal Employment Opportunity Complaints Office, Library of Congress. A copy of the Administrative Complaint of Discrimination is attached as Exhibit S and made a part hereof.

92. On or about November 26, 1984, plaintiff Bayar received a notice of receipt and acceptance of her Complaint of Discrimination dated October 22, 1984, based on sex. A copy of this notice is attached as Exhibit T and is made a part hereof.

93. More than 180 days have elapsed since plaintiff Bayar filed her formal complaint of discrimination with the Equal Employment Opportunity Complaints Office, Library of Congress,

and there has been no final agency decision on plaintiff's complaint. Plaintiff Bayar has therefore exhausted all administrative remedies as required by Title VII.

94. As a direct result of defendant's unlawful discriminatory practices, plaintiff Bayar has been damaged and will continue to be damaged by suffering loss of wages, benefits of employment, opportunities to gain professional experience and recognition, and the increased career status of a higher pay grade.

V.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request this Court grant them relief as follows:

I.   <u>For Plaintiff Nguyen</u>

1. Enter a judgment declaring that the acts and practices complained of herein with respect to plaintiff Nguyen are in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964;

2. Enter a judgment against defendant and in favor of plaintiff Nguyen in the amount of the unpaid minimum wages or back pay owed to plaintiff Nguyen and requiring the payment of an additional equal amount as liquidated damages as provided by §216(b) of the Fair Labor Standards Act;

3. Enter a judgment directing defendant to promote plaintiff Nguyen retroactively to grades GS 13 and GS 14, at such within-grade steps and on such dates as the Court shall find proper to provide relief;

4.    Enter a judgment against defendant in favor of plaintiff Nguyen in the amount of the back pay owed plaintiff, together with interest thereon from the date on which wages should have been paid, with proper adjustment of all pension and other benefits;

5.    Enter an injunction against defendant enjoining and restraining him, his agents and employees, from further discrimination, retaliation or reprisals against plaintiff Nguyen by reason of plaintiff Nguyen's exercise of rights protected by the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, enjoining and restraining defendant from treating plaintiff differently from other GS 14 Foreign Law Specialists with respect to work assignments, opportunities to gain professional experience and recognition and other benefits and conditions of employment;

6.    Enter a judgment against defendant, in favor of plaintiff Nguyen, awarding reasonable attorneys' fees and costs;

7.    Grant such other and further relief to plaintiff Nguyen as the Court deems just and proper.

II.    <u>For Plaintiff Von Muhlenbrock Clarke</u>

8.    Enter a judgment declaring that the acts and practices complained of herein with respect to plaintiff Von Muhlenbrock Clarke are in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964;

9.    Enter a judgment against defendant and in favor of plaintiff Von Muhlenbrock Clarke in the amount of the unpaid minimum wages or back pay owed to her and requiring the payment

of an additional equal amount as liquidated damages as provided by §216(b) of the Fair Labor Standards Act;

      10.   Enter a judgment directing defendant to promote plaintiff Von Muhlenbrock Clarke retroactively to grades GS 13 and GS 14, at such within-grade steps and on such dates as the Court shall find proper to provide relief;

      11.   Enter a judgment against defendant in favor of plaintiff Von Muhlenbrock Clarke in the amount of the back pay owed plaintiff, together with interest thereon from the date on which wages should have been paid, with proper adjustment of all pension and other benefits;

      12.   Enter an injunction against defendant enjoining and restraining him, his agents and employees, from further discrimination, retaliation or reprisals against plaintiff Von Muhlenbrock Clarke by reason of her exercise of rights protected by the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, enjoining and restraining defendant from treating plaintiff differently from other GS 14 Foreign Law Specialists with respect to work assignments, opportunities to gain professional experience and recognition and other benefits and conditions of employment;

      13.   Enter a judgment against defendant, in favor of plaintiff Von Muhlenbrock Clarke, awarding reasonable attorneys' fees and costs;

      14.   Grant such other and further relief to plaintiff Von Muhlenbrock Clarke as the Court deems just and proper.

III.    <u>For Plaintiff Bayar</u>

15.    Enter a judgment declaring that the acts and practices complained of herein with respect to plaintiff Bayar are in violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964;

16.    Enter a judgment against defendant and in favor of plaintiff Bayar in the amount of the unpaid minimum wages or back pay owed to plaintiff Bayar and requiring the payment of an additional equal amount as liquidated damages as provided by $216(b) of the Fair Labor Standards Act;

17.    Enter a judgment directing defendant to promote her retroactively to grades GS 13 and GS 14, at such within-grade steps and on such dates as the Court shall find proper to provide relief;

18.    Enter a judgment against defendant in favor of plaintiff Bayar in the amount of the back pay owed plaintiff, together with interest thereon from the date on which wages should have been paid, with proper adjustment of all pension and other benefits;

19.    Enter an injunction against defendant enjoining and restraining him, his agents and employees, from further discrimination, retaliation or reprisals against plaintiff Bayar by reason of plaintiff Bayar's exercise of rights protected by the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to, enjoining and restraining defendant from treating plaintiff differently from other GS 14 Foreign Law Specialists with respect to work assign-

ments, opportunities to gain professional experience and recognition and other benefits and conditions of employment;

20. Enter a judgment against defendant, in favor of plaintiff Bayar, awarding reasonable attorneys' fees and costs;

21. Grant such other and further relief to plaintiff Bayar as the Court deems just and proper.

Respectfully submitted,

*Edith Barnett*

EDITH BARNETT
236 Massachusetts Avenue, N.E.
Suite 602
Washington, D.C.   20002
(202) 544-0500


*Francine K. Weiss per E.B*

FRANCINE K. WEISS
1300 19th Street, N.W.
Washington, D.C. 20036
(202) 828-1738

Attorneys for Plaintiffs