# EXHIBIT 30

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
EXHIBIT
  \
```

|  |  |
|---|---|
| GISELA VON MUHLENBROCK, | ) |
|  | ) |
| PLAINTIFF, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JAMES H. BILLINGTON, | ) |
|  | ) |
| DEFENDANT. | ) |

Civil Action No. 05-1921 (HHK)

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND SECOND SET OF DOCUMENT REQUESTS TO DEFENDANT

Defendant James Billington, Librarian of Congress, by and through undersigned counsel, hereby responds to Plaintiff's First Set of Interrogatories and Second Set of Document Requests to Defendant.

## GENERAL OBJECTIONS AND QUALIFICATIONS

1.    Defendant objects to Plaintiff's First Set of Interrogatories and Second Set of Document Requests to the extent that any inquiry or request seeks information or documents protected by the attorney-client privilege, the deliberative process privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.    Defendant objects to Plaintiff's First Set of Interrogatories and Second Set of Document Requests to the extent that any inquiry or request seeks information or documents not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendant objects to Plaintiff's First Set of Interrogatories and Second Set of Document Requests to the extent that any inquiry or request seeks to have defendant create documents that do not exist.

4.    Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally available to the Plaintiff.

5.    Defendant objects to any request that seeks information which, if disclosed, would violate a statute or regulation. Defendant objects to any demand by Plaintiff that the documents sought to be produced for copying and inspection in a manner other than that in which they are kept in the usual course of business.

6.    The information and documents which are being produced in response to Plaintiff's First Set of Interrogatories and Second Set of Document Requests are subject to the Court's July 18, 2007 Protective Order. See Docket Entry No. 27. Nevertheless, out of an abundance of caution, Defendant has redacted the following information from the documents which he is producing in response to Plaintiff's First Set of Interrogatories and Second Set of Document Requests: (1) Social Security numbers; (2) Dates of Birth; (3) home addresses; (4) home phone numbers; (5) fax numbers; (7) information about salary and other compensation.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S RESPONSES

INTERROGATORY NO 1: Identify each individual likely to have discoverable information or personal knowledge regarding or concerning any factual allegation made in the Answer and/or Complaint. Describe in detail the subject matter of such information. Identify all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 1:

a) Billie Nichols - Ms. Nichols is currently a Human Resources Specialist (Recruitment

2

and Placement), Human Resources Services, Library of Congress, 101 Independence Avenue, SE, Washington, DC 20540, 202-707-0028. Ms. Nichols has knowledge of the policies and procedures followed by the Library in its filling of the position for Vacancy Announcement No. 020307.

b) Kersi Shroff - Mr. Shroff is currently the Assistant Director of Legal Research, and Chief of the Western Law Division, Library of Congress, 101 Independence Avenue, SE, Washington, DC 20540, 202-707-7850. Mr. Shroff has knowledge related to the interview and selection process for the position for Vacancy Announcement No. 020307.

c) Ruth Levush - Ms. Levush is currently a Senior Foreign Law Specialist, Eastern Law Division, Library of Congress 101 Independence Avenue, SE, Washington, DC 20540, 202-707-9847. Ms. Levush has knowledge related to the interview and selection process for the position for Vacancy Announcement No. 020307.

d) Tao-Tai Hsia (last known address: 7513 Royal Oak Drive, McLean, Virginia 22102; present employer unknown) - At the time of the selection for the position for Vacancy Announcement No. 020307, Dr. Hsia was the Chief of the Eastern Law Division, Library of Congress. Dr. Hsia is no longer employed by the Library.

e) Gustavo Guerra - Mr. Guerra is currently a Foreign Law Specialist, Western Division, Library of Congress 101 Independence Avenue, SE, Washington, DC 20540, 202-707-7104. Mr. Guerra, the selectee, has knowledge about his qualifications for the position for Vacancy Announcement No. 020307.

With respect to the remaining information sought in Interrogatory No. 1, Defendant objects to this interrogatory as vague inasmuch as Defendant does not understand what

3

"[i]dentify all documents related to this interrogatory" means. Defendant is however willing to work with Plaintiff so that Defendant can provide responsive, relevant documents to this request.

INTERROGATORY NO. 2: Identify any written or recorded statement regarding or concerning the facts alleged in the Answer and/or Complaint in your possession or of which you have knowledge, including the identity of the person making the statement, the date and place of the communication, and the general subject matter of the communication.

RESPONSE TO INTERROGATORY NO. 2:

a) Kersi Shroff has knowledge about the affidavit he provided to the EEO investigator during the investigation of Plaintiff's allegations of retaliation. The affidavit was signed at the Library of Congress and is dated December 14, 2004. Mr. Shroff's affidavit provides information regarding the selection for the position for Vacancy Announcement No. 020307. A copy of Mr. Shroff's affidavit has already been provided to the Plaintiff, however, an additional copy of Mr. Shroff's affidavit is attached hereto.

b) Rubens Medina has knowledge about the affidavit he provided to the EEO investigator during the investigation of Plaintiff's allegations of retaliation. The affidavit was signed at the Library of Congress and is dated December 3, 2004. Dr. Medina's affidavit provides information regarding the selection for the position for Vacancy Announcement No. 020307. A copy of Dr. Medina's affidavit has already been provided to the Plaintiff, however, an additional copy of Dr. Medina's affidavit is attached hereto.

c) Billie Nichols has knowledge about the affidavit she provided to the EEO investigator during the investigation of Plaintiff's allegations of retaliation. The affidavit

4

was signed at the Library of Congress and is dated December 14, 2004. Ms. Nichols' affidavit provides information regarding the selection for the position for Vacancy Announcement No. 020307. A copy of Ms. Nichols' affidavit has already been provided to the Plaintiff, however, an additional copy of Ms. Nichols' affidavit is attached hereto.

INTERROGATORY NO. 3. Describe in detail the Law Library of Congress's hiring policies and/or procedures, including without limitation the process by which it selects applicants to interview for an available position, how many applicants it selects to interview for an available position, and the basis for making such determinations. Identify all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 3: The Library's hiring procedures in effect during the selection for the position under Vacancy Announcement No. 020307 is fully described in the Library's Merit Selection and Promotion Plan dated June 19, 2001, and attached hereto. The procedures described in the Library's Merit Selection and Promotion Plan were followed and Ms. Nichols specifically notes the following with respect to the Merit Selection and Promotion Plan: At the time the position for Vacancy Announcement No. 020307 underwent job analysis, the Library was contracting the services of an Industrial Psychologist who developed sample interview questions and benchmark anchors (Structured Interview Guide) when provided with the finalized Job Analysis Documents, i.e., Position Description, Crediting Plan and Job Analysis Worksheet (see page 7, C. 1). Ms. Nichols also notes that with respect to provision D. 1, d. (see page 10) the automated system generates a list of the top seven applicants plus tied scores when that cut-off score is requested by the Selecting Official and subsequently keyed into the system

5

by Human Resources Services. (Cut off score determines the number of applicants to be referred for interview). Ms. Nichols further notes that the Level III AA Evaluation (mentioned on pages 12 and 14 of the Merit Selection and Promotion Plan) had been abolished at the time of the posting for Vacancy Announcement No. 020307.

INTERROGATORY NO. 4. Describe in detail the full factual basis for your contention in the Answer (see ¶ 20A) that "the selection pursuant to vacancy announcement 020307 complied with the Library's Merit Selection and Promotion Plan." Your answer should include without limitation the identification of each individual with knowledge related to this allegation. Identify all documents related to this interrogatory, including, but not limited to, your Merit Selection and Promotion Plan.

RESPONSE TO INTERROGATORY NO. 4: See response to Interrogatory No. 3, as well as the "merit selection file" for Vacancy Announcement No. 020307 which is attached hereto. The information and documents which are being produced in response to this interrogatory are subject to the Court's July 18, 2007 Protective Order.

INTERROGATORY NO. 5. Identify each individual involved in the hiring process for the Position, including, but not limited to, Dr. Rubens Medina, Ms. Billie Nichols, Mr. Kersi Shroff, Ms. Ruth Levush, and Mr. Tao-Tai Hsia. Your answer should include without limitation the extent, and a description, of each individual's involvement, including without limitation identification of each individual on the Position's "Selecting Panel" or with decision-making power or ultimate hiring authority, and the extent of involvement in drafting or determining the

6

content of Vacancy Announcement No. 020307 and determining the Knowledge, Skills and Abilities pertinent to the position. Identify each individual involved in the hiring process who was aware that Plaintiff submitted an application for the Position, including the extent of each individual's knowledge, and how and when each individual obtained such knowledge. Identify each individual involved in the hiring process who had knowledge of Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786 and/or the related CONSENT DECREE, SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL entered into on January 10, 1986, including without limitation the extent of such knowledge and how and when such knowledge was obtained. Identify all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 5:

a) Billie Nichols - Ms. Nichols was the Human Resources Specialist assigned to process Vacancy Announcement No. 020307. Ms. Nichols was involved in editing the content of Vacancy Announcement No. 020307 and/or editing the Knowledge, Skills and Abilities pertinent to the position in conjunction with recommendations provided by the panel members (subject matters experts). Ms. Nichols was aware that Plaintiff applied for the position, and became aware that Plaintiff applied for the position upon receipt of her application. At the time of the selection for Vacancy Announcement No. 020307, Ms. Nichols did not know Plaintiff nor did she have any knowledge of Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786 and/or the related CONSENT DECREE, SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL entered into on January 10, 1986.

7

b)  Ruth Levush - Ms. Levush was one of the "subject matter experts" assigned to the "Selecting Panel" for Vacancy Announcement No. 020307. At this time, Ms. Levush does not recall whether or not she was involved in drafting and determining the content of Vacancy Announcement No. 020307 and determining the Knowledge, Skills and Abilities pertinent to the position. Ms. Levush was not aware that Plaintiff applied for the position until she was told by Kersi Shroff in or around summer 2006. At the time of the selection for Vacancy Announcement No. 020307, Ms. Levush did have knowledge of Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786 and/or the related CONSENT DECREE, SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL entered into on January 10, 1986. Ms. Levush does not recall when she learned about Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786.

c)  Kersi Shroff - Mr. Shroff was the selecting official for Vacancy Announcement No. 020307. Mr. Shroff was involved in drafting and determining the content of Vacancy Announcement No. 020307 and determining the Knowledge, Skills and Abilities pertinent to the position. Mr. Shroff was not aware that Plaintiff applied for Vacancy Announcement No. 020307 and only became of aware that Plaintiff had applied when he was contacted by the individual investigating Plaintiff's EEO Complaint of discrimination regarding her non-selection for Vacancy Announcement No. 020307. Mr. Shroff was aware that Plaintiff had filed a lawsuit against the Library in the 1980's, however, Mr. Shroff does not recall when or how he learned about Plaintiff's lawsuit against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786.

d)  Tao-Tai Hsia - Dr. Hsia was one of the "subject matter experts" assigned to the

8

"Selecting Panel" for Vacancy Announcement No. 020307. Dr. Hsia is no longer employed by the Library.

INTERROGATORY NO. 6: Describe in detail any communication regarding the basis for selecting applicants to interview for the Position, the identity of each individual who participated in the communication, and the date, place and substance of the communication. Describe in detail all reasons for Plaintiff's non-selection for interview and/or hiring with respect to the Position, including the identity of the decision-makers, their position on the issue, and the reasons for the decision. Your answer should also include a description of any communication regarding the Position's "cut-off score" or the number of applicants that would be selected to interview for the Position, the identity of each individual who participated in the communication, and the date, place and substance of the communication. Identify all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 6: After the posting for Vacancy Announcement No. 020307 closed, on January 30, 2003, Ms. Nichols sent Mr. Shroff an e-mail which contained an applicant scoring breakdown (without names) for Vacancy Announcement No. 020307. On January 30, 2003, Mr. Shroff responded to Ms. Nichols' e-mail and stated that he would like to interview the top ten candidates. Plaintiff was not one of the top ten candidates, and accordingly, she was not interviewed for the position. A copy of the January 30, 2003 e-mail communication is attached hereto.

INTERROGATORY NO. 7. Describe in detail any communication with or regarding

9

Plaintiff pertaining to, without limitation: Plaintiff's application or anticipated application for the Position and/or non-selection of the Plaintiff; Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786 and/or the related CONSENT DECREE, SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL entered into on January 10, 1986; and Plaintiff's seeking re-employment with the Library of Congress between the time of her resignation in November 1989 and the submission of her application for the Position in January 2003. For each communication, identify each individual who participated in the communication, and the date, place and substance of the communication. Identify all documents related to this interrogatory.

RESPONSE TO INTERROGATORY NO. 7: Defendant objects to Interrogatory No. 7 as overly broad, unduly burdensome and not likely to lead to the discovery of relevant admissible evidence inasmuch as the Interrogatory asks for information regarding any communication any employee of the Library may have had with Plaintiff during the entire tenure of her employment with the Library to the present. This request is not limited in subject matter or time period. Consequently, Defendant is not able to estimate how many files would need to be searched, how long such a search would take, or how much it would cost. Defendant is however willing to work with Plaintiff to so that Defendant can provide responsive, relevant documents to this request.

INTERROGATORY NO. 8: Identify the applicant selected for the Position and describe in detail the selected applicant's qualifications for the Position, including your basis for, and any communication regarding, such determination.

10

RESPONSE TO INTERROGATORY NO. 8:  Gustavo Guerra was selected under Vacancy Announcement No. 020307.  Documents believed to be responsive to this request which set forth Mr. Guerra's qualifications are attached hereto.  The information and documents which are being produced in response to this interrogatory are subject to the Court's July 18, 2007 Protective Order.

INTERROGATORY NO. 9:  Describe in detail complaints, whether written or oral, formal or informal, received by the Library of Congress regarding Plaintiff or her performance while an employee of the Library of Congress.  For each such complaint describe the mode of communication of the complaint, who made the complaint, to whom the complaint was made, all who were present for or who received copies of the complaint, any investigation and action taken as a result of the complaint and any communications with Plaintiff or any other employee or representative of Defendant regarding the complaint.

RESPONSE TO INTERROGATORY NO. 9:  Defendant objects to Interrogatory No. 9 as it is not likely to lead to the discovery of relevant admissible evidence and is outside of the scope of this litigation  in as much as Plaintiff has not worked at the Library since 1989 and any documents relating to her performance 20 or more years ago at the Library do not touch upon the controversy at issue in the instant matter.  Subject to and without waiving its general and specific objections, Defendant is not aware of any information responsive to this Interrogatory.

INTERROGATORY NO. 10:  State the names and addresses of all persons who investigated any of the allegations contained in the pleadings (at any time prior to the filing of

11

this suit relating in anyway to Plaintiff), state their findings, and identify all documents produced during each investigation. Identify all documents reflecting your response to this interrogatory.

RESPONSE TO INTERROGATORY NO. 10: The Library's Equal Employment Opportunity Complaints Office investigated Plaintiff's allegations of retaliation raised with the Library on July 17, 2003. Plaintiff's EEO complaint was investigated by Paul Greenberg, Contract EEO investigator, DSZ. 1730 North Lynn Street, #601, Arlington, Virginia, 22209. On May 16, 2005, Ricardo Grijalva, Chief, Equal Employment Opportunity Complaints Office issued his decision with respect to Plaintiff's allegations. Mr. Grijalva concluded that there was no evidence of retaliation when Plaintiff was not selected for the position of Foreign Law Specialist, Western Law Division, Library of Congress, Vacancy Announcement No. 020307. A copy of the Report of Investigation (Case Number 03-38) was already provided to Plaintiff at the close of the administrative investigation, and an additional copy was provided to Plaintiff's counsel on September 14, 2007.


INTERROGATORY NO. 11: Describe in detail all steps taken to investigate any complaints or concerns raised by Plaintiff regarding gender discrimination, sexual harassment and/or retaliation by Defendant. Identify all documents reflecting your response to this interrogatory.

RESPONSE TO INTERROGATORY NO. 11: To the extent that this Interrogatory asks for information regarding the steps taken to investigate Plaintiff's claim of retaliation, Plaintiff is referred to information and documents provided in response to Interrogatory No. 10. To the extent that this Interrogatory asks for information regarding the steps taken to investigate

12

Plaintiff's claims regarding "gender discrimination" and/or "sexual harassment," Defendant

objects to this Interrogatory inasmuch as Plaintiff only asserted a claim of retaliation in EEO

Case #03-38 which is the subject of this lawsuit and forms the basis of it.

## PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS TO DEFENDANT AND DEFENDANT'S RESPONSES

REQUEST NO. 1: All documents relevant to any factual allegation made in your Answer

and/or in the Complaint.

RESPONSE TO REQUEST NO. 1: See documents provided in response to Interrogatory

Nos. 3, 4, and 10. The documents which are being produced in response to this request for

production include documents subject to the Court's July 18, 2007 Protective Order.


REQUEST NO. 2: All documents relating to questions in Plaintiff's First Set of

Interrogatories and your answers to those interrogatories including all documents referred to

while preparing the answers or identified in the answers themselves.

RESPONSE TO REQUEST NO. 2: See documents provided in response to individual

Interrogatories. The documents which are being produced in response to this request for

production include documents subject to the Court's July 18, 2007 Protective Order.


REQUEST NO. 3: All documents identified in your Answer, related in any way to your

Answer or consulted in any way by you in preparing your Answer.

RESPONSE TO REQUEST NO. 3: See documents provided in response to Interrogatory

13

Nos. 3, 4, and 10. The documents which are being produced in response to this request for production include documents subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 4: All written or recorded statements regarding the subject matter of this lawsuit.

RESPONSE TO REQUEST NO. 4: See documents provided in response to Interrogatory No. 2. In addition, a copy of Plaintiff's affidavit dated December 13, 2004, is attached hereto.

REQUEST NO. 5: All documents that you intend to use at trial or any hearing in this matter.

RESPONSE TO REQUEST NO. 5: Defendant objects to this request as discovery is ongoing and Defendant has not yet identified any documents it intends to use at trial or any hearing in this matter. Defendant will provide an appropriate identification of documents which he expects to offer at trial in the manner and time provided for by Federal Rule of Civil Procedure 26(a)(3)(C).

REQUEST NO. 6: All documents relating to your defenses to the Complaint.

RESPONSE TO REQUEST NO 6: See documents provided in response to Interrogatories Nos. 3, 4, and 10. The documents which are being produced in response to this request for production include documents subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 7: All documents mentioning, concerning or regarding Plaintiff since

14

her resignation in November 1989.

RESPONSE TO REQUEST NO. 7:  Besides documents contained in the merit selection file for Vacancy Announcement No. 020307 or in the report of investigation of Plaintiff's 2003 EEO complaint of retaliation, Defendant is not aware of any documents responsive to this request.

REQUEST NO. 8:  All documents concerning Plaintiff's job performance and employment status while she was an employee of the Library of Congress, including without limitation those referring to promotions, demotions, and/or performance reviews.

RESPONSE TO REQUEST NO. 8:  Defendant objects to request No. 8 as not likely to lead to the discovery of relevant, admissible evidence in as much as Plaintiff has not worked at the Library since 1989 and documents from more than 20 years ago do not touch upon the controversy at issue.  Subject to and without waiving its general and specific objections, in August 2007, Defendant has requested a copy of Plaintiff's Official Personnel File ("OPF") from the Records Center in St. Louis, MO, and if and when the Records Center locates Plaintiff's OPF, Defendant will forward a copy of the OPF to Plaintiff.

REQUEST NO. 9:  All documents concerning investigations into any of the allegations contained in the pleadings at any time prior to the filing of this lawsuit, including documents submitted to or requested or prepared by investigators.

RESPONSE TO REQUEST NO. 9:  See documents provided in response to Interrogatory No. 10.

15

REQUEST NO. 10: All documents concerning, mentioning or referring to Plaintiff's participation in Plaintiff's action against the Library of Congress entitled *Nyugen et al. v. Boorstin*, Civil Action No. 85-1786 and/or the related CONSENT DECREE, SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL entered into on January 10, 1986 since January 2003.

RESPONSE TO REQUEST NO. 10: Defendant is not aware of any documents responsive to this request.

REQUEST NO. 11: All communications between Plaintiff and Defendant regarding the Position.

RESPONSE TO REQUEST NO. 11: See documents provided in response to Interrogatory Nos. 4 and 10. The documents which are being produced in response to this request for production include documents subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 12: All documents regarding Plaintiff's non-selection or application for the Position.

RESPONSE TO REQUEST NO. 12: See documents provided in response to Interrogatory No. 4. The documents which are being produced in response to this request for production include documents subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 13: All documents or communications reflecting the basis for Plaintiff's non-selection for the Position.

16

RESPONSE TO REQUEST NO. 13: See documents provided in response to Interrogatory No. 6.

REQUEST NO. 14: All documents prepared or received by each individual involved in the hiring process that mention, concern or regard Plaintiff.

RESPONSE TO REQUEST NO. 14:

a) Documents prepared or received by Ms. Nichols regarding Plaintiff: See documents provided in response to Interrogatory No. 4. The documents which are being produced in response to this request for production are subject to the Court's July 18, 2007 Protective Order.

b) Documents received by Mr. Shroff regarding Plaintiff: See documents provided in response to Interrogatory No. 6.

REQUEST NO. 15: All documents setting forth individuals with final hiring authority, including without limitation with respect to this Position.

RESPONSE TO REQUEST NO. 15: Documents responsive to this request are attached hereto.

REQUEST NO. 16: All documents identifying those involved in the hiring process for the position, including the "Selecting Panel".

RESPONSE TO REQUEST NO. 16: Defendant objects to Request No. 16 as overly broad, unduly burdensome and not likely to lead to the discovery of relevant admissible evidence inasmuch as the request requires Defendant to produce any and all documents that mention those

17

involved in filling Vacancy Announcement No. 020307 regardless of whether or not the

documents are related to Vacancy Announcement No. 020307. The request is neither limited in

its subject matter nor in its temporal scope.


REQUEST NO. 17: All documents prepared or received by members of the Position's

"Selecting Panel" regarding the Position and/or the Plaintiff.

RESPONSE TO REQUEST NO. 17: The members on the "Selecting Panel" for Vacancy

Announcement No. 020307 did not receive any documents that identified Plaintiff by her name.

Documents relating to vacancy announcement No. 020307 received by the members of the

"Selecting Panel" are contained in the Merit Selection File which has previously been provided

in response to Interrogatory No. 4.


REQUEST NO. 18: All documents prepared or received by individuals involved in the

Position's hiring process regarding the Position and/or the Plaintiff.

RESPONSE TO REQUEST NO. 18: Ms. Nichols received all documents that are

contained in the merit selection file provided in response to Interrogatory No 4. The other

individuals involved in the hiring process did not receive any documents that mentioned Plaintiff

by name. The documents which are being produced in response to this request for production are

subject to the Court's July 18, 2007 Protective Order.


REQUEST NO. 19: All documents contained in Plaintiff's personnel file, including in

any unofficial files kept on Plaintiff.

18

RESPONSE TO REQUEST NO. 19: Defendant objects to request No. 19 as not likely to lead to the discovery of relevant, admissible evidence in as much as Plaintiff has not worked at the Library since 1989 and documents from more than 20 years ago do not touch upon the controversy at issue. Subject to and without waiving its general and specific objections, in August 2007, Defendant requested a copy of Plaintiff's Official Personnel File ("OPF") from the Records Center in St. Louis, MO, and if and when the Records Center locates Plaintiff's OPF, Defendant will forward a copy of the OPF to Plaintiff.

REQUEST NO. 20: All drafts of Vacancy Announcement No. 020307.

RESPONSE TO REQUEST NO. 20: See documents provided in response to Interrogatory No. 4. The documents which are being produced in response to this request for production are subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 21: All drafts of the Knowledge, Skills and Abilities pertinent to the Position.

RESPONSE TO REQUEST NO. 21: See documents provided in response to Interrogatory No. 4. The documents which are being produced in response to this request for production are subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 22: All documents setting forth the Law Library of Congress's hiring policies and/or procedures, and drafts thereof.

19

RESPONSE TO REQUEST NO. 22: See documents provided in response to Interrogatory No. 3 and Request No. 15.

REQUEST NO. 23: All documents regarding the hiring procedures and/or policies followed with respect to the Position, including drafts thereof.

RESPONSE TO REQUEST NO. 23: See documents provided in response to Interrogatory No. 3 and Request No. 15.

REQUEST NO. 24: All documents regarding the basis for the decision to hire the chosen applicant for the Position.

RESPONSE TO REQUEST NO. 24: See documents provided in response to Interrogatory No. 8. The documents which are being produced in response to this request for production are subject to the Court's July 18, 2007 Protective Order.

REQUEST NO. 25: All documents regarding the basis for hiring for the Position and/or selecting applicants to interview, including without limitation documents referring to "cut-off scores".

RESPONSE TO REQUEST NO. 25: See documents provided in response to Interrogatory Nos. 6 and 8. The documents which are being produced in response to this request for production include documents subject to the Court's July 18, 2007 Protective Order.

20

REQUEST NO. 26: All documents or communications dated between November 1989 and January 2003 reflecting Plaintiff's seeking, or interest in, re-employment with the Law Library of Congress.

RESPONSE TO REQUEST NO. 26: Besides documents related to Plaintiff's application for Vacancy Announcement No. 020307 which have already been provided, Defendant is not aware of any documents responsive to this request.

REQUEST NO. 27: All documents relating to any expert you intend to call as a witness in a trial or hearing in this matter, or any expert consulted with but not hired, including but not limited to, name, address, current employer, training and experience as an expert, *curriculum vitae*, reports, draft reports, communications between the expert and you or your attorneys, papers written by or under the supervision of said expert, and the engagement letter under which the expert has been retained and any drafts thereof.

RESPONSE TO REQUEST NO. 27: Defendant objects to this request as premature, as discovery is ongoing and at this time Defendant has not identified any expert he will call as a witness in a trial or hearing in this matter and therefore does not have any documents responsive to this request.

21

Dated this 24th day of September, 2007.

For objections,

/s/ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ _____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

22

## CERTIFICATE OF SERVICE

I certify that on September 24, 2007, I served the foregoing *Defendant's Response to*

*Plaintiff's First Set of Interrogatories and Second Set of Document Requests to Defendant* upon

Plaintiff by courier, addressed to:

> Paul S. Thaler, Esq.
> Thaler Liebeler LLP
> International Square
> 1825 Eye Street, N.W.
> Suite 400
> Washington, D.C. 20006

                                   /s/
                                   JONATHAN C. BRUMER, D. C. BAR # 463328
                                   Special Assistant United States Attorney
                                   555 Fourth Street, N.W., Room E4815
                                   Washington, D.C. 20530
                                   (202) 514-7431
                                   (202) 514-8780 (facsimile)