# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
GISELA VON MUHLENBROCK    )
                                )
        PLAINTIFF           )
                                )
v.                              )
                                )
JAMES H. BILLINGTON         )
                                )
        DEFENDANT           )
_____)
```

Civil Action No. 05-1921 (HHK)

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF DISPUTED FACTS

Defendant, James H. Billington, Librarian of Congress, by and through his undersigned counsel, hereby submits this response to Plaintiff's Statement of Disputed Facts. As explained below, Plaintiff's filing of 69 paragraphs of alleged disputed facts is nothing more than attempt to create the appearance of material facts in dispute when in fact there are none.

1.    This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that in 1982, Plaintiff filed an EEO complaint alleging sexual harassment by Dr. Medina. Accordingly there are no material facts in dispute.

2.    This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that in 1984, Plaintiff filed an EEO complaint against Dr. Medina alleging discrimination on the basis of sex.

3.    This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that in Plaintiff's 1985 Complaint against the Library of Congress before the

1

United States District Court for the District of Columbia, Ms. Von Muhlenbrock alleged that her then supervisor, Dr. Medina, sexually harassed and discriminated against her on the basis of sex.

4.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that during his deposition in this case, Dr. Medina testified that he "did not recall" making remarks in the presence of Gisela Von Muhlenbrock about her physical appearance.

5.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that a co-Plaintiff in Plaintiff's 1985 action, Phuong Khanh Thi Nguyen, alleged that her then supervisor, and Chief of the Far Eastern Division of the Law Library, Dr. Tao-Tai Hsia, engaged in discrimination and harassment.

6.   This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff's statement regarding her alleged contact with the Library in 1991 is not material inasmuch as it has no relation to this case (i.e., Plaintiff's application for a Foreign Law Specialist Position in 2003).

7.   This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff's statement regarding her alleged contact with the Library in 1991 is not material inasmuch as it has no relation to this case (i.e., Plaintiff's application for a Foreign Law Specialist Position in 2003.)

8.   This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff's statement regarding her alleged contact with the Library in 1991 is not material inasmuch

2

as it has no relation to this case (i.e., Plaintiff's application for a Foreign Law Specialist Position in 2003.)

9.     This paragraph does not contain a genuine issue in dispute.  Specifically, Plaintiff's statement regarding her alleged contact with the Library in 1991 is not material inasmuch as it has no relation to this case (i.e., Plaintiff's application for a Foreign Law Specialist Position in 2003.)

12.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Dr. Medina testified that he didn't recall having any discussions about the Foreign Law Specialist position.

13.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Kersi Shroff, the selecting official for the Foreign Law Specialist position remembers having two or three discussions with Dr. Medina (among others) regarding the position.

14.    Plaintiff mischaracterizes Dr. Medina's testimony in this paragraph.  Specifically, Dr. Medina testified that he did not have "direct participation" in the development of the Foreign Law Specialist position description.  Plaintiff's Ex. 9, Medina Depo. at 72:16-21; 73:1-5.

15.    Plaintiff mischaracterizes Dr. Medina's testimony in this paragraph.  Specifically, Dr. Medina testified that he did not recall meeting with the EEO investigator, or providing an affidavit in response to Plaintiff's complaint of discrimination.  Plaintiff's Ex. 9, Medina Depo. at 94:10-21; 95: 1-10.

16.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that Mr. Shroff testified that Dr. Medina provided input in formulating the
       Foreign Law Specialist position and that he approved the position description.

17.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that on May 5, 2003, Ms. Von Muhlenbrock was informed that she had not
       been selected for the position.

18.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that on July 9, 2003, Ms. Von Muhlenbrock was told that she had not been
       selected for the Position because "[h]er score was a 96 and the cut-off score for referral
       for interview was a 97."

19.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that on July 17, 2003, Plaintiff filed an informal complaint of discrimination
       with the Library's Equal Employment Opportunity Complaints Office.

20.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that Mr. Shroff has known Ms. Von Muhlenbrock since the early 1980s when
       they were colleagues at the Law Library.

21.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
       not dispute that Mr. Shroff was aware that Ms. Von Muhlenbrock has filed a sexual
       discrimination complaint against the Library of Congress in the 1980s.

22.    This paragraph does not contain a genuine issue in dispute.  Defendant does not dispute
       that Mr. Shroff's supervisor is Dr. Medina.

4

23.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that a co-plaintiff in Plaintiff's 1985 lawsuit alleged that Dr. Hsia, Chief of the Eastern Law Division at the time the Foreign Law Specialist position was being filled (in 2003), had discriminated against her in 1985.

24.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Dr. Hsia - as chief of the Law Library division that was not hiring - selected Ms. Levush to be an interview panel member.

25.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Mr. Shroff testified that "generally . . . we wanted to see the top five percent of the candidates. . . "

26.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that, mathematically the top five percent of candidates would have included all individuals who scored a 96 or higher, including Plaintiff.  However, this is not material because there is no evidence in the record that Mr. Shroff was required to interview the "top five percent of candidates, nor would such evidence be probative of discrimination.  See Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183-1184 (D.C. Cir. 1996), 86 F.3d at 1183, quoting Milton v. Weinberger, 696 F.2d 94, 199 (D.C. Cir. 1982)("Even if a court suspects that a job applicant 'was victimized by poor selection procedures' it may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'").

27.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that the attachment forwarded to Mr. Shroff does not correctly state the number of applicants who scored a 96, the same as Ms. Von Muhlenbrock.  However, this is not material because, importantly, the fact remains that Mr. Shroff was never aware (until after Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff had even applied for the Foreign Legal Specialist position.  Defendant's Motion, Ex. 6; Ex. 7; Ex. 12 ¶ 5.

28.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that there is a document in the Merit Selection File (Plaintiff's Opp., Ex. 28) which appears to have "overridden responses".  However, this is not material because, there is no evidence in the record that this document (Plaintiff's Opp. Ex. 28) in any way relates to Plaintiff's application.  More important, any "override" is not material because an examination and comparison between Exhibit 28 and Plaintiff's application (Plaintiff's Opp, Ex. 4) shows that <u>none</u> of the applicant's responses were changed.  (<u>Compare</u> Plaintiff's Opp, Ex. 4 with Ex. 28).  Furthermore, the fact remains that Mr. Schroff was never aware (until after Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff had even applied for the Foreign Legal Specialist position.  Defendant's Motion, Ex. 6; Ex. 7; Ex. 12 ¶ 5.

29.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that its witnesses could not provide an explanation for any alleged "overriding."  <u>See</u> Paragraph 28, above.

30.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that the selection panel did not select the top five percent of candidates to interview for the position.  However, this is not material because there is no evidence in the record that Mr. Shroff was required to interview the "top five percent of candidates," nor would such evidence be probative of discrimination.  See Fischbach, supra.

31.   Plaintiff mischaracterizes the record of evidence in this paragraph.  Both Mr. Shroff and the HRS staffing specialist, Ms. Nichols, were consistent in their testimony that the Library's merit selection rules mandated that at least the top seven applicants were to be interviewed for any vacancy.  Defendant's Motion, Ex. 14, Shroff Depo. At 82: 15-21; see also Ex. 16, Nichols Depo. at 47:2-11.  Consistent as well with the Library's merit selection rules, Mr. Shroff decided to expand the pool of interviewees and settled on the top ten persons because the score of 97 presented a "good break" in the scores. Defendant's Motion, Ex. 14, Shroff Depo. at 88:11-21; 89:1-20; see also, Plaintiff's Opp. Ex. 29, Article VI.D.1.d ("Prior to receiving the referral list and applications for interviews, the Selecting Official may request a larger pool.").

32.   Plaintiff mischaracterizes the record of evidence in this paragraph.  Both Mr. Schroff and the HRS staffing specialist were consistent in their testimony that the Library's merit selection rules mandated that at least the top seven applicants were to be interviewed for any vacancy.  Id.

33.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that the Library's Merit Selection and Promotion Plan requires that "the

automated system generates a list of the top seven applicants plus tied scores" for interview referral.

34.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Ms. Nichols believed that Mr. Shroff wanted to interview the top ten applicants because the Merit Selection and Promotion Plan's requirement that the top seven applicants plus ties be interviewed resulted in ten applicants.

35.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that the top seven applicants plus ties would not have resulted in an interview of ten candidates, but of eight candidates.  However, this is not material inasmuch as there is no evidence in the record that Mr. Shroff could not interview more than seven applicants.  Indeed, the Library's Merit Selection and Promotion Plan states that the selecting official may expand the pool ("Prior to receiving the referral list and applications for interviews, the Selecting Official may request a larger pool" See Plaintiff's Opp., Ex. 29, Article IV.D.1.d).  Thus, consistent as well with the Library's merit selection rules, Mr. Shroff decided to expand the pool of interviewees and settled on the top ten persons because the score of 97 presented a "good break" in the scores. Shroff Depo. At 88:11-21; 89:1-20.   More importantly, even assuming the top seven applicants plus ties (i.e., the top eight candidates, or those who scored higher than a 98) were referred for interview, Ms. Von Muhlenbrock, who scored a 96, still would not have scored high enough to be referred for an interview.

8

36.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
        not dispute that the top seven applicants plus ties would not have resulted in an interview
        of ten candidates, but of eight candidates.  However, this is not material.  See paragraph
        35, above.

37.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
        not dispute that Ms. Nichols believed that "[The Selecting Official, Mr. Shroff] knew that
        the tied scores had to be referred as well.  That's why he indicated that [he] wanted to
        interview the top ten."

38.     Plaintiff mischaracterizes the record of evidence in this paragraph.  Specifically,
        Defendant does not dispute that Mr. Shroff was not aware that the Library's Merit
        Selection and Promotion Plan required he interview the top seven applicants plus ties.
        Rather, Mr. Shroff understood that the Merit Selection and Promotion Plan required him
        to interview a minimum of seven applicants.  See Defendant's Motion, Ex. 14, Shroff
        Depo. At 82: 15-21; see also Ex. 16, Nichols Depo. at 47:2-11.  The record also shows
        that consistent with the Library's merit selection rules (See Plaintiff's Opp, Ex. 29, Art.
        VI.D.1.d), Mr. Shroff decided to expand the pool of interviewees and settled on the top
        ten persons because the score of 97 presented a "good break" in the scores.  Shroff Depo.
        at 88:11-21; 89:1-20.

39.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does
        not dispute that the Library's Merit Selection and Promotion Plan requires selecting

officials to apply the principles and requirements of the Merit Selection and Promotion Plan.

40.     Plaintiff mischaracterizes the record of evidence in this paragraph.  Specifically, the record shows that Mr. Shroff understood that the Library's merit selection rules mandated that at least the top seven applicants were to be interviewed for any vacancy. Defendant's Motion, Ex. 14, Shroff Depo. at 82:15-21.  The record also shows that consistent with the Library's merit selection rules (See Plaintiff's Opp, Ex. 29, Art. VI.D.1.d), Mr. Shroff decided to expand the pool of interviewees and settled on the top ten persons because the score of 97 presented a "good break" in the scores.  See Defendant's Motion, Ex. 14, Shroff Depo. At 88:11-21; 89:1-20.

41.     Plaintiff mischaracterizes the record of evidence in this paragraph.  The initial communication between Ms. Nichols and Mr. Shroff was not "regarding the basis for selecting applicants to interview for the position" but rather  was a scoring breakdown for the selecting official to review shortly before Vacancy Announcement No. 020307 closed, in order for the selecting official to have a general idea about the number of applicants and the range of scores of those applicants.  See Plaintiff's Opp, Ex. 31, ¶ 4.

42.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Mr. Shroff did not recall receiving an initial communication from Ms. Nichols which provided a scoring breakdown for him to review shortly before Vacancy Announcement No. 020307 closed, in order for him to have a general idea about the number of applicants and the range of scores of those applicants.

43.     Plaintiff's statement that Defendant "failed to follow its policies and procedures in filling

the Position" is opinion and conclusory, and thus, insufficient to defeat defendant's

motion for summary judgment. See, e.g. Campbell-El v. District of Columbia, 874

F.Supp. 403, 407 (D.D.C. 1994)("Beliefs are not fact", and a plaintiff, to defeat a

defendant's motion for summary judgment, must assert facts.); Hussain v. Principi, 344

F.Supp.2d 86, 100 (D.D.C. 2004)("...conclusory statements cannot defeat summary

judgment."). More important, to the extent that the Library did not follow each and

every procedure outlined in the Merit Selection and Promotion Plan (e.g., Ms. Nichols

did not alphabetize the list of applicants referred to interview) this is not material and

does not in any way change the fact that Plaintiff did not score high enough to be referred

for an interview, nor does it change the fact that Mr. Shroff was never aware (until after

Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff

had even applied for the Foreign Legal Specialist position. Defendant's Motion, Ex. 6;

Ex. 7; Ex. 12 ¶ 5.

44.     This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does

not dispute that its Merit Selection and Promotion Plan requires that (1) "the automated

system [generate] a list of the top seven applicants plus tied scores. . . ", (2) "the list of

applicants referred. . . be in alphabetical order with no reference to the automated system

results . . . ", (3) "[a]t the conclusion of the selection process, a report will be compiled

that will include documentation developed and maintained at each step of the Library's

merit selection process. . . "(4) "if a grievance or other complaint or dispute is filed

regarding the action, [the merit selection] file shall be maintained until the conclusion of this case.

45.     Plaintiff's statement the "Defendant is remarkably unaware of its own policies and procedures" is opinion and conclusory, and thus, insufficient to defeat defendant's motion for summary judgment. <u>See, e.g.</u> <u>Campbell-El</u>, 874 F.Supp. at 407("Beliefs are not fact", and a plaintiff, to defeat a defendant's motion for summary judgment, must assert facts.). <u>Hussain v. Principi</u>, 344 F.Supp.2d 86, 100 (D.D.C. 2004)("...conclusory statements cannot defeat summary judgment.").

46.     This paragraph does not contain a genuine issue in dispute.  Defendant does not dispute that Mr. Shroff may not have been fully cognizant of the requirements delineated in Library's Merit Selection and Promotion Plan.  However, Mr. Shroff's lack of knowledge or understanding is not material inasmuch as one cannot ascribe a discriminatory animus to Mr. Shroff solely on any lack of understanding he may have had about all of the procedures in the Merit Selection Plan, and to the extent that there was any "confusion" on the part of Mr. Shroff, it should be attributed to the benign fact that the Foreign Law Specialist was the <u>first</u> position he had ever filled at the Library of Congress. Defendant's Motion, Ex. 14, Shroff Depo. at 83: 5-9.  <u>See also</u> <u>Fischbach</u>, 86 F.3d at 1183, <u>quoting</u> <u>Milton v. Weinberger</u>, 696 F.2d 94, 199 (D.C. Cir. 1982)("Even if a court suspects that a job applicant 'was victimized by 'poor selection procedures' it may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'").

12

47.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Dr. Medina testified that he had no recollection of ever reading the policies and did not know what was in them.  However, Dr. Medina's lack of knowledge is not material inasmuch as Dr. Medina was not the selecting official, nor was he the HR staffing specialist on this position.  Furthermore, there is no evidence in the record that Dr. Medina was ever a selecting official while the Library's Merit Selection and Promotion Plan was in effect, thus, he would have no reason to be aware of the policies and requirements of the Merit Selection and Promotion Plan.

48.     This paragraph does not contain a genuine issue in dispute.  First, Defendant does not dispute that the automated system, AVUE, did not generate a list of top seven scores plus tied scores.  However, this is not material because the Library's Merit Selection and Promotion Plan gives the selecting official discretion to expand the pool of candidates. Thus, when Ms. Nichols keyed in Mr. Shroff's desired cut-off score (i.e., 97) the system generated the top ten candidates (or all those who scored 97 or higher).  This list did not include Ms. Von Muhlenbrock because she scored a 96 and thus was not referred for an interview.  Second, Defendant does not dispute that  Ms. Nichols did not rank the interviewees in alphabetical order as required by the Plan.  However, the manner in which Ms. Nichols ranked the interviewees is not material inasmuch as this would not have changed the fact that Ms. Von Muhlenbrock did not score high enough to be referred for an interview and that Mr. Shroff was never aware (until after Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff had even

13

applied for the Foreign Legal Specialist position.  Defendant's Motion, Ex. 6; Ex. 7; Ex.

12 ¶ 5.  Further, evidence that Ms. Nichols did not alphabetize the list of interviewees

would not be probative of discrimination.  See Fischbach, 86 F.3d at 1183, quoting

Milton v. Weinberger, 696 F.2d 94, 199 (D.C. Cir. 1982)("Even if a court suspects that a

job applicant 'was victimized by 'poor selection procedures' it may not 'second-guess an

employer's personnel decision absent demonstrably discriminatory motive.'").  Third,

Defendant does not dispute that Ms. Nichols does not recall compiling a report at the

conclusion of the selection process.   However, evidence that Ms. Nichols did not

compile a report at the conclusion of the selection process would not be probative of

discrimination.  See Fishbach, supra.   Fourth, Defendant does not dispute that four

documents were not maintained as part of the Merit Selection File.  Specifically, 1) an e-

mail to the selecting official, Mr. Shroff, that would have been generated one to two days

before Vacancy Announcement No. 020307 closed (i.e., generated on or around January

23, 2003); 2) an attachment to the e-mail to Mr. Shroff which contained the scoring

breakdown of the applicants; 3) an e-mail from Mr. Shroff informing Ms. Nichols that he

wanted to interview the top ten candidates; and 4) the Level 2 AA Review which shows

the diversity of the likely pool of candidates prepared after the closing of the Vacancy

Announcement.  See Plaintiff's Opp, Ex. 31, ¶ 3.  However, this is not material inasmuch

pursuant to the Merit Selection and Promotion Plan that was in effect at the time of the

Foreign Law Specialist position, Ms. Nichols was not required to generate a scoring

breakdown or provide the scoring breakdown to the selecting official prior to the

14

Vacancy Announcement.  Accordingly, she was not required to maintain those records in the Merit Selection File, nor required to maintain an e-mail from Mr. Shroff sent prior to the vacancy closing advising me that he wanted to interview the top ten candidates (number three in paragraph three, above).  Id. at ¶ 4.  Moreover, even to the extent that the documents enumerated above were required to be maintained, none of the documents would have contained the names of any of the applicants.  Id. at ¶ 3.  Thus, the existence of these documents does not change the fact that Mr. Shroff was never aware (until after Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff had even applied for the Foreign Legal Specialist position nor does it change the fact that Plaintiff did not score high enough to be referred for an interview.  Defendant's Motion, Ex. 6; Ex. 7; Ex. 12 ¶ 5.

49.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that the automated system, AVUE, did not generate a list of top seven scores plus tied scores.  However, this is not material because the Library's Merit Selection and Promotion Plan gives the selecting official discretion to expand the pool of candidates.  Thus, when Ms. Nichols keyed in Mr. Shroff's desired cut-off score (i.e., 97) the system generated the top ten candidates.  This list did not include Ms. Von Muhlenbrock because she scored a 96 and thus was not referred for an interview.

50.   This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Ms. Nichols did not rank the interviewees in alphabetical order as required by the Plan.  However, the manner in which Ms. Nichols ranked the

15

interviewees is not material inasmuch as this would not have changed the fact that Ms. Von Muhlenbrock did not score high enough to be referred for an interview and that Mr. Schroff was never aware (until after Plaintiff's complaint was filed with the Library's EEO complaints office) that Plaintiff had even applied for the Foreign Legal Specialist position. Defendant's Motion, Ex. 6; Ex. 7; Ex. 12 ¶ 5. Further, evidence that Ms. Nichols did not alphabetize the list of interviewees would not be probative of discrimination. See Fischbach, 86 F.3d at 1183, quoting Milton v. Weinberger, 696 F.2d 94, 199 (D.C. Cir. 1982)("Even if a court suspects that a job applicant 'was victimized by 'poor selection procedures' it may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'").

51. This paragraph does not contain a genuine issue in dispute. Defendant does not dispute that Ms. Nichols does not recall compiling a report at the conclusion of the selection process. Further, evidence that Ms. Nichols did not compile a report at the conclusion of the selection process would not be probative of discrimination. See Fishbach, supra

52. This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that four documents were not maintained as part of the Merit Selection File. Specifically, 1) an e-mail to the selecting official, Kersi Shroff, that would have been generated one to two days before Vacancy Announcement No. 020307 closed (i.e., generated on or around January 23, 2003); 2) an attachment to the e-mail to Mr. Shroff which contained the scoring breakdown of the applicants; 3) an e-mail from Mr. Shroff informing me that he wanted to interview the top ten candidates; and 4) the Level 2 AA

16

Review which shows the diversity of the likely pool of candidates prepared after the

closing of the Vacancy Announcement.  See Plaintiff's Opp, Ex. 31, ¶ 3.  However, this

is not material in as much as the existence of these documents does not change the fact

that Mr. Shroff was never aware (until after Plaintiff's complaint was filed with the

Library's EEO complaints office) that Plaintiff had even applied for the Foreign Legal

Specialist position nor does it change the fact that Plaintiff did not score high enough to

be referred for an interview.  Defendant's Motion, Ex. 6; Ex. 7; Ex. 12 ¶ 5.

53.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does

not dispute that in or around September 2007, Ms. Nichols discovered that the followed

documents were no longer in the merit selection file:  1) an e-mail to the selecting

official, Kersi Shroff, that would have been generated one to two days before Vacancy

Announcement No. 020307 closed (i.e., generated on or around January 23, 2003); 2) an

attachment to the e-mail to Mr. Shroff which contained the scoring breakdown of the

applicants; 3) an e-mail from Mr. Shroff informing me that he wanted to interview the

top ten candidates; and 4) the Level 2 AA Review which shows the diversity of the likely

pool of candidates prepared after the closing of the Vacancy Announcement.

54.    Plaintiff mischaracterizes the record in this Paragraph.  There is no evidence in the record

that Defendant "destroyed" or failed to maintain electronic documents.  Importantly, Ms.

Nichols was not required to generate a scoring breakdown or provide the scoring

breakdown to the selecting official prior to the Vacancy Announcement.  Plaintiff's Opp.,

Ex. 31, ¶ 4.  Thus, Ms. Nichols was not even required to maintain those records in the

17

Merit Selection File.  Id.  Likewise, Ms. Nichols was also not required to maintain an e-mail from Mr. Shroff sent prior to the vacancy closing advising Ms. Nichols that he wanted to interview the top ten candidates (number three in paragraph three, above).  Id. She generated a scoring breakdown for the selecting official shortly before Vacancy Announcement No. 020307 closed, as a general practice, in order for the selecting official to have a general idea about the number of applicants and the range of scores of those applicants.  Id.  While it is unfortunate that one document which should have been maintained in the merit selection file (ie., the "Level 2 AA review") is no longer in the file, this is not material because this document would not have contained the names of any of the applicants (see Plaintiff's Opp., Ex. 31, ¶ 4), and does not in any way change the fact that Plaintiff did not score high enough to be referred to an interview.

55.    This paragraph does not contain a genuine issue in dispute.  Defendant does not dispute that the earliest data the Library has on back-up tapes used by Ms. Nichols and Mr Shroff is December 27, 2004.

56.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Dr. Medina stated that although he was aware of a request for documentation he had never searched his documents or reviewed e-mails that might relate to the substance of the lawsuit.

57.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Dr. Medina has not handled his e-mail any differently since the lawsuit

commenced, and is not aware of any special treatment of documents once a lawsuit had commenced.

58. This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that Dr. Medina has never received any instruction to take any action with respect to documentation when such an action is filed.

59. This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that Mr. Shroff selected and recommended Mr. Gustavo Guerra for the Foreign Law Specialist position nor does it change the fact that Plaintiff did not score high enough to be referred for an interview for the Foreign Law Specialist position.

60. Plaintiff's "summary" of Mr. Guerra's qualifications is opinion, and thus, insufficient to defeat defendant's motion for summary judgment. See, e.g. Campbell-El, 874 F.Supp. at 407("Beliefs are not fact", and a plaintiff, to defeat a defendant's motion for summary judgment, must assert facts.). Hussain v. Principi, 344 F.Supp.2d 86, 100 (D.D.C. 2004)("...conclusory statements cannot defeat summary judgment.").

61. This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that Mr. Shroff testified that he selected and recommended Mr. Guerra for the Foreign Law Specialist position in part because of the selectee's Mexican law qualifications. Defendant also does not dispute that the selectee stated in his interview that he was an "attorney, licensed in Mexico 1995."

62. This paragraph does not contain a genuine issue in dispute. Specifically, Defendant does not dispute that there is no evidence in the record that Mr. Guerra is licensed to practice law in Mexico. However, this is not material because a "license to practice law in

19

Mexico" is not a *bona fide* occupational qualification for the Foreign Law Specialist

position.  See Plaintiff's Opp, Ex. 15.  Furthermore, Mr. Guerra <u>did</u> provide proof of his

completion of his Licenciado en Derecho program during the application process for the

Foreign Law Specialist Position.  Ex. 19.  Moreover, Plaintiff's opinion as to Mr.

Guerra's qualifications are irrelevant on the merits, and for this reason as well, is

insufficient to defeat Defendant's motion.  <u>Vasilevsky v. Reno</u>, 31 F.Supp.2d 143, 150

(D.D.C. 1998)("Plaintiff's argument with respect to the comparison of [his]

qualifications with those of the selected candidates truly misses the point.  It is the

plaintiff's duty to put forth evidence of discrimination not to 'quibble about the

candidates' relative qualifications.'")(citation omitted); <u>Fischbach v. District of

Columbia Dep't of Corrections</u>, 86 F.3d 1180, 1183-1184 (D.C. Cir. 1996); <u>Simms v.

Oklahoma et rel. Dept. of Mental Health and Substance Abuse Services</u>, 165 F.3d 1321,

1329 (10th Cir. 1999) <u>cert. denied</u>, 528 U.S. 815 (1999).

63.     This paragraph does not contain a genuine issue in dispute.  Defendant does not dispute

that in accordance with the Vacancy Announcement for the Foreign Law Specialist

position, applicants who were certified to practice law were to provide evidence of

certification at the interview.

64.     This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does

not dispute that the Library ever asked Mr. Guerra to provide evidence of his certification

to practice law in Mexico.  However, this is not material because a "license to practice

law in Mexico" is not a *bona fide* occupational qualification for the Foreign Law

Specialist position.  See Plaintiff's Opp, Ex. 15.  Furthermore, Mr. Guerra did provide

proof of his completion of his Licenciado en Derecho program during the application

process to the Foreign Law Specialist Position.  Ex. 19 (Copies of Licendciado en

Derecho and English translation provided by Mr. Guerra at time of application).

Moreover, Plaintiff's opinion as to Mr. Guerra's qualifications are irrelevant on the

merits, and for this reason as well, is insufficient to defeat Defendant's motion.

Vasilevsky v. Reno, 31 F.Supp.2d 143, 150 (D.D.C. 1998)("Plaintiff's argument with

respect to the comparison of [his] qualifications with those of the selected candidates

truly misses the point.  It is the plaintiff's duty to put forth evidence of discrimination not

to 'quibble about the candidates' relative qualifications.'")(citation omitted); Fischbach

v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183-1184 (D.C. Cir. 1996);

Simms v. Oklahoma et rel. Dept. of Mental Health and Substance Abuse Services, 165

F.3d 1321, 1329 (10th Cir. 1999) cert. denied, 528 U.S. 815 (1999).

65.    Plaintiff mischaracterizes the record in this paragraph.  Specifically, discovery in this

matter closed on November 2, 2007.  However, Plaintiff did not request evidence of Mr.

Guerra's license to practice law in Mexico until November 28, 2007, nearly one month

after the close of discovery.  Ex. 18, Letter to Kelly Schmidt from Jonathan Brumer.

Furthermore, this evidence is not material inasmuch as a license to practice law in

Mexico is not a *bona fide* occupational requirement for the Foreign Law Specialist

position.  Id., see also Plaintiff's Opp., Ex. 15.

66.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does

not dispute that applicants would be evaluated on their "knowledge of

Spanish/Portuguese laws."  In addition, Mr. Shroff testified that he believed that it was

important for the selectee to have "[m]ainly Spanish background, qualification from one

of the Spanish speaking jurisdictions in the Latin American region and [he] believed the

way they worded [the vacancy announcement] a working knowledge of Portuguese

language countries."  Plaintiff's Opp., Ex. 16, Shroff Depo. 112:17-21; 113:1-6.  The

Vacancy Announcement further states that the position "relates to the laws of Spanish or

Portuguese language countries and any other assigned jurisdictions."  Plaintiff's Opp. Ex.

17, at p.1.

67.    This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does

not dispute that Mr. Shroff's interview notes reflect that Mr. Guerra had no experience

with Portuguese laws.  However, this is not material because Mr. Shroff testified that he

believed that it was important for the selectee to have "[m]ainly Spanish background,

qualification from one of the Spanish speaking jurisdictions in the Latin American region

and [he] believed the way they worded [the vacancy announcement] a working

knowledge of Portuguese language countries."  Plaintiff's Opp., Ex. 16, Shroff Depo.

112:17-21; 113:1-6.  The Vacancy Announcement further states that the position "relates

to the laws of Spanish or Portuguese language countries and any other assigned

jurisdictions."  Plaintiff's Opp. Ex. 17, at p.1.

68. This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that Mr. Shroff explained what he remembered about the interview stating: "[Mr. Guerra] was a very competent individual who would be able to take over the responsibilities, to work in the manner in which we expected the person to work, cooperatively and taking on assignments as they were given."

69. This paragraph does not contain a genuine issue in dispute.  Specifically, Defendant does not dispute that on May 1, 2003, Dr. Medina approved the selection and recommendation of Mr. Guerra by Mr. Shroff for the Position.

April 9, 2008                                    Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/_____
JULIA K. DOUDS
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 707-7198
(202) 514-8780 (facsimile)

Agency Counsel:

Evelio Rubiella
Associate General Counsel
Library of Congress

23