# EXHIBIT 2

Lloyd A. Pauls                                                August 6, 1984
Assistant Chief, Equal Employment
  Opportunity Complaints Office
Christine C. Sirpe
Counselor, Equal Employment
  Opportunity Complaints Office
Counselor's Report on: Gisela von Muhlenbrock Clarke
                       (EEO Case No. 84-67)


Complainant: Gisela von Muhlenbrock Clarke, GS-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-P, Foreign Law Specialist (Legal Specialist), Hispanic Law Division, Law Library.

Staff Members Charged: Carleton W. Kenyon (American), GS-17, Law Library Director (The Law Librarian) and Rubens Medina (American citizen, Paraguayan by birth), GS-16, Supervisory Foreign Law Specialist (Chief, Hispanic Law Division).

Bases of Alleged Discrimination: Sex (female) and national origin (Chilean).

Date of Alleged Discrimination: April 11, 1984—date of a memorandum from Dr. Medina in which Ms. von Muhlenbrock Clarke's request for promotion to GS-13 was denied.

Remedy Sought: Promotion to GS-14, with backpay to March 1983.

People Interviewed: The Complainant and the Staff Members Charged.

## Background

Ms. von Muhlenbrock Clarke told this counselor that she came to the United States as a tourist on December 21, 1979, afterwards requesting political asylum because of the "political climate" in Chile. Ms. von Muhlenbrock Clarke saw an advertisement in the Washington Post for a GS 11/12 position at the Law Library of the Library of Congress. She contacted Dr. Rubens Medina and was told the position was taken. Later, in March 1980, Dr. Medina contacted her and hired her, allegedly, according to Ms. von Muhlenbrock Clarke, at the GS-12 level. By the time she was issued her visa in order to work in this country, the Federal hiring freeze went into effect, and she states that she had to wait nine months to go to work. Subsequently, she states, she was told that she was being hired at GS-11, with no explanation given for the alleged change in entry grade.

The Personnel Action Recommendation, appointing her to the position of Legal Specialist in the Hispanic Law Division, effective February 2, 1981, states in part:

- 2 -

> Ms. von Muhlenbrock meets all the requirements
> established for the performance of the duties
> included in the corresponding position descrip-
> tion. In this regard, she holds a professional
> law degree from the Catholic University of Chile
> Law School; was a legal practicioner (sic) in
> the city of Santiago both as a private and a
> corporate attorney for several years (1974-1979);
> participated in academic activity teaching legal
> subjects; was exposed to some legal training in
> the United States; and has excellent command of
> the foreign languages required.

Her Official Personnel Folder (OPF) shows that she was promoted to GS-12 Foreign Law Specialist (Legal Specialist), effective March 22, 1981. There are three satisfactory performance ratings signed by her supervisor, Dr. Medina. None of them have any supervisor's comments. Included in her OPF is her original SF 171 form, signed by her on March 13, 1980, showing in box 13 that the lowest grade she would accept was GS-12.

### Cause of Action

1. Ms. von Muhlenbrock Clarke, having been in grade as a GS-12 for approximately two years, spoke to her supervisor, Dr. Medina, most recently on March 16 and April 5, 1984 regarding her request for immediate promotion to GS-13. She reports that she was particularly concerned about her rate of promotion, since she had allegedly been promised and then denied a GS-12 upon hire.

2. On April 11, 1984, Dr. Medina, via memorandum, informed Ms. von Muhlenbrock Clarke that upon consideration of her request, he had determined that she did not meet the required standards for promotion at this time. The four page memorandum includes aspects of the work upon which Ms. von Muhlenbrock Clarke might focus in seeking promotion to GS-13.

3. On April 25, 1984, Ms. von Muhlenbrock Clarke appealed to The Law Librarian, Carleton W. Kenyon, via memorandum for reconsideration of the denial of promotion. In this communication, Ms. von Muhlenbrock Clarke raised two issues, i.e., why was she denied promotion during the time there were no such promotion plan guidelines and GS-13 specialists were being promoted in other divisions; and her allegation that the requirements for promotion in the Hispanic Law Division were more "onerous" than that in other divisions. Mr. Kenyon replied via memorandum, dated May 4, 1984, that he was satisfied with Dr. Medina's determination that she did not meet the requirements for promotion at this time. He added that prior to the approval of the guidelines for the Legal Specialist Promotion Plan, the position descriptions were used as guidelines to promotional eligibility. All Legal Specialists, he states, were under the requirements for promotion "as delineated in the promotion plan."

- 2 -

4. Also on April 25, 1984, Ms. von Muhlenbrock Clarke wrote a letter to the Chief of the EEOCO initiating an EEO complaint based on her promotion denial.

### Allegations

Ms. von Muhlenbrock Clarke, accompanied by her representative, John Roberts, of the Law Library of Congress United Association of Employees (LLCUAE), made the following allegations at the initial counseling session on May 2, 1984, in support of her charges of discrimination based on sex and national origin. She alleged that the Law Library hires women at a lower entry level and then discriminates against them in the ensuing rate of promotion. This situation, she alleges, is exacerbated by a departmental bias against Hispanics. Those in the European Law Division, who are of European origin, are favored when it comes to promotions. As examples she cites the promotions in 1984, subsequent to the enforcement of the 1984 Promotion Plan for Foreign Law Specialists, of Theresa Papademetriou, and Giovanni Salvo, who with less time in grade than she, and to her knowledge, no greater knowledges, skills, and abilities than she, were promoted to GS-12 while she was denied promotion. (Excerpts from the Official Personnel Folders of Salvo and Papademetriou are included in the counselor's file for perusal should their comparative treatment be deemed an important issue in seeking resolution of the von Muhlenbrock Clarke complaint later in the administrative process). Her argument is that she has been in the promotion zone for GS-13 long before the 1984 Guidelines went into effect, and Salvo and Papademetriou were not. Yet, it would appear, she argues, that she is being subjected to the new guidelines to prevent her promotion, and it would appear to her that Salvo and Papademetriou were not.

The new guidelines are described by the complainant as "mission impossible" for her, because of her heavy workload. She is the only Legal Specialist in the Hispanic Law Division, other than the Chief and the Assistant Chief, and as such she has full responsibility at all levels of difficulty for Chile, Costa Rica, El Salvador, Guatemala, Honduras, Nicaragua, Panama, and Venezuela. Although she has finished 30 pages of a publication entitled, Refugee Crises in Central America in Terms of International and National Law, she is unable to complete it because of the press of everyday work. Allegedly Dr. Medina's suggested solution for this is that she take a weekend and complete the publication. Mr. Roberts said that as they stand, the guidelines are prejudicial to employees with a heavy workload, because almost all the requirements are based on factors outside your work--how much participation in associations, personal contacts, scholarly publications. "This is not a university," Mr. Roberts argues, "it is a merit system. Your supervisor is supposed to judge your merit, not somebody else."

Mr. Kenyon has been charged, she states, because of an alleged lack of even-handed administration of the promotion guidelines. He is the final word on all promotions, and he is allegedly biased against women and

- 4 -

Hispanics. It is her perception regarding Mr. Kenyon that "We [Hispanics] are an inferior people. Our legal system is inferior." Regarding his view of women, she stated that Mr. Kenyon has allegedly told her, "I don't like dominant women."

The allegations regarding Dr. Medina follow. Firstly, she charges that since her marriage on June 4, 1983 to Stephen P. Clarke, a GS-13 in the American-British Law Division, Dr. Medina has suggested that she did not need a promotion. She was married now and did not have to worry about these things any more. Additionally, she charged that although the new guidelines speak of outside contacts and participation in professional organizations, she has never been granted administrative leave to attend conferences or professional meetings. For instance, last August she was invited to give a speech on the rights of refugees under international law by the Washington Office on Latin America, and she was refused such leave.

Although she is not charging sexual harassment as a basis in this current informal complaint, Ms. von Mehlenbrock Clarke said that there are residual problems in that area. Her supervisor allegedly still makes comments about her legs as well as making unwelcome remarks about other women in the office. Allegedly, also, she feels that the fact that she rejected him back in 1982 has caused resentment and is a factor in her nonpromotion. Ms. von Mehlenbrock Clarke states that she lodged a sexual harassment complaint with Doris E. Meece, Staff Relations Officer, back in 1982. The complainant asked that this counselor seek details from the Staff Relations Office of her sexual harassment complaint, but was told that this sort of investigatory approach would be more suitable at the formal level.

### The Promotion Guidelines

This counselor asked LaVerne P. Mullin, Executive Officer of the Law Library, for copies of the current guidelines entitled "Administration of the Legal Specialist Promotion Plan (1976)" and "Promotion Plan for Foreign Law Specialist (1984)." He stated that the former were superseded in early 1983. These guidelines are included in the counselor's file.

### Summary of Interviews with Staff Members Charged

The Law Librarian, Mr. Kenyon, and the Chief of the Hispanic Law Division, Dr. Medina, both saw no merit to Ms. von Mehlenbrock Clarke's contention that she should have been promoted prior to January 1984 and that therefore, it was unfair to impose the 1984 promotion standards on her. Mr. Kenyon, interviewed on June 13, 1984, denied that there was favoritism in the Law Library regarding those of European descent stating that "Foreign Law Specialists are promoted when they meet the standards for promotion." Asked about the promotions of Papademetriou and Salwe, Mr. Kenyon stated that both were promoted from GS-12 to GS-13 effective February 20, 1984. Asked if

- 5 -

their promotions came under the 1984 guidelines, he responded that "both promotions were made in conformity to the position descriptions and the promotion plan for Foreign Law Specialists." Told of Ms. von Mehlenbrock Clarke's allegation that there is preferential treatment in the Law Library of male specialists in both beginning pay offers and in rate of promotion and that this can be proven statistically, Mr. Kenyon replied that there was no merit to this charge. "Initial hiring of Foreign Law Specialists is based on their specialized experience in legal research or in the practice of law, and they are promoted on the basis of performance," he stated.

Dr. Medina was interviewed by this counselor on June 12, 1984. He denied Ms. von Mehlenbrock Clarke's allegations regarding sex discrimination and alleged statements he had made in this regard, and any discriminatory treatment regarding her nonpromotion thus far to GS-13. No promise had been made to Ms. von Mehlenbrock Clarke of a GS-12 entry position. When the person applies for a job, he stated, there are never any promises made as to the entry grade. Dr. Medina submitted a copy of the Vacancy Announcement 10311 under which Ms. von Mehlenbrock Clarke was hired. It was posted at the GS-11/12 level with minimum qualifications for each entry level listed. He said that just because an applicant applies at the GS-12 level, there is no guarantee that they will get that. Rather an evaluation was made at the time of the appointment, and it was determined that on the basis of her qualifications, especially professional experience, she was to be appointed as a GS-11. No promises can be made at the time of the interview he said, and in fact none were.

For the record, he pointed out that the complainant was initially hired on a temporary appointment, NTE 90 days, effective February 2, 1981. Subsequently she competed for her present position and was selected. In both cases, she was appointed at the GS-11 level. "To my knowledge," he added, "she made no objection to either of these appointments." This counselor noted that there were no official written promotion plan guidelines between 1969 and January 31, 1984, when the Promotion Plan for Foreign Law Specialists was implemented, and asked what standards were used regarding her promotability from March 1983 (when she had one year in grade as a GS-12 and was eligible for promotion to GS-13) and January 1984. He replied that the guidelines were the "position description for GS-095-13, LCR 2010-18, and other appropriate LC regulations, policies, and procedures dealing with career ladder promotions." The reason that she was not promoted during that time frame, he explained was that "she did not meet the above standards. For example, dependence and guidance needed in designing and carrying out complex legal analysis, and limitations in using correct elementary equivalences between Hispanic and Anglo-American legal concepts." He referred to the April 11, 1984 memorandum to Ms. von Mehlenbrock Clarke for further elaboration. He said that she had "not been granted administrative leave because her requests did not meet the requirements established by the Library: LCR 1710-1712 (Attendance at Meetings and Travel); LCR 2023-3 (Teaching, Lecturing, and Writing, and Membership in Organizations); LCR 2022-3 (Excused Absence and Absence on Duty Status to Attend Conventions, Conferences, and Meetings in an Official Capacity)." Regarding the turnover

- 6 -

of the Hispanic Law Division staff, Dr. Medina submitted a chronology of appointments from 1962 forward which is included in the counselor's file. Regarding the sexual harassment allegations, Dr. Medina said they are absolutely untrue. Furthermore, he regards them "as slanderous". "The complainant's nonpromotion, to this point," he said, "has been based solely on her failure to meet the performance requirements necessary for promotion to the GS-13 grade level. As stated in my April 11, 1984, memorandum to her, when she meets these performance requirements, I will recommend her for promotion."

### Disposition

This counselor proposed as a possible resolution that an official desk audit be conducted of Ms. von Muhlenbrock Clarke's position, and if it were found that she was working at the GS-13 level, she be promoted. S. Helen Cherutto-Sullivan, Assistant Counsel for Personnel, who was the representative for both Staff Members Charged, suggested that I inquire of the complainant whether this would be acceptable. I contacted Ms. von Muhlenbrock Clarke's attorney, Edith Barnett, in this regard and was informed on June 14, 1984, that it was not acceptable. A letter from Ms. Barnett, dated June 23, 1984, stated in part, "The Law Library's refusal to promote her is the result of sex discrimination, not misclassification of her position."

This rejection of the counselor's proposal was passed along to management. On July 12, 1984, Ms. Sullivan notified the EEOO that after careful consideration of all of the facts and circumstances involved, management has determined that no resolution of this complaint is possible at this time.

On August 1, 1984, the complainant was final interviewed, told of the inquiry made by this counselor, and apprised of her right to file a formal complaint if she still felt that she had been discriminated against. Ms. von Muhlenbrock Clarke reiterated her belief that she should be promoted to GS-14, with pay retroactive to March 1983. Her rationale is that she should have been hired as a GS-12. Promotion to GS-13 should have come in March of 1982, followed by promotion to GS-14 in March of 1983.

cc: Gisela von Muhlenbrock Clarke
    Edith Barnett, Esq.