**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GISELA VON MUHLENBROCK )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON )<br>)<br>DEFENDANT )<br>_____) | Civil Action No. 05-1921 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ADVERSE INFERENCES AND MONETARY SANCTIONS**

**INTRODUCTION**

Six months after the close of discovery, four months after Defendant's motion for summary judgment, and two months after Defendant's dispositive motion because ripe for a ruling, Plaintiff argues that the Court should make a finding of adverse inference because four documents were lost or destroyed. Plaintiff's current motion for an adverse inference is a disguised sur-reply to get in the last words on her meritless retaliation claim. Indeed, the motion merely expanded on the argument previously asserted in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Plaintiff, however, knew about the four missing documents since September 2007 and did nothing. More importantly, assuming Plaintiff's current motion is proper, Plaintiff has not provided any evidence showing that Defendant engaged in any bad faith conduct when it discarded the four missing documents and, therefore, there is neither a legal nor a factual basis for an adverse inference against Defendant. Moreover, the four documents in question are not materially relevant because they would not shed any light on the issues in this case.

1

Furthermore, because the Court has not made a finding of adverse inference, Plaintiff is not entitled to attorney's fees and cost. For these reasons and those elaborated below, the Court should summarily deny Plaintiff's motion for an adverse inference and for attorney's fees.

## BACKGROUND

In this Title VII action, Plaintiff alleges that she was not hired for a Foreign Law Specialist position at the Library of Congress ("Library" or "Defendant") in retaliation for filing a discrimination complaint in 1985. See Complaint at ¶ 1. On February 6, 2008, after ample discovery, Defendant filed a Motion for Summary Judgment. R. 38. In its Motion, Defendant argued that Plaintiff cannot establish a *prima facie* case of retaliation because of a twenty year lapse between Plaintiff's 1985 protected activity and the alleged retaliatory conduct (her non-selection for the Foreign Law Specialist position in 2003). Under the settled law, the temporal gap is too wide to establish a causal connection between the two events. Defendant's Motion at 5-7. In addition, Defendant showed that there is no evidence in the record that the Library's selecting official in 2003 (who was neither the alleged discriminating official, nor had anything to do with Plaintiff's 1985 complaint) was aware that Plaintiff applied for the position. Id. Therefore, Plaintiff cannot show causation because there is no evidence showing that the selecting official did not select Plaintiff because of retaliatory motive. Defendant's Motion at 7. Moreover, Defendant also had legitimate, non-discriminatory and non-retaliatory reasons for its selection determination. Defendant's Motion at 7-13.

On March 7, 2008, Plaintiff filed her Opposition to Defendant's Motion arguing, among other things, that because Defendant allegedly "lost or destroyed" four documents, summary judgment was not appropriate. R. 39. On April 9, 2008, Defendant filed its Reply, which

2

addressed, inter alia, the arguments raised by Plaintiff in her Opposition, including her arguments regarding the four documents that were "lost or destroyed." R. 40 (see 16-18).

More than two months later, on June 13, 2008, Plaintiff filed a "Motion for Adverse Inferences and Monetary Sanctions." R. 41. In her Motion, Plaintiff argues that she is entitled to an adverse inference and monetary sanctions because Defendant "recklessly. . . lost or destroyed relevant evidence crucial to [her] claims. . . " Id. at 1.

## ARGUMENT

### A. Plaintiff Had Knowledge Of The Missing Documents During Discovery But Failed to Act.

Plaintiff first became aware of the four documents at issue in September 2007. Plaintiff did not file a motion to compel during the discovery period, but instead raised the issue for the first time in her Opposition filed in March 2008. Importantly, the arguments raised by Plaintiff in her June 13, 2008, motion are identical to those raised in her March 7, 2008, Opposition. (compare R. 39 at 8-10 with R. 41, generally and at 5-6.) Therefore, Plaintiff's June 13, 2008, motion is nothing more than a sur-reply in disguise and on that basis alone, the Court should reject Plaintiff's motion.

Moreover, not only did Plaintiff fail to seek leave of Court to file her sur-reply as required by the Local Rules of this Court, see Local Rule 7; see also Pettaway v. Teachers Ins. & Annuity Ass'n of Am., 2008 U.S. Dist. LEXIS 31584, at *2 (D.D.C. Apr. 18, 2008), Plaintiff's motion fails to comply with the standard for seeking leave to file a sur-reply. See Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.").

3

Here, as noted above, the arguments in Plaintiff's motion for an adverse inference are identical to those raised in her March 2008 opposition to Defendant's motion for summary judgment. Although Plaintiff has expanded on those arguments, this does not make those arguments "new." Furthermore, there has also been no suggestion and certainly no showing on the part of the Plaintiff that Defendant, in its reply, raised new issues that might warrant the Court allowing a sur-reply. Thus, for these reasons alone, Plaintiff's untimely and defective filing should be rejected by the Court. See Pettaway v. Teachers Insurance & Annuity Association of America, 2008 U.S. Dist. LEXIS 31584, at *2 (court refused to consider a plaintiff's sur-reply because the plaintiff failed to seek leave from the court to file it); Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)("The standard for granting leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply."); Robinson v. Detroit News, Inc., 211 F. Supp. 2d at 113, (D.D.C. 2002) (court rejected a surreply because it was merely "a reiteration of arguments made in [the] original response to the defendant's motion for summary judgment.").

  **B.**  **There Is No Evidence Of Spoliation of Documents Or Defendant's Bad Faith.**

Plaintiff's claims of spoliation of evidence lacks merit and should be rejected by the Court. Apparently, Plaintiff has filed this motion to reiterate her arguments that the spoliation of four documents gives rise to an inference of retaliation.

Generally, the adverse inference doctrine provides that "when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." Johnson v. WMATA, 764 F. Supp. 1568, 1579 (D.D.C. 1991) (quoting Internat'l Union v. NLRB, 459 F.2d 1329, 1336 (D.C. Cir. 1972)). Such an

4

inference is not drawn, however, "unless there is evidence of evil intent, bad faith or willfulness." Johnson, 764 F. Supp. at 1579-80 (emphasis added) (citing Vick v. Texas Employment Comm'n, 514 F.2d 734, 7347 (5th Cir. 1975); Friends for all Children, Inc. v. Lockheed Aircraft Corp., 587 F. Supp. 180, 208 (D.D.C. 1984)); see also Rice v. United States, 917 F. Supp. 17, 19 (D.D.C. 1996) ("to justify the inference, the circumstances of the [destruction] must manifest bad faith"). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." Aramburu v. The Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997). See also Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995) ("the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction"). Furthermore, as Plaintiff points out, an adverse inference is only available when "the evidence destroyed or altered **was relevant to the claims or defenses the party seeking discovery of said evidence**." Plaintiff's Motion at 7 (citing Mazlous v. D.C. Metro. Police Dep't, 530 F. Supp. 2d 282, 292 (D.D.C. 2008) (emphasis added)).

      Here, Plaintiff's claim of document destruction is based upon her speculation that the four documents, all of which would have been maintained by Billie Nichols'[1] merit selection file for the vacancy, would contain direct evidence of unlawful retaliatory animus.[2] However, there

---

[1] Ms. Nichols is in Library's Human Resources (HRS) staffing specialist for the position at issue.

[2] The four documents are: (1) an e-mail from Ms. Nichols to the selecting official, Kersi Shroff, that would have been generated one to two days before the closing date for the vacancy to which Plaintiff applied and was not selected (i.e., generated on or around January 23, 2003); (2) an attachment to the January 23, 2003, e-mail to Mr. Shroff which contained the scoring breakdown of the applicants; (3) an e-mail from Mr. Shroff informing Ms. Nichols that he wanted to interview the top ten candidates; and (4) the Level 2 AA Review which shows the

is ample evidence in the record that these documents are not in fact relevant to Plaintiff's claim because there is no basis from which to infer that the four documents would yield any support to Plaintiff's claim of retaliation. Specifically, the documents at issue would in no way assist the Plaintiff in establishing knowledge of Plaintiff's application on the part of the selecting official, Mr. Shroff, because none of the documents would have contained any applicant's name.[3] Rather, the four documents at issue were nothing more than an e-mail exchange with a breakdown of scores of the applicants and a memorandum which shows the diversity of the likely pool of candidates. See R. 39, Ex. 31, Affidavit of Billie Nichols at ¶ 4 ("None [the four] documents would have contained any names of the applicants for Vacancy Announcement No. 020307."). Thus, even assuming the four missing documents had once been maintained in the

---

diversity of the likely pool of candidates and which was prepared after the closing of a vacancy announcement.

[3]    Moreover, there is uncontroverted evidence in the record that Mr. Shroff did not know that Plaintiff applied for the Foreign Law Specialist position. As Mr. Shroff stated: ". . . the Panel decided on its own on a "cut off" for interviewing candidates based solely on the numerical ratings of the applicants as supplied by HR, with the applicants' names. Thus, we did not know that Ms. Von Muhlenbrock had applied for the position until much later, when she filed her EEO complaint." R. 38; Ex. 12 at ¶ 5.

In addition, Ms. Nichols repeatedly testified that she only provided the scores and rankings in the initial list. Gov. Exh. B (Nichols Dep. 17:12-16; 23:16-19; 28:4-11; 28:20; 43:10-15; 50:14-19; 51:15-20.)  In response to Plainitff's question on whether or not she included names along with the initial score list, Ms. Nichols testified, "We don't do that. I don't do that. I've never done that." (Nichols Dep. 41:15-16.) She also stated that she always provides only the ranks and scores in the initial list. (Nichols Dep. 42:12; 117:14-15.).  During his deposition, Mr. Shroff's testimony was consistent with that of Ms. Nichols:  he stated that Ms. Nichols did not provide the Plaintiff's name to him in any initial list. Gov. Exh. A (Shroff Dep. 32:3.). Furthermore, Mr. Shroff testified that he was unaware that the Plaintiff was trying to gain reemployment, (Shroff Dep. 49:11). 50:6), or had even obtained an application. (Shroff Dep. 50:11-12).

6

merit selection file, the existence of these documents would shed absolutely no light on Plaintiff's claims.

It appears that Plaintiff would have the Court believe that Ms. Nichols – who did not even know Plaintiff and started her employment with the Library *long after* Plaintiff retired – would harbor some reason to "destroy" documents to hide alleged retaliatory actions. Indeed, there is no evidence that Ms. Nichols even had knowledge of Plaintiff's 1985 complaint. <u>Burton v. Batista</u>, 339 F. Supp.2d 97, 113 (D.D.C. 2004) (noting that absent an awareness of plaintiff's prior activity, there can be no inference that the employer acted with retaliatory motive). Moreover, Plaintiff provides absolutely no evidence of bad faith on the part of the Library. In fact, Ms. Nichols provides a perfectly logical explanation for the absence of these documents. Specifically, Ms. Nichols explained that:

> [P]ursuant to the Merit Selection and Promotion Plan that was in effect at the time of Vacancy Announcement No. 020307, [she] was not required to generate a scoring breakdown or provide the scoring breakdown to the selecting official prior to the Vacancy Announcement, even though [she] previously testified that it was procedure (when in fact it was general practice). Accordingly, [she] was not required to maintain those records in the Merit Selection File, although [she] do[es] recall generating these documents. To that extent, [she] was also not required to maintain an e-mail from Mr. Shroff sent prior to the vacancy closing advising [her] that he wanted to interview the top ten candidates . . .[She] generated a scoring breakdown for the selecting official shortly before Vacancy Announcement No. 020307 closed, as a general practice, in order for the selecting official to have a general idea about the number of applicants and the range of scores of those applicants.

R. 39, Ex. 31, Affidavit of Billie Nichols at ¶ 4.

Thus, Ms. Nichols was not required to maintain this initial e-mail exchange (with the attachment) with Mr. Shroff. While it is unfortunate that the "Level 2 AA review" was not in the file, there is no evidence in the record that the absence of the "Level 2 AA review" in the merit

7

selection file manifests any bad faith on the part of Ms. Nichols or the Library. McIntyre v. Peters, 460 F. Supp.2d 125, 138 (D.D.C. 2006) (noting that "[d]estruction of notes or other documents purportedly relevant to a case of discrimination has no effect ... except when the circumstances of destruction provide[ ] 'a basis for attributing bad faith to' the agency involved."). In fact, it is worth noting that it was Ms. Nichols herself who brought the issue of the four missing documents to Plaintiff's attention during her (Ms. Nichols') deposition. Gov. Exh. B (Nichols Dep. at 74:21; 75:1-21: 76:1-21;77:1-3).[4] Thus, at worst, the Library's failure to maintain the "Level 2 AA review" as part of the merit selection file was mere negligence, and negligence alone cannot support a basis from which to draw an adverse inference. Aramburu,112 F.3d at 1407 ("Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.").

Without more, and in light of the evidence in the record, Plaintiff is not entitled to an adverse inference that the four documents would contain evidence of retaliation. Moreover, because Plaintiff is not entitled to an adverse inference, Plaintiff's request for monetary sanctions should likewise be denied.

---

[4] Because Ms. Nichols herself raised the missing four documents with Plaintiff there should be no doubts about the veracity of Ms. Nichols' statements that: "None [the four] documents would have contained any names of the applicants for Vacancy Announcement No. 020307." R. 39, Ex. 31, Affidavit of Billie Nichols at ¶ 4; see also Nichols Dep. 17:12-16; 23:16-19; 28:4-11; 28:20; 43:10-15; 50:14-19; 51:15-20.)

## CONCLUSION

For the reasons set-forth above, Defendant respectfully requests that the Court deny Plaintiff's motion.

June 27, 2008                              Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
JULIA K. DOUDS
Special Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 707-7198
(202) 514-8780 (facsimile)

OF COUNSEL:

Evelio Rubiella
Associate General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
GISELA VON MUHLENBROCK          )
                                )
    PLAINTIFF                   )
                                )
v.                              )    Civil Action No. 05-1921 (HHK)
                                )
JAMES H. BILLINGTON             )
                                )
    DEFENDANT                   )
_____)

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Adverse Inferences and Monetary Sanctions. Upon consideration of the relevant pleadings, applicable law, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motion for Adverse Inferences and Monetary Sanctions be and is hereby DENIED.

SO ORDERED.

_____
Paul L. Friedman
United States District Judge

cc:   Counsel of Record via ECF