UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GISELA VON MUHLENBROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1921 (PLF) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HER MOTION FOR ADVERSE INFERENCES AND MONETARY SANCTIONS

Plaintiff, Gisela von Muhlenbrock, by and through undersigned counsel, hereby submits her Reply Memorandum of Points and Authorities in Further Support of her Motion for Adverse Inferences and Monetary Sanctions.

### I. INTRODUCTION

Defendant attempts to avoid the ramifications of its destruction or failure to maintain relevant documents by couching Plaintiff's valid and timely motion for adverse inferences and monetary sanctions as an improper sur-reply, and misconstruing the applicable law and evidence. Defendant unfairly makes much of Plaintiff's failure to waste this court's resources by filing a motion to compel documents that Defendant had already admitted to Plaintiff no longer exist. Furthermore, even if Defendant had not acted recklessly or with gross indifference to the relevancy of the documents at issue – which it did – the applicable law is clear that negligence (like Defendant's here) is sufficient to support an adverse inference instruction. Finally, Ms. Nichols' statements regarding what would or would not have been in these documents – and

what she understood she was or was not required to generate and maintain – does not avoid the fact that Defendant destroyed relevant documents it had an obligation to preserve, *i.e.* the initial communications between two key employees regarding the selection of applicants to interview for the position at issue.

## II. ARGUMENT

### A. PLAINTIFF'S MOTION FOR ADVERSE INFERENCES IS PROPER AND TIMELY.

Defendant's argument that this Court should reject the instant motion because Plaintiff "[f]ailed to [a]ct" by "not fil[ing] a motion to compel during the discovery period" is foolish. Def. Opp. p. 3.[1] Plaintiff did act. Plaintiff's attorneys first acted on September 28, 2007 by sending a letter to Defendant's attorney after discovering for the first time at Ms. Nichols' deposition on September 27, 2007 that Defendant had failed to preserve or destroyed relevant documents. *See* Exh. 1; *see also* Exh. 2 ¶3 ("During my deposition in the above-captioned matter on September 27, 2007, I testified that four documents were not in the Merit Selection File for Vacancy Announcement No. 020307."). Plaintiff's attorney specifically requested production of such documents in the September 28, 2007 letter. *See* Exh. 1.

On October 3, 2007, Defendant's attorney responded as follows: "[a]t this point, I can report that Ms. Nichols has reviewed her e-mails and confirmed that, besides what [sic] the documents we have already produced, she doesn't have anything else which is relevant to this case. Ms. Nichols also has conducted a search for the other records you requested and did not locate anything else. The Library of Congress's IT department has advised us that none of the data you requested exists on any backup tapes, and they do not have any data for earlier than

---

[1] References to "Def. Opp.", "Pl. Mem." and "Pl. Opp. Summ. J." refer to "Defendant's Opposition to Plaintiff's Motion for Adverse Inferences and Monetary Sanctions", "Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Adverse Inferences and Monetary Sanctions", and "Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment", respectively.

2004 on her computer." Exh. 3.

Plaintiff again acted when her attorney responded in a letter dated October 5, 2007, requesting clarification of Defendant's representations. *See* Exh. 4. The letter states as follows: "Please explain your statement that 'none of the data [I] requested exists on backup tapes[.]'. Specifically, were the back-up tapes searched for these documents and not found, or are you certain the documents are not on the back-up tapes for some other reason? . . . Because you indicate that Ms. Nichols does not have data on her computer for earlier than 2004 and the documents requested do not exist on any backup tape, please confirm that . . . the documents we requested from Ms. Nichols have been destroyed and no longer exist." *Id.*

In response, on November 6, 2007, Defendant's attorney forwarded to Plaintiff's attorneys the Declarations of Mr. Thomas Kearns, Ms. Nichols and Mr. Shroff. *See* Exh. 5. In Mr. Kearns' Declaration, he states that "[i]n 2003 it was the Library's policy to maintain back-up tapes of the GroupWise e-mail servers for one year. Accordingly, the back up [sic] tapes with data from January 1, 2003 through February 15, 2003,[2] ***no longer exist***. However, in order to verify what information existed, I performed a search and found that the earliest data the Library has on the back-up tapes of GroupWise e-mail servers used by Ms. Nichols and Mr. Shroff is December 27, 2004." Exh. 6 ¶4 (emphasis added). Ms. Nichols states in her declaration that she "searched the 'archived' file on [her] e-mail account . . . [and] was not able to locate any of the [four] documents [she testified at her deposition were missing from the Merit Selection File]. ***The earliest piece of data I have on my e-mail account is from May 2003.*** I also did not find any additional documents related to the processing of Vacancy Announcement No. 020307 that

---

[2] It is not clear why Defendant's attorney restricted her request to data from January 1, 2003 through February 15, 2003 but, nonetheless, the four specific documents in question were, according to Ms. Nichols, created during this time.

are not in the Merit Selection File." Exh. 2 ¶¶ 3, 6 (emphasis added). Mr. Shroff states in his declaration that he "searched the 'archived' file on [his] e-mail account . . . [and] was not able to locate any other documents related to Vacancy Announcement No. 020307. ***The earliest piece of data I have on my e-mail account is from March 17, 2003.***" Exh. 7 ¶5 (emphasis added).

Plaintiff learned in response to the aforesaid action that, in no uncertain terms, relevant documents of two key employees of the Library to this action "***no longer exist***." It is difficult to imagine what a motion to compel such documents (that no longer exist) would look like. It would have been a waste of judicial resources to file such a motion.³ Also, Defendant cites to no rule of procedure or case law (because there is none) that would require Plaintiff to obtain an order compelling production prior to seeking adverse inferences, or that would require a motion for adverse inferences to be brought any earlier than Plaintiff has brought the instant motion. *See Nakajima v. General Motors Corp.*, 857 F. Supp. 100, 101 n.1 (D.D.C. 1994) ("The Court . . . defers ruling on plaintiffs' motion for an order drawing an adverse inference against defendant, because this involves a jury instruction issue."). That Defendant may have been caught off guard by the instant motion, still unaware of the ramifications of its failure to preserve or destroy documents it had an obligation to maintain, is not a sufficient reason to deny it.

Additionally, Defendant grasps at other straws attempting to avoid such ramifications by couching the instant motion as an improper and untimely sur-reply. *See* Def. Opp. pp. 1, 3-4. Plaintiff's instant motion seeks relief that was not even addressed in her opposition to Defendant's motion for summary judgment.

.

---

³ We will assume that Defendant is not suggesting by this argument that the four documents Plaintiff has specifically requested are indeed in its custody or control, or that Mr. Shroff and/or Ms. Nichols do have relevant documents that have not otherwise been produced (despite assertions to the contrary in their Declarations), but Plaintiff just needs a court order to get them.

## B. ADVERSE INFERENCES ARE APPROPRIATE

First, as established in her initial briefing on this motion, Plaintiff is entitled to adverse inferences because Defendant acted with reckless disregard and gross indifference for the relevance of the evidence at issue. *See* Pl. Mem. pp. 9-10.

Second, and in the alternative, as previously established, Defendant's actions, at the very least, evidence that its loss or destruction of documents was negligent. *See* Pl. Mem. pp. 10-11. Despite Defendant's misguided assertions to the contrary, pursuant to recent District of Columbia federal case law that (unlike in the earlier cases cited by Defendant) directly considers the question of whether negligence is sufficient to support an adverse inference, "the adverse inference doctrine embraces negligent (in addition to deliberate) destruction of evidence . . . .". *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 292 (D.D.C. 2008); *see also More v. Snow*, 480 F. Supp. 2d 257, 275 (D.D.C. 2007) ("In addition, a court may employ an adverse inference due to a party's 'failure to preserve evidence,' even if deliberate or reckless conduct is not present.") (citing *Rice v. United States*, 917 F. Supp. 17, 19 (D.D.C. 1996)); *Id.* at 19-20 (concluding that that there are "two sub-categories of behavior within the meaning of the term 'spoliation,' the first being the deliberate destruction of evidence and the second, the failure to preserve evidence. . . . 'The rule that a fact-finder may draw an inference adverse to a party who fails to preserve relevant evidence within his exclusive control is well established in this jurisdiction.'") (citing *Battochi v. Washington Hospital Center*, 581 A.2d 759, 766-67 (D.C. 1990)).

With respect to relevance, Defendant essentially hangs its hat on Ms. Nichols' testimony about what the documents "*would have* contained." Def. Opp. p. 6-7. That is because only those documents themselves could indicate what they *did* contain. And what could be inferred from all

the evidence (and, importantly, the inconsistencies in such evidence) regarding the selection of applicants to interview for the Position, *see* Pl. Opp. Summ. J. pp. 6-10, is that, even if inadvertently, they *did* contain Plaintiff's name. Not surprisingly, Mr. Shroff's testimony sheds no light on what was in these documents because he testified at his deposition that he did not recall such communication or attachment. *Compare* Exh. 8 (Nichols Dep.) at 59:19-60:2, 74:18-80:13 to Exh. 9 (Shroff Dep.) at 95:21-97:14.

Defendant also attempts to avoid the ramifications for its actions by giving what it calls a "perfectly logical explanation for the absence of these documents." Def. Opp. p. 7. It cites Ms. Nichols' understanding of what she was and was not required to generate or maintain in the merit selection files, though she did recall generating all of the four documents at issue. *Id.* Defendant's so-called "logical explanation" about what was or was not required to be maintained in the merit selection files (according to Ms. Nichols) does not explain why these documents are *nowhere* to be found and, indeed, why these documents were destroyed in electronic format a year later when the Library was on notice of its duty to preserve such documents. Given that Defendant's clear defense to this action is that it did not know Plaintiff applied for the position at issue, it is reasonable to assume they would have taken pains to preserve any evidence supporting this assertion. That Defendant did not take pains to preserve these documents – the initial communication between two key employees regarding the basis for selecting applicants to interview for the position – speaks volumes.

## CONCLUSION

Accordingly, Plaintiff respectfully requests adverse inferences and monetary sanctions in the form of reasonable costs and attorneys fees incurred in bringing this motion.

Dated: July 7, 2008                                         Respectfully Submitted,

_____
Paul S. Thaler (D.C. Bar No. 416614)
Kelly A. Schmidt (D.C. Bar No. 975232)
(not admitted in federal court)
THALER LIEBELER, LLP
1825 Eye Street, N.W.
Suite 400
Washington, DC 20006
*Attorneys for Plaintiff, Gisela von Muhlenbrock*