UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
GISELA VON MUHLENBROCK,                          )
                                                )
            Plaintiff,                           )
                                                )
     v.                                          )        Civil Action No. 05-1921 (PLF)
                                                )
JAMES BILLINGTON,                                )
Librarian of Congress,                           )
                                                )
            Defendant.                           )
                                                )
_____)


OPINION

            This matter is before the Court on defendant's motion for summary judgment.

Plaintiff, Gisela von Muhlenbrock, alleges that defendant, the Librarian of Congress, retaliated

against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§§ 2000e et seq., ("Title VII").  Upon consideration of the motion, plaintiff's opposition,

defendant's reply, and the entire record in this case, the Court grants defendant's motion for

summary judgment.[1]


I.  BACKGROUND

            Plaintiff Gisela von Muhlenbrock began her employment at the Law Library of the

Library of Congress as a Foreign Law Specialist in 1981.  See Mot., Defendant's Statement of

Undisputed Facts ("DSF") ¶ 1; Compl. ¶ 4.  In 1985, plaintiff, along with two female colleagues,

_____

        [1]     The papers considered in connection with this matter include: Plaintiff's
Complaint ("Compl."); Defendant's Answer ("Ans."); Defendant's Motion for Summary
Judgement ("Mot.");  Plaintiff's Opposition to Defendant's Motion for Summary Judgement
("Opp."); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary
Judgement ("Reply"); and the exhibits that accompany these pleadings.

filed a complaint in this Court against the Library alleging discrimination on the basis of sex. See Opp., Exh. 11, 1985 Complaint at 11.  Plaintiff further alleged that her supervisor, Dr. Rubens Medina, sexually harassed her.  See id. at 12-13.  The parties agreed to a settlement of the lawsuit in 1986.  See DSF. ¶ 3.  Plaintiff left the Library voluntarily in 1989 to live in Santiago, Chile.  See Opp., Ex. 13, Von Muhlenbrock Deposition at 26:19-20; 27:19-25.

Plaintiff alleges that she sought to return to the Library in 1991 and made inquiries of several Library employees, including Dr. Medina, in that regard.  See Opp., Ex. 3, 1991 Letters.  Her inquiries were unsuccessful.

In January 2003, the Library posted a vacancy announcement for the position of Foreign Legal Specialist.  See Mot., Ex. 3, Vacancy Announcement; DSF ¶ 4.  Plaintiff applied for the position online.  See Mot., Ex. 4, Application; DSF ¶ 5.  The Library's online application system determined whether candidates were minimally qualified based on their applications and assigned each candidate a score out of 100.  See Mot., Ex. 14, Shroff Deposition ("Shroff Depo.") at 81:10-21; 82:1-9.  Based on her application, plaintiff received a score of 96.  See Mot., Ex. 5.

After the vacancy announcement closed, the Library's Human Resources Services staffing specialist, Billie Nichols, forwarded a breakdown of the scores, which did not include applicants' names, to the selecting official, Kersi Shroff.  See Mot., Ex. 5; Shroff Depo. at 82:2-14; 85:13-21; 86:1-2; DSF ¶¶ 6, 7.  Mr. Shroff, along with the two other members of the selecting panel decided to interview the ten applicants who received scores of 97 and higher.  See Mot., Ex. 5; DSF ¶¶ 8, 9.  The panel did not receive plaintiff's name on the list of interviewees, because her score was below the cutoff of 97.  See DSF ¶10.  Mr. Shroff averred that neither he

nor the other members of the selecting panel knew that plaintiff had applied for the position until she filed her EEO complaint in 2004.  See Mot., Ex. 12, Shroff Affidavit at 2.  After interviewing the top ten candidates, the panel selected Gustavo Guerra for the position.  See DSF ¶ 11.

On February 19, 2004, plaintiff filed a formal EEO complaint charging that she had been retaliated against in the selection process.  On May 26, 2005, plaintiff received a "right to sue" letter.  See Compl. ¶ 19.  On September 29, 2005, plaintiff filed a complaint in this Court.

## II.  LEGAL STANDARDS

### A.  Summary Judgement

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  See also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington

Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (en banc); Washington Post Co. v. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

The non-moving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  See FED. R. CIV. P. 56(e)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in her favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S. Ct. 1769, 1776 (2007) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, 'there is no genuine issue for trial.'") (quoting Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  To defeat summary judgment, a plaintiff must produce more than "a scintilla of evidence to support [her] claims."  Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

*B.  Retaliation*

Title VII makes it unlawful for an employer to retaliate against an employee for engaging in protected activity such as filing a charge of discrimination.  See 42 U.S.C. § 2000e-3(a); Ginger v. District of Columbia, 527 F.3d 1340, 1346 (D.C. Cir. 2008). To establish a *prima facie* case of retaliation, "the plaintiff must present evidence that (1) she

4

engaged in activity protected by Title VII; (2) the employer took an adverse action against her; and (3) the adverse action was causally related to the exercise of her rights."  Holcomb v. Powell, 433 F.3d at 901-02 (internal quotations and citations omitted)  See also Hussain v. Nicholson, 435 F.3d 359, 366 (D.C. Cir. 2006).   An employee's burden at this stage "is not great; [she] merely needs to establish facts adequate to permit an inference of retaliatory motive."  Holcomb v. Powell, 433 F.3d at 903 (quoting McKenna v. Weinberger, 729 F.2d 783, 790 (D.C. Cir. 1984)).   Once an employee makes such a showing, she "raises a 'rebuttable presumption of unlawful [retaliation],'" shifting the burden to the defendant to rebut such presumption.  Smith v. District of Columbia, 430 F.3d 450, 455 (D.C. Cir. 2005) (quoting Jones v. Wash. Metro. Area Transit Auth., 205 F.3d 428, 433 (D.C. Cir. 2000)).

A defendant may rebut the presumption of discrimination by offering a legitimate, non-retaliatory reason for its action.  See Holcomb v. Powell, 433 F.3d at 901; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). If the defendant does so, "the presumption of [retaliation] 'simply drops out of the picture,' and 'the sole remaining issue [i]s [retaliation] vel non.' " Mastro v. Potomac Elec. Power Co., 447 F.3d at 854 (quoting Holcomb v. Powell, 433 F.3d at 896 and Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000) (other internal citations omitted)).

At that point, the burden shifts back to the plaintiff, and the Court must assess "whether a reasonable jury could infer intentional '[retaliation] from the plaintiff's prima facie case and any other evidence the plaintiff offers to show that the actions were [retaliatory] or that the non-[retaliatory] justification was pretextual."  Smith v. District of Columbia, 430 F.3d at 455 (quoting Murray v. Gilmore, 406 F.3d 708, 713 (D.C. Cir. 2005)).  See also Mastro v.

Potomac Elec. Power Co., 447 F.3d at 854 (at this point, to survive summary judgment, plaintiff

must show that "a reasonable jury could conclude from all of the evidence that the adverse

employment decision was made for a [retaliatory] reason." (quoting Holcomb v. Powell, 433

F.3d at 896)). "All of the evidence" that the Court must consider is:

> [A]ny combination of (1) evidence establishing the plaintiff's
> prima facie case; (2) evidence the plaintiff presents to attack the
> employer's proffered explanation for its actions; and (3) any
> further evidence of [retaliation] that may be available to the
> plaintiff, such as independent evidence of [retaliatory] statements
> or attitudes on the part of the employer.

Mastro v. Potomac Elec. Power Co., 447 F.3d at 855 (citing Holcomb v. Powell, 433 F.3d at 896

and Aka v. Wash. Hosp. Ctr., 156 F.3d at 1289).

The United States Court of Appeals for the District of Columbia Circuit recently

clarified how district courts should approach summary judgment in Title VII cases.  See Brady v.

Office of the Sergeant at Arms, 520 F.3d 490 (D.C. Cir. 2008).  The court cautioned that

"judicial inquiry into the prima facie case is usually misplaced," and that undue inquiry has

wasted litigant and judicial resources.  Id. at 493-94.  When a defendant asserts a legitimate non-

discriminatory, or non-retaliatory, reason the central question is "whether the employee produced

sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory

reason was not the actual reason and that the employer intentionally discriminated against the

employee on [a prohibited basis]."  Id. at 494 (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S.

502, 507-08, 511 (1993) and U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714-16

(1983)).

## III.  DISCUSSION

Bearing in mind the court of appeals' admonition in <u>Brady v. Office of the Sergeant at Arms</u> that district courts should consider the viability of an employer's proffered legitimate non-discriminatory, or non-retaliatory, reason rather than engage in a lengthy review of the plaintiff's *prima facie* case, in appropriate cases summary judgment still may be granted against a plaintiff on the ground that the *prima facie* case is plainly deficient.  <u>See</u>, <u>e.g.</u>, <u>Williams v. Dodaro</u>, Civil Action No. 07-1452, 2008 WL 4228363, at *11-12 & n. 12 (D.D.C. Sept. 17, 2008) (granting summary judgment with respect to certain alleged retaliatory incidents because plaintiff failed to make out a *prima facie* case).

Here, plaintiff presents undisputed evidence establishing the first two elements of her *prima facie* case of retaliation – namely that she earlier participated in a lawsuit against the defendant alleging discrimination, a protected activity, and that later she was not selected for the Foreign Law Specialist position, an adverse employment action.  Yet the third element, a causal connection between these two events showing unlawful behavior defendant, is lacking.

A plaintiff may demonstrate the requisite causal relationship between her protected activity and an adverse employment action by showing that her employer had knowledge of her protected activity and that the adverse action took place shortly thereafter.  <u>See</u> <u>Holcomb v. Powell</u>, 433 F.3d at 903.  The temporal proximity, however, must be "very close." <u>Clark v. County Sch. Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001).  As this Court previously has stated, "courts have generally accepted time periods of between a few days and a few months . . . but have seldom allowed periods of more than a year to create the inference of a causal connection." <u>Moses v. Howard Univ. Hosp.</u>, 474 F. Supp. 2d 117, 125 (D.D.C. 2007).  <u>See also</u>

Mills v. Winter, 540 F. Supp. 2d 178, 188 (D.D.C. 2008).

Plaintiff's protected activity concluded in 1986 when her earlier lawsuit against the defendant was settled.  Plaintiff's non-selection for the Foreign Law Specialist position occurred in 2003, seventeen years later.  Nearly two intervening decades between the protected activity and the adverse employment action does not provide even a whisper of a causal connection.  See Mayers v. Laborers' Health & Safety Fund of N. Am., 478 F.3d 364, 369 (D.C. Cir. 2007) (holding that even "[an] eight- or nine-month gap . . . is far too long").  Absent temporal proximity, and when plaintiff offers no other evidence from which causation could reasonably be inferred, plaintiff cannot establish the element of causation.  See Mills v. Winter, 540 F. Supp. 2d at 188-89.[2]

Plaintiff raises multiple questions about the selection process for the Foreign Law Specialist position in an attempt to prove causation.  All of plaintiff's allegations are "merely colorable" and "not significantly probative," making them inadequate to defeat summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  For example, plaintiff attempts to create genuine issues of material fact by asserting that inconsistencies exist between the deposition testimony of various defense witnesses.  See Opp. at 16.  But even taking plaintiff's allegations in a light most favorable to her, as the Court must on summary judgment, these alleged inconsistencies do not show causation because none of the individuals making decisions about which applicants to interview or hire knew that plaintiff had applied for the

---

[2]     Plaintiff is correct, of course, that temporal proximity is not the only way to establish a causal connection.  See Medina v. District of Columbia, 517 F. Supp. 2d 272, 288-89 (D.D.C. 2007).  But in this case plaintiff has offered no other evidence sufficient to raise a genuine issue of material fact.  See infra at 8-10.

position.  Plaintiff has provided no evidence to show that anyone other than Ms. Nichols saw

plaintiff's name in connection with the hiring process.  It is undisputed that Ms. Nichols was

unaware of plaintiff's prior protected activity, and there is no evidence that she shared plaintiff's

name with anyone at the Library who was so aware.  See Opp., Ex. 31, Nichols Deposition at

119:3-11.

       Plaintiff alleges that defendant failed to maintain or destroyed various potentially

relevant records.   From this alleged loss she seeks to have the Court draw an adverse inference.

Plaintiff has submitted no evidence probative of the fact that any such loss or destruction was

made in bad faith.  "Any adverse inference instruction grounded in negligence [rather than some

greater degree of culpability] would be considerably weaker both in language and probative force

than an instruction regarding deliberate destruction."  Chappell-Johnson v. Bair, Civil Action

No. 06-1074, 2008 U.S. Dist. LEXIS 67115 at *33 (D.D.C. Sept. 3, 2008).  Moreover, as Chief

Judge Lamberth stated in Chappell-Johnon v. Bair, even if plaintiff were entitled to an adverse

inference, it would not permit her to defeat summary judgment:  "[T]he destruction of evidence,

standing alone, is [not] enough to allow a party who has produced no evidence -- or utterly

inadequate evidence -- in support of a given claim to survive summary  judgment on that claim."

Id. at 34-35 (quoting Kronisch v. United States, 150 F.3d 112, 128 (2d Cir. 1998), overruled on

other grounds by Rotella v. Wood, 528 U.S. 549 (2000)).  See also Scott v. Harris, 127 S. Ct.

1769, 1776 (2007) ("[w]hen the moving party has carried its burden under Rule 56(c), its

opponent must do more than simply show that there is some metaphysical doubt as to the

material facts").

       Plaintiff's vague assertions regarding Dr. Medina's role in approving the hiring

for the vacant position and ultimately approving the choice of Mr. Guerra are a red herring.  See
Opp. at 14-15.  While Mr. Medina was the subject of plaintiff's original discrimination claim,
plaintiff has proffered no evidence that Mr. Medina had any involvement in the selection of Mr.
Guerra or that Mr. Medina even knew that plaintiff had applied for the vacant position.  Absent
any evidence that Mr. Medina was somehow involved in plaintiff's non-selection, the facts
alleged are insufficient to establish a causal connection between plaintiff's protected activity in
1985 and the adverse employment action in 2003.  Plaintiff has failed to establish a *prima facie*
case of retaliation.

Even if plaintiff had adequately supported her *prima facie* case, however,
defendant has provided undisputed evidence that it had a legitimate non-discriminatory reason
for its employment decision.  As described above, defendant selected ten applicants based upon
their initial application scores.  From that group, defendant then selected Mr. Guerra based upon
his qualifications and performance in the interviews.  See Shroff Depo. at 115:6-21; 116:1.
Plaintiff alleges that she is more qualified than Mr. Guerra.  Her argument fails for two reasons.
First, Mr. Guerra was selected for an interview and plaintiff was not because his initial score was
higher than plaintiff's; he and nine others made the 97 score cutoff and she did not.  Because of
this initial screening process, the selection panel never had the occasion to consider plaintiff's
qualifications or interview performance.  Second, Mr. Guerra was plainly qualified for the
position.[3]  "The court must respect the employer's unfettered discretion to choose among

---

[3]       The panel selected Mr. Guerra because of his Mexican law qualifications, his
LLM degree from Georgetown, his experience with the Country of Mexico, his knowledge of the
Global Legal Information Network database, and his demonstrated legal research and writing
ability.  See Shroff Depo. at 115:6-16; 120:8-21; 121:1-16.

qualified candidates." <u>Fischbach v. District of Columbia Dep't of Corrections</u>, 86 F.3d 1180,

1183 (D.C. Cir. 1996).

       For the foregoing reasons, the Court finds that there are no genuine issues of

material fact and that defendant is entitled to judgment as a matter of law on plaintiff's retaliation

claim.   An Order consistent with this Opinion will be issued this same day.


       /s/_____
       PAUL L. FRIEDMAN
       United States District Judge

DATE: September 29, 2008